IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH BOLOGNA and DIANA BOLOGNA, | : |
| Plaintiffs, | : |
| v. | : |
| LAWRENCE KRASNER, | : |
| and | : |
| TRACY TRIPP, | : Case No. 2:24-cv-03185-KNS |
| and | : |
| SGT. GERALD ROCKS, | : |
| and | : |
| THE CITY OF PHILADELPHIA, | : |
| Defendants. | : |

**MOTION BY DEFENDANTS LAWRENCE KRASNER, TRACY TRIPP, AND SGT. GERALD ROCKS FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

Defendants Lawrence Krasner ("**Krasner**"), Tracy Tripp ("**Tripp**"), and Sgt. Gerald Rocks ("**Rocks**") (collectively referred to as the "**DAO Defendants**"), by and through their undersigned counsel, move for an extension of time to respond to plaintiffs' complaint. In support thereof, the DAO Defendants aver as follows:

1. Plaintiffs Joseph Bologna and Diana Bologna (collectively, "**Plaintiffs**") filed the complaint (the "**Complaint**") in this action on July 19, 2024. *See*, Plaintiffs' Complaint (ECF No. 1).

2. Plaintiffs purport to assert claims under the First, Fourth, and Fourteenth Amendments for: false arrest and malicious prosecution (Count I); intentional infliction of

emotional distress (Count III); and loss of consortium (Count IV). Plaintiffs also purport to assert a claim against Krasner and the City for: established policies, practices, and customs in violation of the First, Fourth, and Fourteenth Amendments (Count II).

3. Plaintiffs filed affidavits of service on July 31, 2024 evidencing service of original process on defendants Krasner and Rocks on July 24, 2024. *See*, Affidavits of Service (ECF Nos. 6-7).

4. Defendant Tripp has not yet been served with original service of process of Plaintiffs' Complaint nor has she been asked to accept service.

5. On or about August 2, 2024, undersigned counsel was retained and entered his appearance on behalf of the DAO Defendants. *See*, Entry of Appearance of David Smith (ECF No. 10).

6. Counsel for the DAO Defendants contacted Plaintiffs' counsel by e-mail on August 2, 2024 regarding his retention and requested a thirty (30) day extension to respond to the Complaint. A true and correct copy of the August 2, 2024 request is attached hereto as **Exhibit "A."**

7. Plaintiffs' counsel responded by e-mail that he would not consent to an extension of time to respond to the Complaint as to Rocks and Tripp and that he would only consent to an extension of time with respect to Krasner if counsel for Krasner agreed to schedule the Rule 26(f) Conference within ten (10) days of August 2, 2024. A true and correct copy of Plaintiffs' counsel's August 2, 2024 response is attached hereto as **Exhibit "B."**

8. Plaintiffs' 70-page Complaint includes 428 paragraphs, including multiple paragraphs with detailed factual averments and narratives that require significant investigation in order for the DAO Defendants to respond.

9. Absent an extension, Federal Rule of Civil Procedure 12 would require the DAO Defendants other than Tripp to respond to the Complaint by August 14, 2024. This would leave the DAO Defendants' counsel less than two weeks to acquaint themselves with the many allegations, verify the factual allegations, conduct legal research, confer with their clients regarding legal strategy, and prepare an appropriate motion or answer for the DAO Defendants.

10. Furthermore, Plaintiff's demand for a Rule 26(f) conference to be scheduled within ten (10) days of August 2, 2024 is premature and unreasonable. This Court's Policies and Procedures provide that the Rule 26(f) conference is expected to occur at least 14 days before the Rule 16 Conference; the Rule 26(f) Report is to be filed no later than 7 days before the Rule 16 Conference; and the Rule 16 conference will be scheduled shortly after the Answer is filed, or in some instances, when a motion to dismiss or other preliminary motion is pending.[1] Moreover, in order to effectively conduct a Rule 26(f) conference, counsel for the DAO Defendants will need to, among other things, interview the DAO Defendants and perhaps other witnesses regarding Plaintiffs' factual allegations, confer regarding legal strategy, ascertain the viability of possible settlement, and determine the breadth of necessary discovery to comply with this Court's Policies and Procedures that counsel conduct a Rule 26(f) conference "in person or through video conference; email correspondence is insufficient" and that "meeting should include a meaningful discussion of the parties' settlement positions, factual and legal positions, and the proposed discovery plan."[2]

---

[1] *See*, Polices and Procedures of the Honorable Judge Kai N. Scott, Section III (https://www.paed.uscourts.gov/sites/paed/files/documents/procedures/scopol.pdf last accessed August 7, 2024).
[2] *Id*.

11. Counsel for the DAO Defendants can neither effectively conduct a Rule 26(f) conference nor diligently prepare a response to the Complaint without additional time to fully and meaningfully assess the claims asserted against the DAO Defendants.

12. Given the Plaintiffs' counsel's response to the request for an extension of time to respond or otherwise plead, the DAO Defendants now have no recourse but to seek this Court's involvement. The DAO Defendants request that the Court grant their motion and allow the DAO Defendants until September 13, 2024 to respond to the Complaint.

13. Good cause exists to enter such an order.

14. First, this Court has inherent authority to manage the cases on its docket. "District courts have the inherent authority to manage their dockets and courtrooms with a view towards the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Consistent with this authority, this Court may enter an order extending time to respond to the Complaint so as to provide the DAO Defendants and their undersigned counsel with a full and fair opportunity to meaningfully assess the claims asserted against the DAO Defendants with sufficient due diligence to formulate a proper legal strategy.

15. The DAO Defendants' counsel do not seek this extension of time in bad faith or for any improper purpose.

16. Granting this motion will not result in any prejudice to Plaintiffs or unduly delay the disposition of this case.

17. Accordingly, the DAO Defendants respectfully request that this Honorable Court grant their motion for an extension of time to respond to Plaintiffs' Complaint.

**WHEREFORE**, Defendants Lawrence Krasner, Tracy Tripp, and Sgt. Gerald Rocks respectfully request that this Honorable Court grant their motion for extension of time to respond

to the Complaint and enter an Order extending the time for the DAO Defendants to move, answer or otherwise respond to the Complaint by September 13, 2024.

| | |
|---|---|
| DATED:  August 7, 2024 | */s/ David Smith*<br>David Smith (ID: 21480)<br>Theresa E. Loscalzo (ID: 52031)<br>Christopher Nana-Sinkam (ID: 320189)<br>**DILWORTH PAXSON LLP**<br>1500 Market Street, Suite 3500E<br>Philadelphia, PA 19102<br>(215) 575-7000<br>*Counsel for Defendants Lawrence Krasner, Tracy Tripp, and Sgt. Gerald Rocks* |

## CERTIFICATE OF SERVICE

I, David Smith, hereby certify that on August 7, 2024, a true and correct copy of the foregoing Defendants' First Join Motion for Extension of Time to Respond to the Complaint was served upon all counsel of record via the Court's electronic filing system, as follows:

Gavin P. Lentz, Esq.
Kean C. Maynard, Esq.
George Bochetto, Esq.
BOCHETTO & LENTZ PC
1524 Locust Street
Philadelphia, PA 19102
*Counsel for Plaintiffs*


Benjamin T. Jackal, Esq.
CITY OF PHILADELPHIA LAW DEPARTMENT
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
*Counsel for Defendant, the City of Philadelphia*

DATED: August 7, 2024                    */s/ David Smith*
                                          David Smith (ID: 21480)
                                          **DILWORTH PAXSON LLP**
                                          *Counsel for Defendants Lawrence Krasner, Tracy Tripp, and Sgt. Gerald Rocks*

#124345445v1