IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH BOLOGNA** | : | |
| **and DIANA BOLOGNA** | : | CIVIL ACTION |
| | : | |
| *Plaintiffs,* | : | |
| | : | NO.   2:24-cv-03185-KNS |
| v. | : | |
| | : | |
| **LAWRENCE S. KRASNER,** *et al.* | : | **JURY TRIAL DEMANDED** |
| | : | |
| *Defendants.* | : | |
| | : | |

### ORDER

     **AND NOW**, on this _____day of _____, 2024, upon consideration of Defendants, Lawrence Krasner, Tracy Tripp and Sgt. Gerald Rocks' Motion for Extension of Time to Respond to Complaint, and Plaintiffs' Opposition thereto, and the record as a whole, it is hereby **ORDERED** and **DECREED**, that Defendants' Motion is **DENIED.**

     **IT IS FURTHER ORDERED** that oral argument will be scheduled to address Attorney David Smith's concurrent conflict of interest in jointly representing Defendants, Lawrence Krasner, Tracy Tripp and Sgt. Gerald Rocks.

BY THE COURT:

_____,
                        J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH BOLOGNA** | : | |
| **and DIANA BOLOGNA** | : | CIVIL ACTION |
| | : | |
| *Plaintiffs,* | : | |
| | : | NO.  2:24-cv-03185-KNS |
| v. | : | |
| | : | |
| **LAWRENCE S. KRASNER,** *et al.* | : | **ORAL ARGUMENT REQUESTED** |
| | : | |
| *Defendants.* | : | |
| | : | |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS, LAWRENCE KRASNER, TRACY TRIPP AND SGT. GERALD ROCKS' MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Plaintiffs by and through undersigned counsel, Bochetto & Lentz, P.C., hereby file their Response in Opposition to Defendants, Lawrence Krasner, Tracy Tripp and Sgt. Gerald Rocks' Motion for Extension of Time to Respond to Complaint and in support thereof aver as follows:

### INTRODUCTION

Defendants Lawrence Krasner ("Krasner"), Tracy Tripp ("Tripp"), and Gerald Rocks ("Rocks") (Collectively, the "DAO Defendants") are accused of working together to indict and prosecute an innocent man. The alleged conduct – soliciting perjury, concealing exculpatory evidence, and conducting a corrupt investigation – is borderline if not actually criminal. Each of the Defendants is alleged to have played a specific role in this malicious prosecution. Each of them has their own defense to these allegations, including the ability to blame one another.

On August 2, 2024, Defendants' Counsel, attorney David Smith, sought an extension of time to prepare an Answer to Plaintiffs' Complaint. Plaintiffs' counsel, George Bochetto, responded by raising this very serious concern regarding Attorney Smith's purported common

representation of three Defendants who have inconsistent defenses and competing interests. Attorney Smith refused to engage in meaningful discussion regarding the issue and instead filed the instant Motion. Accordingly, Plaintiffs now raise this concern with the Court and seek oral argument on the matter.

Attorney Smith is, for all intents and purposes, Lawrence Krasner's personal lawyer. Since Krasner was elected as the city District Attorney in 2017, Smith has represented Krasner and his political campaign on multiple occasions. Attorney Smith now purports to represent not only Krasner, but his two Co-Defendants, Tripp and Rocks, who have directly competing interests with Krasner. Therefore, Attorney Smith's common representation of the DAO Defendants is in violation of PA ST RPC Rule 1.7.

Both the criminal and civil systems of justice require that individual defendants have the ability to shift blame and conflict with their co-defendants in order to avoid some or all of the alleged liability in a lawsuit. That essential right is not available here where Defendants are represented by the same attorney – Krasner's attorney – who cannot take positions adverse to any one of his clients as against another one of his clients. In addition, one the Defendants that Smith seeks to represent is a police officer and therefore is differently situated from that of Krasner and Tripp, the attorneys that supervised his investigation. As discussed below, this common representation of multiple Defendants with inconsistent defenses and competing interests is prohibited by law.

## **RESPONSE**

1.      Admitted.

2.      Denied. This paragraph references a writing that speaks for itself. Any characterizations of that writing are specifically denied.

3.      Admitted in part; denied in part.  Plaintiffs' Complaint was served upon Defendants, Lawrence Krasner and Sgt. Gerald Rocks on July 24, 2024.  On July 31, 2024, Plaintiffs filed their Affidavits of Service for Defendants, Lawrence Krasner and Sgt. Gerald Rocks.  *See* Defendant, Lawrence Krasner's Affidavit of Service filed under ECF No. 6; *see also* Defendant, Sgt. Gerald Rocks' Affidavit of Service filed under ECF No. 8, attached hereto as **Exhibit A**.

4.      Denied.  Defendant, Tracy Tripp was served with Plaintiffs' Complaint on July 24, 2024.  *See* Defendant, Tracy Tripp's Affidavit of Service filed under ECF No. 7, attached hereto as **Exhibit B**.

5.      Denied. Plaintiffs are without knowledge to confirm or deny when Defendants' counsel was retained and therefore same is denied.

