

David Smith<br>dsmith@dilworthlaw.com

DIRECT DIAL NUMBER:
(215) 575-7062

October 3, 2024

**VIA CM/ECF**

The Honorable Joel H. Slomsky
United States District Judge for the
 Eastern District of Pennsylvania
5614 U.S. Courthouse
Philadelphia, PA  19106

      Re:    *Bologna v. Krasner, et al.*, **Civil Action No. 24-cv-3185**

Dear Judge Slomsky:

      I wrote to your Honor on September 20, 2024 that the City of Philadelphia had engaged conflicts counsel to advise defendants Tracy Tripp and Sgt. Gerald Rocks with respect to Mr. Bochetto's assertions regarding conflict of interest and requested the Court's permission to submit to the Court for *in camera* review the opinion letter provided by Mr. Josh J.T. Byrne of Marshall Dennehey and "conflict waiver" letters drafted by Mr. Byrne and signed by Ms. Tripp and Sgt. Rocks.  Thereafter, on September 24, 2024, plaintiffs' counsel responded, opposing the suggested *in camera* review and asserting a right to review the ethics opinion and waivers.

      Plaintiffs' reliance on Pennsylvania Rule of Professional Conduct 1.7 is misplaced and does not, as plaintiffs suggest, present an unwaivable conflict.  Pursuant to Rule 1.7(b), if "each affected party gives informed consent," then the representation of multiple defendants can proceed so long as: "(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; and (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal."

      We reasonably believe that we can provide competent and diligent representation to all of the named defendants we have been engaged to represent.  This reasonable belief is the responsibility and burden of the lawyer seeking to represent multiple clients and is not dependent upon the unsupported assertions by plaintiffs' counsel that an unwaivable conflict exists.  This, therefore, satisfies the first prong of Rule 1.7(b).  Moreover, there is no assertion here by plaintiffs' counsel that our representation of Lawrence Krasner, Tracy Tripp, or Sgt. Gerald Rocks is prohibited by law, thereby satisfying the second prong of Rule 1.7(b).  Finally, with respect to the third prong of Rule 1.7(b), there is no indication of any cross-claims to be filed by either Ms. Tripp

The Honorable Joel H. Slomsky
October 3, 2024
Page 2

or Sgt. Rocks.  Without the existence of such cross claims, the third prong of Rule 1.7(b) is also satisfied.  Accordingly, because Ms. Tripp and Sgt Rocks have consented to the representation and in accordance with the plain language of Rule 1.7(b), there exists no inherent, unwaivable conflict and we should be permitted to represent Mr. Krasner, Ms. Tripp, and Sgt. Rocks in this litigation.

Plaintiffs further argue that they have standing to review the ethics opinion and waivers because, as the party seeking to disqualify opposing counsel, they bear the "burden of showing continued representation would be impermissible."  In support, plaintiffs cite to several inapplicable cases.  Plaintiffs first cite to *Com v. Green*, 500 A.2d 1011 (Pa. Super. 1988) for the proposition that any verdict obtained at trial would be reversible if the alleged conflict could not be waived.  *Com v. Green* involved a scenario in which the Public Defender's Office of Carbon County sought to represent two criminal defendants where the first defendant denied any involvement in the alleged crime and the second defendant testified that the first defendant participated in the alleged crime.  *Id.*  There, the court ordered a new trial for the first defendant because the second defendant ultimately testified against him and the dual representation was therefore inappropriate.  Plaintiffs also cite to *U.S. v. Luchko,* Criminal Action No. 06-319 (E.D. Pa. Nov. 9, 2006) to support their contention that their ability to challenge and scrutinize the ethics opinion and waivers is necessary for this Court to reach an informed decision.  However, the Court in *Luchko* held that "[d]etermining whether such a conflict exists under this standard 'must be left primarily to the informed judgment of the trial court.'"  *Id.* at *4, *citing Wheat v. U.S.*, 486 U.S. 153, 159 (1988).  *Luchko* does not stand for the proposition that civil plaintiffs have the right to cross examine conflict counsel or review the ethics opinions and waivers in an effort to, seemingly, avail themselves of pre-motion discovery regarding material issues of substance in the case.

Moreover, the cases cited by plaintiffs all involved criminal co-defendants which the Pennsylvania Rules of Professional Conduct recognize require a different lens when reviewing potential conflicts.  Indeed, Comment 23 to Rule 1.7 explicitly states: "The potential for conflict of interest in representing multiple defendants in a criminal case is so grave that ordinarily a lawyer should decline to represent more than one co-defendant.  On the other hand, common representation of persons having similar interests in civil litigation is proper if the requirements of paragraph (b) are met."  This case involves civil claims by plaintiffs against the defendants and, as previously set forth, we reasonably believe the requirements of Rule 1.7(b) have been met.

Respectfully,

David Smith

cc:   George Bochetto, Esquire
      Benjamin T. Jackal, Esquire