IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH BOLOGNA and DIANA BOLOGNA, | : : : |
| Plaintiffs, | : : |
| v. | : : |
| LAWRENCE KRASNER, | : : |
| and | : : |
| TRACY TRIPP, | : Case No. 2:24-cv-03185-JHS : |
| and | : : |
| SGT. GERALD ROCKS, | : : |
| and | : : |
| THE CITY OF PHILADELPHIA, | : : |
| Defendants. | : : |

**BENCH MEMORANDUM OF LAW OF DEFENDANTS
LAWRENCE KRASNER, TRACY TRIPP, AND SGT. GERALD ROCKS
IN ADVANCE OF THE DECEMBER 18, 2024 HEARING**

Defendants Lawrence Krasner, Tracy Tripp, and Sgt. Gerald Rocks (collectively, the "**DAO Defendants**") submit this Bench Memorandum of Law in advance of the December 18, 2024, hearing on the conflict of interest issue raised by counsel for Plaintiffs.

**I.    INTRODUCTION**

The DAO Defendants submit this memorandum to highlight two issues before the December 18, 2024, hearing.

First, Plaintiffs' counsel should not be permitted to attend or participate in the December 18, 2024, hearing. Rather, the December 18, 2024, hearing should be conducted *in camera*. Consistent with the Court's direction that the conflict opinion and client informed consent

#124727156v1

letters be filed under seal, there exists the same genuine and material concern that Plaintiffs' counsel's presence at or participation in the hearing will give them access to confidential attorney-client privileged information contained in the conflict opinion and client informed consent letters with no defensible justification. Accordingly, Plaintiffs' counsel should not be permitted to attend or participate in the December 18, 2024, hearing.

Second, the independent, thorough, and complete conflict opinion letters submitted *in camera* to this Court are sufficient evidence that no conflict of interest currently exists. Plaintiffs' counsel's conflict allegations are unsupported and provide no evidence demonstrating that the DAO Defendants will be directly adverse to one another or that there is a significant risk that representation of more than one of the DAO Defendants will materially limit Dilworth Paxson's representation of any of the other DAO Defendants. Accordingly, Dilworth Paxson should be permitted to concurrently represent the DAO Defendants.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs commenced this lawsuit by filing their complaint on or about July 19, 2024. [ECF No. 1]. As against the DAO Defendants, Plaintiffs assert purported claims for: False Arrest and Malicious Prosecution in violation of Section 1983 against the DAO Defendants (Count I); Established Policies, Practices and Customs in violation of Section 1983 against Krasner (Count II); Intentional Infliction of Emotional Distress against the DAO Defendants (Count III); and Loss of Consortium against the DAO Defendants (Count IV), all arising out of the preparation of the affidavit of probable cause and criminal complaint against Joseph Bologna.

On August 2, 2024, Defendants' counsel, having just been retained, requested an extension of time to respond to the complaint. Plaintiffs' counsel refused to stipulate to an extension for Ms. Tripp and Sgt. Rocks and conditioned the agreement to an extension for Mr. Krasner on the agreement to conduct a Rule 26(f) conference within ten days of August 2, 2024. Left with no

other recourse, counsel for the DAO Defendants filed a motion on August 7, 2024 seeking an extension of time to respond to the complaint. [ECF No. 15]. Plaintiffs' counsel responded to the DAO Defendants' motion for an extension of time with their argument that conflicts of interest precluded Dilworth Paxson from representing all three DAO Defendants [ECF No. 16].

At this Court's direction, separate conflict counsel were engaged for Ms. Tripp and Sgt. Rocks to advise and opine on the alleged conflicts of interest. [ECF No. 27]. Josh J.T. Byrne, Esq. was engaged to advise Sgt. Rocks and Lisa Mathewson, Esq. was engaged to advise Ms. Tripp. [ECF No. 28]. Both Mr. Bryne and Ms. Mathewson consulted with their respective clients and prepared opinion letters regarding the purported conflicts of interest asserted by Plaintiffs' counsel. Those opinion letters, both of which included a detailed analysis and independently concluded that no conflict of interest exists, were submitted to the Court and filed under seal on or about November 15, 2024, presumably due to concerns regarding Plaintiffs' counsel's access to confidential attorney-client privileged information. [ECF Nos. 29-32]. Thereafter, Ms. Tripp and Sgt. Rocks signed informed consent letters, which also have been filed under seal with this Court.

This Court then scheduled the hearing that is presently scheduled for December 18, 2024. [ECF Nos. 33, 35].

