

George Bochetto†^
Gavin P. Lentz*
Jeffrey W. Ogren*
David P. Heim*
Vincent van Laar*
Bryan R. Lentz*
John A. O'Connell*
Kiersty DeGroote**
Kean C. Maynard*
Matthew L. Minsky†*·
Ryan T. Kirk

Albert M. Belmont, III*
*of Counsel*

1524 Locust Street
Philadelphia, PA 19102
215-735-3900
Fax: 215-735-2455

203 High Street
Mt. Holly, NJ 08060
856-722-9595
Fax: 856-722-5511

bochettoandlentz.com

* Admitted to the New Jersey Bar
† Admitted to the New York Bar
· Admitted to the the Virginia Bar
^ Admitted to the D.C. Bar
' Admitted to the Florida Bar

PRACTICE DEDICATED
TO LITIGATION AND
NEGOTIATION MATTERS

**George Bochetto**
*Attorney at Law*
gbochetto@bochettoandlentz.com

***Please send all Mail to the Philadelphia Office***

December 17, 2024

<u>**VIA CM/ECF**</u>
The Honorable Joel H. Slomsky
United States District Judge for the
Eastern District of Pennsylvania
5614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

   Re: <u>**Bologna v. Krasner,** *et al.***, Civil Action No. 24-cv-3185**</u>

Dear Judge Slomsky:

  I write in response to Attorney Smith's Reply Brief, in which he essentially argues his joint representation of three separate defendants in this fact intensive litigation shields his clients from any inquiry into the propriety of the representation itself. I wish to respect Your Honor's instructions and will not file a Sur-Reply, but given the timing of Defendants' filing and the importance of tomorrow's hearing, please accept this brief letter addressing Plaintiffs' position on the matter.

  Plaintiffs are a party to this action and have moved this Court to disqualify opposing counsel. Plaintiffs' right to a fair trial will be directly affected by the outcome of this hearing. Smith's representation of all co-defendants must be scrutinized to determine whether it will create a latent defect in this judicial process that may ultimately result in a mistrial. *See Com. v. Green*, 379 Pa. Super. 602, 604, 550 A.2d 1011, 1012 (1988) (the trial court's ruling affirmed ordering a new trial due to a violation of Rule 1.7.). Because Plaintiffs have a direct interest in the outcome of the hearing, they should be allowed to ask questions of witnesses under oath to test the validity of the Defendants' claim that the joint representation of all three individual Defendants presents no conflict. The party seeking to disqualify opposing counsel bears the burden of showing that continued representation would be impermissible. *Inorganic Coatings, Inc. v. Falberg*, 926 F. Supp. 517, 518 (E.D. Pa. 1995). This inquiry will not require the authors of the ethics opinions to breach the attorney client privilege. Like any expert, the witnesses can be questioned about the basis of their opinion without revealing confidential communications.

**BOCHETTO & LENTZ, P.C.**
December 17, 2024
Page **2** of **2**

      The attorney-client privilege does not bar questioning of the litigants themselves about potential conflicts among co-defendants. "A litigant cannot shield from discovery the knowledge it possessed by claiming it has been communicated to a lawyer; nor can a litigant refuse to disclose facts simply because that information came from a lawyer." *Rhone-Poulenc Rorer, Inc. v. Home Indemnity Co.*, 32 F.3d 851, 864 (3d Cir. 1994). Plaintiffs' 323 paragraph Complaint contains hundreds of <u>factual</u> allegations regarding each of the three individual Defendants' misconduct. It is imperative Plaintiffs are given the opportunity to examine the witnesses in Court regarding a limited number of the key allegations and explore the inherent contradicting positions each Defendant may take if represented by independent counsel. Scrutinizing these positions early is necessary to create a record that may later be subject to an appeal if the conflict results in a mistrial. Indeed, allowing the concurrent conflict to progress through the pleading stage may result in a record that is tainted by attorney Smith's inability to provide independent defenses for each of his clients.

      Accordingly, Plaintiffs respectfully request this Court deny Defendants' request to preclude Plaintiffs' counsel from tomorrow's hearing.

      Respectfully submitted,

      **BOCHETTO & LENTZ, P.C.**

By:    */s/ George Bochetto*
        George Bochetto, Esquire

cc:    All counsel of record via CM/ECF.