6.      Admitted.

7.      Denied. This paragraph references a writing that speaks for itself. Any characterizations of that writing are specifically denied. By way of further response, the crux of Plaintiffs' counsel's August 2 email was to express concerns regarding a concurrent conflict of interest among the DAO Defendants being jointly represented by Attorney David Smith. As detailed in the accompanying Memorandum of Law submitted herewith, Pennsylvania is clear that an inherit conflict of interest arises when one counsel purports to represent three co-defendants that have inconsistent and competing interests. Moreover, Attorney Smith has an intimate history of representing Defendant Lawrence Krasner personally, and therefore will have a loyalty to Krasner that will severely impact his ability to represent Defendants Tripp and Rocks. Accordingly, on August 2, Plaintiffs' counsel advised that such concerns can and should be addressed at a Rule 26(f) conference "as soon as practicable" as prescribed by the Rule. (Fed.

Rules Civ. Proc., rule 26(f)(1).) As explained more thoroughly in the accompanying Memorandum of Law being filed herewith, because Attorney Smith refuses to engage in good faith discussion on this matter, it requires early judicial scrutiny. Accordingly, Plaintiffs' respectfully request that oral argument on the matter.

8.      Denied. This paragraph references a writing that speaks for itself. Any characterizations of that writing are specifically denied.

9.      Denied. This Paragraph contains factual and legal conclusions to which no response is required. By way of further Response, as advised in the August 2 email from Plaintiffs' counsel, Plaintiffs' are agreeable to an extension provided that counsel agrees to a Rule 26(f) Meet and Confer to discuss, among other things, the conflict of interest discussed in Plaintiffs' accompanying Memorandum of Law being file herewith.

10.      Denied. This Paragraph contains factual and legal conclusions to which no response is required. By way of further Response, Defendants' cite Judge Kai Scott's Policies that instruct that the Rule 26(f) conference be held "at least" 14 days before the Rule 16 conference. [1]There is no instruction requiring a delay pending the Rule 16 Conference. However, this matter has since been reassigned to Judge Joel H. Slomsky, whose policies instruct that the Parties engage in a Rule 26(f) conference "**as soon as possible**."[2] Moreover, the actual Federal Rule 26(f) states that "**the parties must confer as soon as practicable**" (Fed. Rules Civ. Proc., rule 26(f)(1).). Therefore, the Federal Rules of Civil Procedure discourage delaying the initial Rule 26(f) conference for any reason. All Defendants are now represented by counsel. As explained more thoroughly in the

---

[1] *See*, Polices and Procedures of the Honorable Judge Kai N. Scott, Section III
(https://www.paed.uscourts.gov/sites/paed/files/documents/procedures/scopol.pdf last accessed August 7, 2024).
[2] 2 *See*, Polices and Procedures of the Honorable Judge Joel H. Slomsky, Section II (chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.paed.uscourts.gov/sites/paed/files/documents/procedures/slopol2.pdf)

accompanying Memorandum of Law being filed herewith, there exist a serious concern regarding the DAO Defendants' joint representation that can and should be addressed "as soon as possible."

11.    Denied. This Paragraph contains factual and legal conclusions to which no response is required. By way of further Response, This Court's Policies cited by Defendants instruct that the Rule 26(f) conference be held "as soon as possible." There is no instruction requiring a delay pending the Rule 16 Conference. Moreover, the actual Federal Rule 26(f) states that "**the parties must confer as soon as practicable**" (Fed. Rules Civ. Proc., rule 26(f)(1).). Therefore, the Federal Rules of Civil Procedure discourage delaying the initial Rule 26(f) conference for any reason. All Defendants are now represented by counsel. As explained more thoroughly in the accompanying Memorandum of Law being filed herewith, there exist a serious concern regarding the DAO Defendants' joint representation that can and should be addressed "as soon as possible."

12.    Denied. It is specifically denied that the DAO Defendants have no recourse but to seek this Court's involvement. Counsel for Defendants failed to engage in any meaningful conversation with Plaintiffs' Counsel on this matter, as demonstrated by his August 2 response to Plaintiffs' offer regarding the extension of time. See **Exhibit "C"** (Defendants' Counsel simply responded "Thanks, George.  I will file a motion."

13.    Denied. This Paragraph contains a legal conclusion to which no response is required.

14.    Denied. This Paragraph contains a legal conclusion to which no response is required.

15.    Denied. This Paragraph contains a legal conclusion to which no response is required.

16.     Denied. This Paragraph contains a legal conclusion to which no response is required. By way of further response, and as more thoroughly briefed in Plaintiffs' Memorandum of Law being filed herewith, an extension without consideration of Defendants' concurrent conflict of interest will cause prejudice to Plaintiffs' ability to fully and fairly prosecute their case.

17.     Denied. This Paragraph contains a legal conclusion to which no response is required. Considering all of the foregoing, Plaintiffs respectfully request this Court deny Defendants, Lawrence Krasner, Tracy Tripp and Sgt. Gerald Rocks' Motion for Extension of Time to Respond to Complaint.

WHEREFORE, Plaintiffs respectfully request this Court deny Defendants' Motion for Extension of Time to Respond to Complaint and schedule oral argument to address Defendants' concurrent conflict of interests.