### III. ARGUMENT

#### A. Plaintiffs' Counsel Should Not Be Permitted to Attend or Participate in the December 18, 2024 Hearing.

As a threshold matter, Plaintiffs' counsel should not be permitted to attend or participate in the hearing on December 18, 2024, both because they lack standing to do so and because their attendance at and participation in the hearing would disclose to them discussions and information protected by the attorney-client privilege.

#124727156v1

It is well-held that a party's "choice of counsel is entitled to substantial deference" and "the court should not quickly deprive their freedom to choose the advocate who will represent their claims, nor lightly dismiss the trust and confidence plaintiffs have placed in their chosen counsel." *Hamilton v. Merrill Lynch*, 645 F.Supp. 60, 61 (E.D.Pa. 1986) (holding that no conflict existed where plaintiffs, after full disclosure of potential, future conflict by independent counsel, consented to joint representation of counsel of their choice); *see also*, *Como v. Commerce Oil Co., Inc.,* 607 F.Supp. 335, 342 (S.D.N.Y. 1985) (where plaintiffs have knowledge of possible conflict of interest and nevertheless affirm their desire for joint representation, the court should be reluctant to disqualify their chosen counsel). "'Disqualification is a harsh measure and is generally disfavored by the court' because a party's 'choice of counsel is entitled to substantial deference' and because motions to disqualify are often brought for tactical reasons."[1] *Santander Securities LLC v. Gamache*, 2017 WL1208066, at *2 (E.D.Pa. Apr. 3, 2017) (citing *AgSaver LLC v. FMC Corp.,* 2011 WL2274178, at *3 (E.D.Pa. June 9, 2011); *see also, Com. Ins. Co. v. Graphix Hot Line, Inc.*, 808 F.Supp. 1200, 1203 (E.D.Pa. 1992).

The choice of counsel is, indeed, vested in each respective party to a litigation. Opposing counsel does not have standing to interfere with the DAO Defendants selection of their counsel or to force them to proceed with alternate counsel based upon their unfounded conflict allegations. This Court, in weighing the DAO Defendants' right to counsel of their choice can and should do so without the presence of Plaintiffs' counsel – who have no colorable right to interfere with the DAO Defendants' decisions. Furthermore, Plaintiffs' counsel's presence at the December 18, 2024, hearing will subject them to information that is certainly protected by the attorney-client privilege and to which they have no privilege or standing to access.

---

[1] Here, Plaintiffs' counsel has not filed a motion to disqualify and has, instead, with no identifiable support, simply alleged the existence of a non-waivable conflict of interest.

#124727156v1

"The purpose of the attorney-client privilege is 'to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in observance of the law and administration of justice.'" *Scott Paper Co. v. U.S.*, 943 F. Supp. 489, 499 (E.D. Pa. 1996). Additionally, courts in this jurisdiction have previously held that the "attorney-client privilege is 'so compellingly important' that the courts must, within their limits, 'guard it jealously.'" *See*, *Scott Paper Co. v. U.S.*, 943 F. Supp. at 498; *AMS Construction Company, Inc. v. Reliance Insurance Company*, 2005 WL8177504, at *2 (E.D. Pa. May 26, 2005) (citing *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 90 (3d Cir. 1992).

The DAO Defendants' informed consent letters are replete with information concerning both Mr. Byrne's and Ms. Mathewson's discussions with their respective clients regarding the allegations in Plaintiffs' complaint. These discussions are protected by attorney-client privilege and there exists a significant concern that by permitting Plaintiffs' counsel to be present at or participate in the December 18, 2024, hearing, they will be exposed to protected information. Indeed, it is presumably this very concern that prompted the Court to permit the DAO Defendants to file the conflict opinion and client informed consent letters under seal. [ECF Nos. 29-32]. Plaintiffs' counsel has provided no authority or basis to suggest that they have standing to assert their conflict objection or should be privy to protected information. If the case proceeds to discovery, Plaintiffs will then be afforded the same opportunity as every other litigant – that is, the ability to request nonprivileged information. To permit Plaintiffs access to privileged information at this stage, however, would be highly prejudicial to the DAO Defendants and their litigation counsel. Moreover, the December 18, 2024, hearing, and this Court's adjudication of the purported conflict argued by Plaintiffs' counsel, can be accomplished without the presence of Plaintiffs' counsel.

For these reasons, the DAO Defendants respectfully request that the Court conduct the December 18, 2024, hearing *in camera*.