Respectfully Submitted,

**BOCHETTO & LENTZ, P.C.**

Date:  August 12, 2024         By:     */s/ George Bochetto*
                                        GEORGE BOCHETTO, ESQUIRE
                                        PA ID No. 27783
                                        gbochetto@bochettoandlentz.com
                                        GAVIN P. LENTZ, ESQUIRE
                                        PA ID No. 53609
                                        glentz@bochettoandlentz.com
                                        KEAN C. MAYNARD, ESQUIRE
                                        PA ID No. 327794
                                        kmaynard@bochettoandlentz.com
                                        1524 Locust Street
                                        Philadelphia, PA 19102
                                        215-735-3900
                                        215-735-2455 fax
                                        *Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH BOLOGNA** | : | |
| **and DIANA BOLOGNA** | : | CIVIL ACTION |
| | : | |
| *Plaintiffs,* | : | |
| | : | NO.  2:24-cv-03185-KNS |
| v. | : | |
| | : | |
| **LAWRENCE S. KRASNER,** *et al.* | : | **JURY TRIAL DEMANDED** |
| | : | |
| *Defendants.* | : | |
| | : | |

**PLAINTIFFS' MEMORANDUM OF LAW ISO THEIR RESPONSE IN OPPOSITION
TO DEFENDANTS, LAWRENCE KRASNER, TRACY TRIPP AND SGT. GERALD
ROCKS' MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

Plaintiffs, by and through undersigned counsel, Bochetto & Lentz, P.C., hereby file their

Memorandum of Law in support of their Response in Opposition to Defendants, Lawrence

Krasner, Tracy Tripp and Sgt. Gerald Rocks' Motion for Extension of Time to Respond to

Complaint and in support thereof aver as follows:

**I.    INTRODUCTION/MATTER BEFORE THE COURT**

Defendants Lawrence Krasner ("Krasner"), Tracy Tripp ("Tripp"), and Gerald Rocks

("Rocks") (Collectively, the "DAO Defendants") are accused of working together to indict and

prosecute an innocent man. The alleged conduct – soliciting perjury, concealing exculpatory

evidence, and conducting a corrupt investigation – is borderline if not actually criminal. Each of

the Defendants is alleged to have played a specific role in this malicious prosecution. Each of them

has their own defense to these allegations, including the ability to blame one another.

On August 2, 2024, Defendants' Counsel, attorney David Smith, sought an extension of

time to prepare an Answer to Plaintiffs' Complaint. Plaintiffs' counsel, George Bochetto,

responded by raising this very serious concern regarding Attorney Smith's purported common representation of three Defendants who have inconsistent defenses and competing interests. Attorney Smith refused to engage in meaningful discussion regarding the issue and instead filed the instant Motion. Accordingly, Plaintiffs now raise this concern with the Court and seek oral argument on the matter.

Attorney Smith is, for all intents and purposes, Lawrence Krasner's personal lawyer. Since Krasner was elected as the city District Attorney in 2017, Smith has represented Krasner and his political campaign on multiple occasions. Attorney Smith now purports to represent not only Krasner, but his two Co-Defendants, Tripp and Rocks, who have directly competing interests with Krasner. Therefore, Attorney Smith's common representation of the DAO Defendants is in violation of PA ST RPC Rule 1.7.

Both the criminal and civil systems of justice require that individual defendants have the ability to shift blame and conflict with their co-defendants in order to avoid some or all of the alleged liability in a lawsuit. That essential right is not available here where Defendants are represented by the same attorney – Krasner's attorney – who cannot take positions adverse to any one of his clients as against another one of his clients. In addition, one the Defendants that Smith seeks to represent is a police officer and therefore is differently situated from that of Krasner and Tripp, the attorneys that supervised his investigation. As discussed below, this common representation of multiple Defendants with inconsistent defenses and competing interests is prohibited by law.

## II.    FACTUAL BACKGROUND

On the evening of June 1, 2020, Philadelphia Police Staff Inspector Joseph Bologna was on duty responding to mass protests instigated by the killing of George Floyd. While on duty,

Bologna and another officer attempted to arrest a protestor who had assaulted a police officer. At that moment, Temple University student, Evan Gorski, interfered with the arrest by grabbing and pulling the protestor backwards, away from the arresting officers. During the brief scuffle, Bologna struck Gorski with an ASP police baton a single time in the upper back to stop him from interfering with the arrest. Bologna's use of the baton was entirely consistent with state and federal law governing the use of force by a police officer in making an arrest and acting in self-defense. *See* Complaint at ¶1. After Bologna stopped Gorski from interfering with the arrest, he then attempted to take him into custody. Gorski resisted and he and Bologna fell to ground. At the same time, Gorski grabbed Bologna's baton and threw it into the street. As he was struggling to take Gorski into custody, the brim of Bologna's bike helmet made incidental contact with the back of Gorski's head causing a cut to his scalp. A nearby protestor filmed the incident on an iPhone and posted it on social media; the video shows Bologna striking Gorski in the upper back with the baton and the subsequent struggle. The entire video lasts 36 seconds. The portion of the video showing Bologna striking Gorski on the upper back lasts less than 2 seconds. The video clearly shows Bologna hit Gorski in the upper back after Gorski interferes with an arrest. *Id*. at ¶2.

On June 4, 2020, the video was referred to the Philadelphia Police Department's Internal Affairs Division for investigation. At the same time, District Attorney Larry Krasner watched the video and learned that it had "gone viral" all over the country. Despite knowing that Gorski was the one who engaged in criminal conduct, and that Bologna's use of force was entirely legal, Krasner declined all charges against Gorski and instead opted to charge Bologna with a crime. Krasner made the bad faith, malicious decision, to charge Bologna with a crime before the completion of the Philadelphia Police Department's Internal Affairs investigation in an effort to appeal to his political proponents and gain political notoriety. *Id*. at ¶3. Thereafter, the Defendants

engaged in a years-long campaign to falsely prosecute Bologna, while knowingly and maliciously leading a corrupt investigation, concealing exculpatory evidence, falsifying evidence, and manipulating witness testimonies, amongst other things. *Id*. ¶4-12. Ultimately, despite the Defendants best efforts to taint and corrupt the prosecution, a jury found Joseph Bologna not guilty of all charges after deliberating for less than twenty-two minutes. *Id*. at ¶34.