### B. The Conflict Waiver Opinion Letters Evidence That Dilworth Paxson's Representation of the DAO Defendants Presents No Current Conflict of Interest

Although Sgt. Rocks and Ms. Tripp were represented by separate conflict counsel, who spoke with them and opined on the non-existence of the "non-waivable conflict of interest," alleged by Plaintiffs' counsel, both Mr. Bryne and Ms. Mathewson individually concluded that there exists no conflict of interest with Dilworth Paxson representing all the DAO Defendants. The thorough and detailed conflict opinion letters rebut Plaintiffs' counsel's false narrative concerning any conflicts of interest.

Pennsylvania Rule of Professional Conduct 1.7 prohibits an attorney from representing a client when there is a "concurrent conflict of interest," which exists when: 1) the representation of one client will be directly adverse to another client; or 2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or third person or by a personal interest of the lawyer. Pa. R. Prof. Cond. 1.7(a)(1) and (2). Here, Plaintiffs' counsel's conflict argument appears to rest on two main premises, that "Attorney Smith is, for all intents and purposes, Lawrence Krasner's personal lawyer," and has never represented Ms. Tripp or Sgt. Rocks and, that Ms. Tripp and Sgt. Rocks have "directly competing interests" because they have "inconsistent defenses." [ECF No. 16]. However, none of these assertions is accurate.

With respect to Plaintiffs' counsel's initial argument, while Mr. Smith has not previously represented Sgt. Rocks, he has previously represented Ms. Tripp. Mr. Smith represented Ms. Tripp in *Pownall v. City of Philadelphia*, 22-cv-04191-GAM (E.D. Pa.), in which all claims were dismissed with prejudice. The Third Circuit Court of Appeals recently affirmed the dismissal.

6

*See*, *Pownall v. Krasner,* 2024 WL 4164621, at *1 (3d Cir. Sept. 12, 2024). Mr. Smith also represented Ms. Tripp in *Derrick Jacobs v. City of Philadelphia*, 19-cv-04616-HB (E.D. Pa.), in which all claims were dismissed on summary judgment. Plaintiffs' counsel's initial factual premise is, therefore, without merit.

Plaintiffs' counsel's second argument, that the DAO Defendants have inconsistent defenses, thereby necessitating the need for separate counsel, is equally misplaced. As an initial matter, Plaintiffs' counsel provides no support for their contention, aside from the conclusory allegations in the complaint that "Rock's misconduct was at the direction of Tripp and Krasner, and that Tripp's misconduct was at the direction of Krasner." [ECF No. 16]. Plaintiffs' counsel cites to no authority to support their supposed position that allegations advancing an unfounded narrative in a complaint can act as the basis for the exclusion of counsel to represent more than one of the defendants. Indeed, the DAO Defendants have yet to even file any responsive pleading to Plaintiffs' complaint and, relatedly, none of the DAO Defendants have asserted cross claims against one another. Despite this, Plaintiffs' counsel still suggests that an inherent conflict of interest must exist due to the DAO Defendants' positions of employment. However, this baseless contention in insufficient to satisfy either of the two prongs in Rule 1.7(a). The DAO Defendants are not "directly adverse" to one another and there is currently no "significant risk" that the concurrent representation of the DAO Defendants will materially limit the representation of any one of them.

Both Sgt. Rocks and Ms. Tripp have met with their respective conflict counsel and understand the risks associated with their concurrent representation. Both Sgt. Rocks and Ms. Tripp have consented to the representation of all the DAO Defendants. Plaintiffs' counsel's

bald allegations cannot disrupt the knowing, willing, and voluntary decisions of Sgt. Rocks and Ms. Tripp.

## IV. CONCLUSION

For the foregoing reasons, and in an effort to prevent Plaintiffs' counsel's unauthorized access to certain confidential information and/or premature discovery, Defendants respectfully request that Plaintiffs' counsel (1) not be permitted to attend or participate in the December 18, 2024 hearing and (2) that the effort to disqualify counsel from representing all three DAO Defendants be rejected.

DATED:  December 16, 2024         */s/ David Smith*
                                                   David Smith (ID: 21480)
                                                 Theresa E. Loscalzo (ID: 52031)
                                                 Christopher Nana-Sinkam (ID: 320189)
                                                 **DILWORTH PAXSON LLP**
                                                 1650 Market Street, Suite 1200
                                                 Philadelphia, PA 19103
                                                 (215) 575-7000
                                                 *Counsel for Defendants Lawrence Krasner, Tracy Tripp, and Sgt. Gerald Rocks*

## **CERTIFICATE OF SERVICE**

      I, David Smith, Esquire, certify that the foregoing Bench Memorandum of Law in Advance of December 18, 2024 Hearing was filed this day via ECF and made available for viewing and downloading by all counsel.

Date: December 16, 2024                          */s/ David Smith*
                                                          David Smith