Plaintiffs bring this action against the City of Philadelphia ("The City") and Defendants Lawrence Krasner ("Krasner"), Tracy Tripp ("Tripp"), and Sgt. Gerald Rocks ("Rocks") (collectively referred to as the "DAO Defendants"). Krasner is being sued in his individual capacity as well as his official capacity as the City of Philadelphia's District Attorney and a policy maker. *Id*. at ¶38. Tripp is being sued in her individual capacity as well as in her capacity as Assistant District Attorney of Philadelphia working under the supervision of Defendant Krasner. *Id*. at ¶40. Plaintiffs' Complaint alleges that Tripp was acting under Krasner's direction and supervision to wrongfully prosecute Bologna. By way of limited example, *see* Plaintiffs' Complaint at ¶103, ¶107, ¶255, ¶257, ¶354. Similarly, Defendant Rocks is being sued in his individual capacity as well as in his capacity as the Acting Chief of County Detectives for the City of Philadelphia. Plaintiffs allege that Rocks was also working under the direction of both Krasner and Tripp. *Id*. at ¶12, ¶16, ¶41, ¶354. In short, Plaintiffs' Complaint alleges, in part, that Rocks' misconduct was at the direction of Tripp and Krasner, and that Tripp's misconduct was at the direction of Krasner.

On August 2, 2024, attorney David Smith entered his appearance on behalf of all three DAO Defendants. *See* Entry of Appearance of David Smith (ECF No. 10). On that same day, Attorney Smith contacted Plaintiffs' counsel, via e-mail, to request an extension of time to Answer Plaintiffs' Complaint. Plaintiff's' Counsel, George Bochetto, responded stating:

"David---We are deeply concerned that you would purport to jointly represent Krasner, Tripp, and Rocks, the latter two of which we have reason to believe have non-waivable conflicts with Krasner.

While we will agree to an extension as to Krasner, subject to the below condition, we cannot agree to Tripp or Rocks as through you. We are willing to consider a request on behalf of Tripp and on behalf of Rocks, through separate counsel for each. To the extent you purport to continue to represent all three, we will seek disqualification.

Further, as to Krasner, we will only agree to an extension on the condition that we conduct a Rule 26 Conference within 10 days."

Smith has acted as Krasner's personal attorney since he became the city District Attorney in January of 2018. When Maureen Faulkner sought to have Krasner disqualified as the prosecutor handling the 6th appeal of her husband's murderer, Mumia Abu Jamal, Krasner turned to Smith for representation. Smith entered his appearance on behalf of the District Attorney's office in March of 2020. That litigation involved extensive allegations against Krasner as an individual, including claims that he had a bias in favor of Abu Jamal and a virulent lack of sympathy for Danny Faulkner and his widow. During the Faulkner litigation, Smith defended Krasner at a discovery deposition, acting on his behalf and interposing objections.

Four months later in July, 29th of 2020, Smith entered his appearance on behalf of Krasner individually in four different federal lawsuits accusing Krasner of age discrimination. The four lawsuits were based on claims by six former employees all of whom alleged that Krasner personally acted in a supervisory and managerial role to discriminate against them based on their age.[1]

---

[1] *Carpenter v. City of Philadelphia and Lawrence Krasner*, 2:20-cv-00916,(E.D. Pa. Feb. 19, 2020); *Gilson and Costanzo v. City of Philadelphia and Lawrence Krasner*, 2:20-cv-00758,(E.D. Pa. Feb. 10, 2020); and *Seidner v. City of Philadelphia and Lawrence Krasner*, 2:19-cv-04338, (E.D. Pa. Sept. 20, 2019); *Vega and Whitehead* v. *City of Philadelphia and Lawrence Krasner*, 2:19-cv-04039, (E.D. Pa. Sept. 5, 2019)

In March of 2021 Smith entered his appearance on behalf of Krasner "individually" in defense of a discrimination lawsuit filed in the Philadelphia court of Common Pleas[2]. In that case Krasner was being sued by a subordinate employee who had accused Krasner of gender discrimination. The allegations in that complaint included a claim that Krasner had "supervisory authority" over the plaintiff who was his subordinate. Smith represented Krasner as an individual and defended him against claims the he was personally responsible for discrimination.

In each of these cases, Smith represented Krasner in a dispute with subordinates. Smith was advocating for Krasner personally and against and adverse to the interest of his employee subordinates.

In June of 2021 *at the same time that he was representing Krasner against his seven former employees*, Smith entered his appearance in a Philadelphia Court of Common Pleas case on behalf of Krasner's political campaign, 'Lawrence Krasner for DA'. Smith's client was described in the lawsuit as a "… a political action committee…seeking to re-elect Lawrence Krasner as the District Attorney of Philadelphia County."  Once again Smith was defending Krasner against accusations made by a former subordinate. Ironically the allegations in that lawsuit included the claim that Lawrence Krasner for DA had falsely accused a former subordinate of "framing" an innocent man[3].

Upon information and belief, in each instance Krasner personally selected Smith as counsel. In each of the cases referenced above Smith had undivided loyalty to one client, Lawrence Krasner. Krasner and Smith have an intimate attorney-client relationship that goes back many

---

[2] *Smith v. The Philadelphia District Attorney's Office, et. al.,*CP21021153 (Pa.Cmwlth. 2021)
[3] Chris Brennan, *Who was the mystery ex-candidate who helped the pro-jeff brown super pac Last Summer?* https://www.inquirer.com (2023), https://www.inquirer.com/politics/clout/jeff-brown-democratic-primary-mayor-philadelphia-jeff-bartos-ethics-investigation-20230428.html (last visited Aug 8, 2024). ("All claims asserted by Carlos Vega have been amicably resolved," said **David Smith**, the lawyer for Krasner's campaign**.**")

years.  Surely, Attorney Smith was retained in ***this matter*** once again because Krasner chose him as ***his*** counsel.

Upon information and belief, Attorney Smith has never represented Defendant Rocks. Rocks is a police officer and differently situated than Krasner and Tripp, both of whom are lawyers. Upon information and belief, Smith has never represented Tripp. Because of this history of undivided loyalty to Krasner it is not reasonable to believe that on the facts of this case Smith can now divide his loyalties and represent Krasner and his subordinates, who have inconsistent and competing interests.

Rather than address Plaintiffs' concerns or engage in any meaningful discussion, Attorney Smith simply responded Mr. Bochetto's August 2 correspondence with "Thanks, George. I will file a motion." (A true and correct copy of the August 2, 2024 email correspondence is attached hereto as **Exhibit "C."**)

Shortly thereafter, Plaintiffs' Counsel, Kean Maynard, contacted both counsel for The City as well as Attorney Smith in an effort to finalize a date for the Rule 26(f) conference so that this issue, amongst others, could be resolved. While counsel for The City responded making himself available for an immediate Rule 26(f) Conference, Attorney Smith on the other hand has rejected and ignored Plaintiffs' efforts to schedule a Rule 26(f) Conference and has instead opted to file the instant Motion to Extend. Plaintiffs now file the instant Response in Opposition to Attorney Smith's Motion, and request an oral argument to address Attorney Smith's concurrent representation of the DAO Defendants, in direct violation of Rule 1.7 of the Pennsylvania's Rules of Professional Conduct.

## III.    LEGAL ARGUMENT

### A.  The Court Should Hold Oral Argument to Address the DAO Defendants' Joint Representation and the Associated Conflict of Interest.

Rule 1.7 of the Pennsylvania's Rules of Professional Conduct, titled Conflict of Interest:

Current Clients, states:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (1) the representation of one client will be directly adverse to another client; or
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (4) each affected client gives informed consent.

PA ST RPC Rule 1.7.

Here, there is an inherent and non-waivable conflict of interest arising from Defendants' Counsel's joint representation of the DAO Defendants, Krasner, Tripp, and Rocks. The conflict is readily apparent by a review of the nature of the allegations being made against each Defendant and the historic attorney client relationship between Krasner and Smith. Krasner is being sued in his individual capacity as well as his official capacity as the City of Philadelphia's District Attorney and a policy maker. *See* Complaint at ¶38. Tripp is being sued in her individual capacity as well as in her capacity as Assistant District Attorney of Philadelphia working under the supervision of Krasner. *Id.* ¶40. Throughout Plaintiffs' Complaint are allegations that Tripp was often acting under Krasner's direction and supervision to wrongfully prosecute Bologna. By way

8

of limited example, *see* Plaintiffs' Complaint at ¶103, ¶107, ¶255, ¶257, ¶354. Similarly, Defendant Rocks is being sued in his individual capacity as well as in his capacity as the Acting Chief of County Detectives for the City of Philadelphia. Plaintiffs allege that Rocks was also working under the direction of both Krasner, and under the direction of Tripp. *Id*. at ¶12, ¶16, ¶41, ¶354. In short, Plaintiffs allege, in part, that Rocks' misconduct was at the direction of Tripp and Krasner, and that Tripp's misconduct was at the direction of Krasner.

The conspiratorial nature of the Defendants' alleged misconduct creates a competing interest amongst the three DAO Defendants; each will be made to answer for their wrongdoing which, in turn, will implicate or exonerate their Co-Defendants. Therefore, any joint representation of the DAO Defendants creates a concurrent conflict for Defendants' Counsel. Indeed, under the common representation doctrine, Defendants' Counsel cannot grant one client the opportunity to present exculpatory evidence for themselves if, in turn, such evidence implicates a Co-Defendant, who is represented by the same counsel. This exact conflict has routinely been recognized as a non-waivable conflict of interest that, if gone unchecked, will result in a mistrial.

In the Superior Court case of *Com. v. Green*, 379 Pa. Super. 602, 604, 550 A.2d 1011, 1012 (1988), the Court affirmed its trial court's ruling ordering a new trial due to a violation of Rule 1.7. The Court held that "two members of the same firm are prohibited from representing multiple clients with inconsistent defenses." The *Green* court supported its rationale by citing to *Commonwealth v. Evans*, 306 Pa.Super. 25, 451 A.2d 1373 (1982):

> "Evans three co-defendants were each represented by different members of the Beaver County Public Defender's Office. The Evans court found that since there existed dual representation and since one of the co-defendants testified against the appellant, who denied any involvement in the robbery, a conflict of interest existed requiring the award of a new trial. The court concluded that under either the "actual harm" standard utilized in *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) or under the less stringent "potential harm" standard delineated in *Commonwealth v. Breaker*, 456 Pa. 341, 318 A.2d 354 (1974), the appellant was entitled to a new trial."

*Id.* (citing *Commonwealth v. Evans*, supra 451 A.2d at 1376 n.1). Moreover, Pennsylvania courts have consistently recognized that "the rules prohibit the inherit conflict of interest that arises when an attorney represents both a party to the litigation and an employee of that party who may be deposed or called as fact witness in the case." *See e.g.*, *Newsuan v. Republic Services, Inc.*, 2018 WL 4923771, at *6 (Pa.Com.Pl.) (citing Rules of Prof. Conduct, Rule 1.7(a), 42 Pa.C.S.A) (overturned on other grounds); *see also Newsuan v. Republic Servs. Inc.*, 2019 PA Super 196, 213 A.3d 279, 285 n.4 (2019) (adopting the opinion of the trial court "to the extent it denies the attorney-client relationship because counsel's dual representation of each employee and the corporation creates a concurrent conflict of interest.")

In this matter, the same is true. As a threshold matter, as detailed above, Attorney Smith has a years long intimate history of representing Krasner and his political campaign against many lawsuits. Accordingly, his loyalty to Krasner alone calls into question his ability to also represent Krasner's Co-Defendants, whose interests compete with that of Krasner's. Moreover, Plaintiffs' Complaint contains allegations that each of the DAO Defendants knowingly violated Plaintiff's fourth and fourteenth amendment rights through a years-long campaign to falsely prosecute Bologna. Each of the individual DAO Defendants cannot properly respond to these allegations without creating a conflict with the defenses of their Co-Defendants. For example, Defendant Krasner will have to confirm or deny the allegations that he directed and supervised the misconduct

alleged against Tripp and Rocks. In doing so, he will either implicate himself, or further implicate his Co-Defendants by claiming they were acting by way of their own volition. Similarly, Rocks, for example, will have to confirm or deny the allegations that he was acting under the supervision of Tripp and Krasner. In doing so, he will likely set forth various defenses contrary to the defenses of his Co-Defendants in an attempt to reduce – or even eliminate – his exposure to the misconduct.

Accordingly, as instructed by *Green* and *Evans*, all three DAO Defendants will necessarily have "inconsistent defenses" that run afoul of Rule 1.7. Moreover, as demonstrated by *Newsuan*, Tripp – who at all material times was employed by the DAO – has an undeniable conflict of interest with her employer, Krasner. Since Pennsylvania precedent makes clear this concurrent conflict is prohibited by law, the conflict can neither be waived nor resolved. *See* Rule 1.7(b)(3).

Refusal to adhere to Rule 1.7, and allowance of the concurrent conflict to proceed, will severely harm Plaintiffs. To reiterate, under the common representation doctrine, each of the Co-Defendants will surely be precluded from providing complete and honest testimony vital to Plaintiffs' claims. Such preclusion will make it nearly impossible to elicit truthful testimony and discovery productions relevant for a just determination. Moreover, and more egregiously, the longer the concurrent conflict is permitted, the more likely it is that this litigation will ultimately result in a mistrial, as it did in *Green*. Such a result will unnecessarily waste the time, effort and resources of all parties, including this Honorable Court. Thus, by proceeding in the face of conflicting representation of the DAO Defendants, it is Plaintiffs who bear the risk of restricted access to material evidence and the likely suffering of a mistrial.

## IV.    RELIEF REQUESTED

As detailed in Plaintiffs' Counsel's August 2, 2024 email correspondence with Defendants' Counsel, Plaintiffs seek to address and resolve this inherit conflict of interest as soon as practicable.

(**Ex. "A."**) Although Plaintiffs attempted to resolve this issue without judicial intervention, by way of attempting to schedule a Rule 26(f) conference, yet Defendants' Counsel refuses to cooperate. Accordingly, Plaintiffs respectfully request oral argument before Your Honor so that this very serious matter may be addressed early, before Plaintiffs' case is further tainted by the concurrent representation of the DAO Defendants, a direct violation of Rule 1.7.

Alternatively, in the event that this Honorable Court finds that the concurrent conflict of interest is "not prohibited by law" as outlined in Rule 1.7(b)(2), Plaintiffs respectfully request that this Honorable Court issue an Order requiring each Defendant to sign an informed consent waiver to be presented to the Court for review at the requested oral argument. *See Newsuan v. Republic Servs. Inc.*, 2019 PA Super 196, 213 A.3d 279, 285 n.4 (2019) ("[O]nly upon the employee's informed consent to retain counsel despite the risk of conflict, which consent is accomplished through the employee's completion of a waiver form clearly notifying him or her of the conflict, is a valid attorney-client relationship formed.") While Plaintiffs are certain such representation is prohibited by law, an informed consent waiver will put all DAO Defendants on notice of the potential conflict and provide for meaningful discussion at the requested oral argument.

## V.    CONCLUSION

For all the reasons set forth above, Plaintiffs respectfully request that this Honorable Court deny Defendants' Motion for Extension and schedule an oral argument to address the concurrent conflict of interest in violation of Rule 1.7.

Respectfully Submitted,

**BOCHETTO & LENTZ, P.C.**

Date:  August 12, 2024          By:     _/s/ George Bochetto_
                                        GEORGE BOCHETTO, ESQUIRE
                                        PA ID No. 27783
                                        gbochetto@bochettoandlentz.com
                                        GAVIN P. LENTZ, ESQUIRE
                                        PA ID No. 53609
                                        glentz@bochettoandlentz.com
                                        KEAN C. MAYNARD, ESQUIRE
                                        PA ID No. 327794
                                        kmaynard@bochettoandlentz.com
                                        1524 Locust Street
                                        Philadelphia, PA 19102
                                        215-735-3900
                                        215-735-2455 fax
                                        _Attorneys for Plaintiffs_

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH BOLOGNA** | : | |
| **and DIANA BOLOGNA** | : | CIVIL ACTION |
| | : | |
| *Plaintiffs,* | : | |
| | : | NO.  2:24-cv-03185-KNS |
| v. | : | |
| | : | |
| **LAWRENCE S. KRASNER,** *et al.* | : | **JURY TRIAL DEMANDED** |
| | : | |
| *Defendants.* | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, *George Bochetto, Esquire*, hereby certify that a true and correct copy of the forgoing was

filed electronically through this Court's ECF System and is available for viewing and downloading

from this Court's ECF System. I further certify that an electronic copy of the foregoing was served

upon the following through this Court's ECF System:

Benjamin T. Jackal
Deputy City Solicitor
City of Philadelphia –
Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
ben.jackal@phila.gov
**Attorney for Defendant, The City
of Philadelphia**

David Smith, Esquire
Christopher Charles Nana-Sinkam, Esquire
Theresa E. Loscalzo, Esquire
DILWORTH PAXSON, LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102-2101
dsmith@dilworthlaw.com
cns@dilworthlaw.com
tloscalzo@dilworthlaw.com
**Attorneys for Defendants, Lawrence S.
Krasner, Tracy Tripp and Sgt. Gerald
Rocks**

**BOCHETTO & LENTZ, P.C.**

Dated:  August 12, 2024            By:  */s/ George Bochetto*
                        George Bochetto, Esquire

# Exhibit "A"

| AO 440 (Rev. 06/12) Summons in a Civil Action | **RETURN OF SERVICE** |
|---|---|

SERVICE OF: **SUMMONS AND COMPLAINT, NOTICE OF PRESERVATION OF EVIDENCE, CIVIL COVER SHEET,**
EFFECTED (1) BY ME: **DESIGNATION FORM, EXHIBITS**
TITLE: *ROBERT WAGNER*
**PROCESS SERVER**
DATE: *7/24/24 @ 10:43 AM.*

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[X] Served personally upon the defendant

LAWRENCE S. KRASNER, DISTRICT ATTORNEY OF PHILADELPHIA

Place where served:

3 SOUTH PENN SQUARE   PHILADELPHIA  PA  19107

[  ] Left copies thereof at the defendant's dwelling house or place of business with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

*OFFICER CARTER*

Relationship to defendant *PERS. AUTH. TO ACCEPT*

Description of Person Accepting Service:

SEX: *M* AGE: *51-65* HEIGHT: *OVER 6'* WEIGHT: *OVER 200* SKIN: *BLACK* HAIR: *BALD* OTHER: *GLASSES*

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

**STATEMENT OF SERVER**

TRAVEL$ _____.____          SERVICES $_____.____          TOTAL $_____.____

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

Docusign Court Approved E-Signature

DATE: *7 /24 /20 24* _____ L.S.

SIGNATURE OF *ROBERT WAGNER*
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

ATTORNEY:    GEORGE BOCHETTO, ESQUIRE
PLAINTIFF:    JOSEPH BOLOGNA, ET AL
DEFENDANT:    LAWRENCE S KRASNER, IN HIS INDIVIDUAL CAPACITY AND IN HIS OFFICIAL
VENUE:    CAPACITY, ET AL
DOCKET:    DISTRICT
COMMENT:    2 24 CV 03185 KNS

AO 440 (Rev. 06/12) Summons in a Civil Action        **RETURN OF SERVICE**

SERVICE OF:        **SUMMONS AND COMPLAINT, NOTICE OF PRESERVATION OF EVIDENCE, CIVIL COVER SHEET,**
EFFECTED (1) BY ME:  **DESIGNATION FORM, EXHIBITS**
TITLE:      _ROBERT WAGNER_
        **PROCESS SERVER**
                    DATE: _7/24/24 @ 10:43 AM_

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[X] Served personally upon the defendant

SGT. GERALD ROCKS - BADGE #730, DISTRICT ATTORNEY OF PHILADELPHIA

Place where served:

3 SOUTH PENN SQUARE   PHILADELPHIA  PA  19107

[   ] Left copies thereof at the defendant's dwelling house or place of business with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

                 _OFFICER CARTER_

Relationship to defendant    _PERS. AUTH. TO ACCEPT_

Description of Person Accepting Service:

SEX: _M_  AGE: _51-65_ HEIGHT: _OVER 6'_  WEIGHT: _OVER 200_  SKIN: _BLACK_  HAIR: _BALD_  OTHER: _GLASSES_

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

---

**STATEMENT OF SERVER**

TRAVEL$ _____.____        SERVICES $_____.____        TOTAL $_____.____

---

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

        Docusign Court Approved E-Signature

DATE: _7 /24/20 24_              _____ L.S.

        SIGNATURE OF _ROBERT WAGNER_
        GUARANTEED SUBPOENA SERVICE, INC.
        2009 MORRIS AVENUE
        UNION, NJ 07083

ATTORNEY:   GEORGE BOCHETTO, ESQUIRE
PLAINTIFF:   JOSEPH BOLOGNA, ET AL
DEFENDANT:  LAWRENCE S KRASNER, IN HIS INDIVIDUAL CAPACITY AND IN HIS OFFICIAL
VENUE:    CAPACITY, ET AL
DOCKET:    DISTRICT
COMMENT:    2 24 CV 03185 KNS

# Exhibit "B"

2020407220951140

AO 440 (Rev. 06/12) Summons in a Civil Action     **RETURN OF SERVICE**

SERVICE OF:     **SUMMONS AND COMPLAINT, NOTICE OF PRESERVATION OF EVIDENCE, CIVIL COVER SHEET,**
EFFECTED (1) BY ME:    **DESIGNATION FORM, EXHIBITS**
TITLE: *ROBERT WAGNER*
    **PROCESS SERVER**
               DATE: *7/24/24 @ 10:43 AM*

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[X] Served personally upon the defendant

TRACY TRIPP, DISTRICT ATTORNEY OF PHILADELPHIA

Place where served:

3 SOUTH PENN SQUARE    PHILADELPHIA   PA   19107

[   ] Left copies thereof at the defendant's dwelling house or place of business with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

*OFFICER CARTER*

Relationship to defendant    *PERS. AUTH. TO ACCEPT*

Description of Person Accepting Service:

SEX: *M*   AGE: *51-65* HEIGHT: *OVER 6'* WEIGHT: *OVER 200* SKIN: *BLACK*   HAIR: *BALD*   OTHER: *GLASSES*

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

**STATEMENT OF SERVER**

TRAVEL $ _____.____        SERVICES $ _____.____        TOTAL $ _____.____

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

Docusign Court-Approved E-Signature

DATE: *7/24/20 24*                        L.S.

         SIGNATURE OF *ROBERT WAGNER*
         GUARANTEED SUBPOENA SERVICE, INC.
              2009 MORRIS AVENUE
                 UNION, NJ 07083

ATTORNEY:    GEORGE BOCHETTO, ESQUIRE
PLAINTIFF:     JOSEPH BOLOGNA, ET AL
DEFENDANT:   LAWRENCE S KRASNER, IN HIS INDIVIDUAL CAPACITY AND IN HIS OFFICIAL
VENUE:        CAPACITY, ET AL
DOCKET:      DISTRICT
COMMENT:     2 24 CV 03185 KNS

# Exhibit "C"

Bochetto&Lentz,P.C.                          George Bochetto <gbochetto@bochettoandlentz.com>

---

# Re: Bologna v. Krasner, et al
1 message

---

**Smith, David** <dsmith@dilworthlaw.com>                          Fri, Aug 2, 2024 at 1:35 PM
To: George Bochetto <gbochetto@bochettoandlentz.com>, Gavin Lentz <glentz@bochettoandlentz.com>

Thanks, George.  I will file a motion.

**From:** George Bochetto <gbochetto@bochettoandlentz.com>
**Sent:** Friday, August 2, 2024 1:11:53 PM
**To:** Smith, David <dsmith@dilworthlaw.com>; Gavin Lentz <glentz@bochettoandlentz.com>
**Subject:** Bologna v. Krasner, et al

**This message is from an external sender.**

---

David---We are deeply concerned that you would purport to jointly represent Krasner, Tripp, and Rocks, the latter two of which we have reason to believe have non-waivable conflicts with Krasner.

While we will agree to an extension as to Krasner, subject to the below condition, we cannot agree to Tripp or Rocks as through you. We are willing to consider a request on behalf of Tripp and on behalf of Rocks, through separate counsel for each. To the extent you purport to continue to represent all three, we will seek disqualification.

Further, as to Krasner, we will only agree to an extension on the condition that we conduct a Rule 26 Conference within 10 days.



**George Bochetto**

*Attorney At Law*

1524 Locust Street

Philadelphia, PA 19102

(215) 735-3900

gbochetto@bochettoandlentz.com

---

**From:** Smith, David <dsmith@dilworthlaw.com>
**Sent:** Friday, August 2, 2024 9:16 AM
**To:** George Bochetto - Bochetto & Lentz, P.C. (gbochetto@bochettoandlentz.com) <gbochetto@bochettoandlentz.com>; Gavin

P. Lentz - Bochetto & Lentz, P.C. (glentz@bochettoandlentz.com) <glentz@bochettoandlentz.com>
**Subject:** Bologna v. Krasner

George and Gavin:  We will be entering our appearance for Krasner, Tripp and Rocks.  Can we agree to a 30 day extension to respond?  Thank you.

Dᴀᴠɪᴅ Sᴍɪᴛʜ | Dɪʟᴡᴏʀᴛʜ Pᴀxsᴏɴ LLP
1500 Market Street | Suite 3500E | Philadelphia, PA 19102
Tel: 215-575-7062 | Fax: (215) 754-4603
dsmith@dilworthlaw.com | www.dilworthlaw.com

*Please make note of my new contact information above*