# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH BOLOGNA and<br>DIANA BOLOGNA,<br><br>         **Plaintiffs,**<br><br>  **v.**<br><br>**LAWRENCE KRASNER,**<br><br>**and**<br><br>**TRACY TRIPP,**<br><br>**and**<br><br>**SGT. GERALD ROCKS,**<br><br>**and**<br><br>**THE CITY OF PHILADELPHIA,**<br><br>         **Defendants.** | Case No. 2:24-cv-03185-JHS |

**MEMORANDUM OF LAW OF DEFENDANTS LAWRENCE KRASNER, TRACY TRIPP AND SGT. GERALD ROCKS IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

David Smith (ID: 21480)
Theresa E. Loscalzo (ID: 52031)
Christopher Nana-Sinkam (ID: 320189)
**DILWORTH PAXSON LLP**
1650 Market Street, Suite 1200
Philadelphia, PA 19103
(215) 575-7000
*Counsel for Defendants Lawrence Krasner,*
*Tracy Tripp and Sgt. Gerald Rocks*

**TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................................... 1

II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY ................................. 2

III.    ARGUMENT ............................................................................................................. 3

  A.   Legal Standard ...................................................................................................... 3

  B.   Mr. Bologna's Section 1983 Claims are Time Barred............................................ 4

    i.    Mr. Bologna's Section 1983 Claim for False Arrest is Stale........................................ 5

    ii.   Mr. Bologna's Section 1983 Claim for Established Policies, Practices, and Customs
          is Similarly Stale. ............................................................................................... 6

  C.   Plaintiffs' Claims for Intentional Infliction of Emotional Distress and Loss of
       Consortium are Time Barred. ............................................................................... 7

  D.   The DAO Defendants are Absolutely Immune from Mr. Bologna's Section 1983
       Claims. ................................................................................................................ 9

  E.   For Conduct Prior to Commencement of Judicial Proceedings, the DAO Defendants
       are Immune from Mr. Bologna's Section 1983 Claims Under Qualified Immunity. ........ 10

  F.   Mr. Bologna Fails to State a Claim for Section 1983 Malicious Prosecution. ................. 12

  G.   Mrs. Bologna Fails to State a Claim for Loss of Consortium........................................ 14

IV.     CONCLUSION........................................................................................................ 15

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ................................................................................................................ 3, 4

*Basile v. Township of Smith,*
   752 F. Supp. 2d 643 (W.D. Pa. 2010) .................................................................................. 12, 13, 14

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ................................................................................................................ 3, 4

*Brown v. Primecare Health,*
   440 F.Supp.3d 406 (E.D. Pa. 2020) ........................................................................................ 5

*Burns v. Reed,*
   500 U.S. 478 (1991) ................................................................................................................ 9

*Cicchiello v. Beard,*
   726 F. Supp. 2d 522 (M.D. Pa. 2010), *aff'd sub nom. Cicchiello v. Sec'y Pennsylvania*
   *Dep't of Corr.*, 458 F. App'x 117 (3d Cir. 2012) ................................................................... 10

*Deily v. Waste Management of Allentown,*
   118 F. Supp. 2d 539 (E.D. Pa. 2000) ...................................................................................... 8

*DiBella v. Borough of Beachwood,*
   407 F.3d 599 (3d Cir. 2005) .................................................................................................. 12, 13, 14

*Dunshee v. McGurk,*
   1987 WL18418 (E.D. Pa. Oct. 8, 1987) .................................................................................. 14

*Edwards v. Media Borough Council,*
   430 F. Supp. 2d 445 (E.D. Pa. 2006) ...................................................................................... 6

*Firmani v. Zipnock,*
   2021 WL1312918 (W.D. Pa. Apr. 8, 2021) ............................................................................ 7, 8

*Fowler v. UPMC Shadyside,*
   578 F.3d 203 (3d Cir. 2009) .................................................................................................... 4

*Geness v. Cox,*
   902 F.3d 344 (3d Cir. 2018) .................................................................................................... 5

*Getz v. Bruch,*
   400 F. Supp. 1033 (E.D. Pa. 1975) ......................................................................................... 4

*Hanna v. United States Veterans Admin. Hosp.,*
   514 F.2d 1092 (3d Cir. 1975) .................................................................................................. 4

#124547904v3

*Henderson v. Fischer,*
    631 F.2d 1115 (3d Cir. 1980) ........................................................................................... 9

*Imbler v. Pachtman,*
    424 U.S. 409 (1976) ........................................................................................................ 9

*James v. City of Wilks-Barre,*
    700 F.3d 675 (3d Cir. 2012) ......................................................................................... 10

*Jodek Charitable Trust, R.A. v. Vertical Net, Inc.,*
    412 F. Supp. 2d 469 (E.D. Pa. 2006) .............................................................................. 4

*Johnson v. City of Philadelphia,*
    1997 WL152790 (E.D. Pa. Mar. 28, 1997) .................................................................... 7

*Kach v. Hose,*
    589 F.3d 626 (3d Cir. 2009) ........................................................................................... 5

*Kane v. Chester Cnty Dept. of Children, Youth and Families,*
    10 F. Supp. 3d 671 (E.D. Pa. 2014) ............................................................................. 10

*Kornegey v. City of Philadelphia,*
    299 F. Supp. 3d 675 (E.D. Pa. 2018) .............................................................................. 7

*Little v. City & Cnty. of Phila.,*
    2008 WL2704579 (E.D. Pa. July 3, 2008) ..................................................................... 7

*Little v. Jarvis,*
    280 A.2d 617 (Pa. Super. 1971) ................................................................................... 14

*Malley v. Briggs,*
    475 U.S. 335 (1986) ...................................................................................................... 11

*Nguyen v. Pennsylvania,*
    906 F.3d 271 (3d Cir. 2018) ........................................................................................... 5

*Oakwood Lab'ys LLC v. Thanoo,*
    999 F.3d 892 (3d Cir. 2021) ........................................................................................... 4

*Occhipinti v. Bauer,*
    2016 WL5845196 (M.D. Pa. Mar. 23, 2016) .............................................................. 14

*Ormsby v. Luzerne County Dept. of Public Welfare Office of Human Services,*
    149 Fed. Appx. 60 (3d Cir. 2005) ............................................................................ 7, 8

*Quitmeyer v. SEPTA,*
    740 F. Supp. 363 (E.D. Pa. 1990) ................................................................................ 14

*Sameric Corp. of Del. V. City of Phila.,*
    142 F.3d 582 (3d Cir. 1998) ........................................................................................... 4

#124547904v3

*Segers v. Williams*,
   12 F. Supp. 3d. 734 (E.D. Pa. 2014) ................................................................. 9

*Estate of Smith v. Marasco*,
   318 F.3d 497 (3d Cir. 2003) ............................................................................. 12

*Stephany v. Department of Corrections*,
   397 F. Supp. 3d 654 (E.D. Pa. 2019) ............................................................ 4, 6

*Sullivan v. Warminster Twp.*,
   765 F. Supp. 2d 687 (E.D. Pa. 2011) .............................................................. 10

*Thomas v. Orozco-Pineda*,
   2024 WL4729878 (M.D. Pa. Nov. 8, 2024) ....................................................... 7

*Thomas v. Shutika*,
   2012 WL4050005 (M.D. Pa. Aug. 24, 2012) ................................................... 14

*Thomas v. Univ. of Pennsylvania School of Dental Medicine*,
   1986 WL12806 (E.D. Pa. Nov. 6, 1986) ............................................................ 7

*Touchstone v. Upper Gwynedd Township*,
   No. 78-2112, slip op. (E.D. Pa. July 29, 1980) ............................................... 14

*Wakshul v. City of Philadelphia*,
   998 F. Supp. 585 (E.D. Pa. 1998) .................................................................. 14

*Wallace v. Kato*,
   549 U.S. 384 (2007) .......................................................................................... 5

*Williams v. Wexford Health Sources, Inc.*,
   199 F. Supp. 3d 917 (E.D. Pa. 2016) ............................................................... 8

*Wiltz v. Middlesex County Office of Prosecutor*,
   249 Fed. Appx. 944 (3d Cir. 2007) ................................................................. 13

*Wisniewski v. Fisher*,
   857 F.3d 152 (3d Cir. 2017) ............................................................................. 4

*Wright v. City of Phila.*,
   409 F.3d 595 (3d Cir. 2005) ........................................................................... 10

*Yarris v. Cnty. of Delaware*,
   465 F.3d 129 (3d Cir. 2006) ............................................................................. 9

*Young v. City of Allentown*,
   882 F. Supp. 1490 (E.D. Pa. 1995) .................................................................. 6

**Statutes**

42 Pa.C.S. §5224 ..................................................................................................... 7

iv

42 U.S.C. §1983.................................................................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..............................................................................................3, 4, 15

U.S. Const. amend. IV.................................................................................................1, 12, 14

#124547904v3

Defendants Lawrence Krasner, Tracy Tripp and Sgt. Gerald Rocks (collectively referred to as the "**DAO Defendants**") submit this Memorandum of Law in Support of their Motion to Dismiss the Complaint of Plaintiffs Joseph Bologna and Diana Bologna with prejudice as to the DAO Defendants.

## I.  INTRODUCTION

Plaintiffs Joseph Bologna and Diana Bologna are suing several current and former members of the Philadelphia District Attorney's Office, as well as the City of Philadelphia, for conduct they allege led to the deprivation of their civil rights. However, the claims set forth in the Complaint are irretrievably deficient and must be dismissed with prejudice.

Plaintiffs' claims under 42 U.S.C. §1983 ("**Section 1983**") and for intentional infliction of emotional distress are stale. Plaintiffs failed to file those claims within the time prescribed by the applicable statutes of limitations and they must therefore be dismissed. Those same claims fail for the additional reason that the DAO Defendants are immune from suit for the conduct alleged. Although Plaintiffs focus their Complaint and claims on alleged conduct of the DAO Defendants prior to the prosecution of Mr. Bologna, Plaintiffs also include allegations concerning conduct of the DAO Defendants during the criminal prosecution. To the extent Plaintiffs premise their claims upon alleged conduct by the DAO Defendants during the prosecution, that conduct is protected by absolute immunity. Alleged conduct by the DAO Defendants prior to the commencement of the prosecution is protected by qualified immunity.

Mr. Bologna's Section 1983 malicious prosecution claim must be dismissed for the additional reason that he does not and cannot plead that he was subjected to a deprivation of liberty consistent with the concept of seizure within the meaning of the Fourth Amendment. No amendment or amount of discovery will alter that the "deprivations" claimed by Mr. Bologna do

not constitute a "seizure" as defined by courts in this Circuit. Plaintiffs' Section 1983 malicious prosecution claim must fail for this reason as well.

Mrs. Bologna's claim for loss of consortium should also be dismissed. A plaintiff cannot maintain a loss of consortium claim based on an alleged violation of a spouse's civil rights. Because Plaintiffs' intentional infliction of emotional distress claim is time-barred, the loss of consortium claim has no underlying claim to which it attaches and, it therefore must fail as a matter of law.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs allege that during the summer of 2020, protests erupted around the country in response to the killing of George Floyd, including in Philadelphia. *See*, Complaint, ¶1.[1] On June 1, 2020, protestors in Philadelphia marched down the Benjamin Franklin Parkway toward the Philadelphia Museum of Art to gather in peaceful protest. *Id.*, ¶162. A group of protestors diverged from the main group and attempted to make their way to I-676. *Id.*, ¶¶162-63. In response to the protestors' human blockade of the highway, Philadelphia Police officers, including Plaintiff Joseph Bologna, engaged the protestors. *Id.,* ¶¶163, 169. A scuffle broke out between the police officers and the protestors and in the midst of that confrontation, one of the protestors, Evan Gorski, attempted to pull one of his fellow protestors back from the fray. *Id.*, ¶¶189. During this attempt, Mr. Bologna engaged with Mr. Gorski, striking him with his ASP baton (according to the Complaint) on his upper back and again striking him on the back of his head with his helmet, causing a cut on his scalp. *Id.*, ¶¶194, 198. Mr. Gorski was arrested and charged. *Id.,* ¶199. This interaction between Mr. Bologna and Mr. Gorski was captured on video and "went viral" on social media, being reposted thousands of times. *Id.*, ¶¶203, 205.

---

[1] A true and correct copy of the Complaint is attached hereto as **Exhibit "A."**

#124547904v3

The District Attorney's Office declined all charges against Mr. Gorski and initiated an internal investigation into Mr. Bologna's actions and his use of force with respect to Mr. Gorski. *Id.*, ¶¶208, 215. After reviewing the relevant evidence, the District Attorney's Office prepared an affidavit of probable cause and ultimately, a criminal complaint against Mr. Bologna for his excessive use of force. *Id.*, ¶¶280, 311. Mr. Bologna was charged with (i) Possession of an Instrument of Crime, (ii) and (iii) Aggravated Assault (two counts), (iv) Reckless Endangering Another Person, and (v) Simple Assault. *Id.*, ¶311. In June 2020, Mr. Bologna turned himself in at the Northeast Detective Division at the 15th Police District, where he was arrested, processed and released after seven hours. *Id.*, ¶¶324-27. Thereafter, on January 15, 2021, Mr. Bologna appeared for a preliminary hearing before the Honorable Henry Lewandowski of the Philadelphia County Court of Common Pleas. *Id.*, ¶327. The Philadelphia District Attorney's Office then proceeded with the prosecution of Mr. Bologna based upon his actions on June 1, 2020, which ultimately culminated with a jury acquitting Mr. Bologna in February 2024. *See,* Complaint, pgs. 46-56.

Plaintiffs commenced this lawsuit by filing their Complaint on or about July 19, 2024 seeking to assert claims for: False Arrest and Malicious Prosecution in violation of Section 1983 against the DAO Defendants (Count I); Established Policies, Practices and Customs in violation of Section 1983 against D.A. Krasner (Count II); Intentional Infliction of Emotional Distress against the DAO Defendants (Count III); and Loss of Consortium against the DAO Defendants (Count IV). *Id.*, pgs. 59-69.

### III.    ARGUMENT

#### A. Legal Standard

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead sufficient facts to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

#124547904v3

(2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege facts necessary to make out each element. *See*, *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 669, 679). "Conclusory allegations are insufficient to survive a motion to dismiss." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

"A statute of limitations defense may be raised by motion under Rule 12(b)(6) if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Jodek Charitable Trust, R.A. v. Vertical Net, Inc.*, 412 F. Supp. 2d 469, 474 (E.D. Pa. 2006) (quoting *Hanna v. United States Veterans Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975); *see also, Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). With respect to Section 1983 claims, a "1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del. V. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). "Under Pennsylvania law, the statute of limitations applicable to all actions for personal injury (including false imprisonment) is two years." *Getz v. Bruch*, 400 F. Supp. 1033, 1035 (E.D. Pa. 1975) (holding two-year statute of limitations applied to false arrest and false imprisonment); *Stephany v. Department of Corrections*, 397 F. Supp. 3d 654, 656 (E.D. Pa. 2019).

### B.  Mr. Bologna's Section 1983 Claims are Time Barred.

Mr. Bologna asserts two separate claims under Section 1983: (Count I) False Arrest and Malicious Prosecution; and (Count II) Established Polices, Practices, Customs, in Violation of Section 1983. The facts alleged in the Complaint demonstrate that the applicable two-year statute of limitations expired long before the Complaint was filed. Mr. Bologna's Section 1983 claims are stale and should be dismissed.

4

**i.    Mr. Bologna's Section 1983 Claim for False Arrest is Stale.**

This Circuit has held that, with respect to claims for false arrest or false imprisonment, the accrual of the claim occurs when a plaintiff "appear[s] before the examining magistrate and [is] bound over for trial," i.e., "once the victim becomes held pursuant to the legal process." *Geness v. Cox*, 902 F.3d 344, 355-56 (3d Cir. 2018) (quoting *Wallace v. Kato*, 549 U.S. 384, 389, 391 (2007)). "Federal law, not state law determines when a limitations period begins to run." *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018) (quoting*, Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). "A claim accrues when the last act needed to complete the tort occurs...for a false arrest, that is the moment when legal process justifies the detention or, absent legal process, the moment of release." *Id.* (quoting *Wallace v. Kato*, 549 U.S. at 390-91).

Plaintiffs admit that Mr. Bologna appeared before the Honorable Henry Lewandowski for a preliminary hearing on January 15, 2021. Complaint, ¶327. Plaintiffs also admit that prior to that preliminary hearing, Mr. Bologna turned himself in at the Northeast Detective Division at the 15th Police District, where his arrest was processed and, after seven hours in custody, he was released upon his own recognizance. *Id.,* ¶¶324-326. Whether the statute of limitations began to run when Mr. Bologna was arrested and summarily released or on January 15, 2021, when he appeared for his preliminary hearing, the two-year statute of limitations expired no later than January 15, 2023. The Complaint in this case was filed on July 19, 2024 – a year and a half after the statute of limitations expired. Where, as here, the time alleged in a plaintiff's complaint clearly evidences a stale claim brought outside of the expired statute of limitations, courts in this Circuit have not hesitated to dismiss the claim. *See, Nguyen*, 906 F.3d 271 (Third Circuit affirmed dismissal of Section 1983 claim where plaintiff filed outside of applicable statute of limitations); *Brown v. Primecare Health*, 440 F.Supp.3d 406 (E.D. Pa. 2020) (court dismissed plaintiff's Section 1983 claim on motion to dismiss were plaintiff's claim was filed outside of applicable two year statute

of limitations); *Edwards v. Media Borough Council*, 430 F. Supp. 2d 445 (E.D. Pa. 2006) (court dismissed Section 1983 claim where complaint was filed almost two years after statute of limitations period ended); *Young v. City of Allentown*, 882 F. Supp. 1490 (E.D. Pa. 1995) (court dismissed Section 1983 claims that occurred outside the period of limitations).

Plaintiffs' own allegations demonstrate that any claim had to be filed before January 15, 2023. Mr. Bologna failed to do so and as a result, his Section 1983 false arrest claim should be dismissed with prejudice.

ii.    **Mr. Bologna's Section 1983 Claim for Established Policies, Practices, and Customs is Similarly Stale.**

Plaintiffs allege in Count II that the conduct about which they complain in Count I was pursuant to Established Polices, Practices, and Customs in Violation of Section 1983 (Count II). For the reasons Count I is time barred, so is Count II. Accordingly, this claim should also be dismissed with prejudice.

As previously discussed, claims asserting violations of Section 1983 are subject to a statute of limitations of two years. *See*, *Stephany v. Department of Corrections*, 397 F. Supp. 3d 654. Plaintiffs allege that "Krasner developed and maintained policies, procedures, customs and/or practices including conducted biased and corrupted pre-probable cause investigation" and that these were the "moving force behind the malicious prosecution and proximately caused the violations of Mr. Bologna's constitutional and federal rights." Complaint, ¶465. By Plaintiffs' own allegations, the alleged established policies, procedures, and customs necessarily predated the alleged malicious prosecution. Thus, by Plaintiffs' own admissions, more than two years elapsed between when his claimed claim accrued and the date on which the Complaint was filed. Because Mr. Bologna's Section 1983 claim for established policies, practices, and customs was filed outside the applicable statute of limitations, this claim should be dismissed with prejudice.

#124547904v3

### C.  Plaintiffs' Claims for Intentional Infliction of Emotional Distress and Loss of Consortium are Time Barred.

Plaintiffs' claims for intentional infliction of emotional distress (Count III and IV) are similarly stale, as they were filed outside of the two-year statute of limitations. These claims should be dismissed with prejudice.

"An action for intentional infliction of emotional distress ("IIED") requires a plaintiff to show that (1) the conduct is extreme; (2) the conduct is intentional or reckless; (3) the conduct caused emotional distress; and (4) the distress is severe." *Kornegay v. City of Philadelphia,* 299 F. Supp. 3d 675, 683 (E.D. Pa. 2018). Claims for intentional infliction of emotional distress are subject to a two-year statute of limitations in Pennsylvania. *See*, *Little v. City & Cnty. of Phila.,* 2008 WL2704579 at *1 (E.D. Pa. July 3, 2008); *Johnson v. City of Philadelphia,* 1997 WL152790 (E.D. Pa. Mar. 28, 1997). Similarly, the statute of limitations is two years for personal injury claims, including loss of consortium. *See*, 42 Pa.C.S. §5224; *Ormsby v. Luzerne County Dept. of Public Welfare Office of Human Services*, 149 Fed. Appx. 60, 62 (3d Cir. 2005); *Thomas v. Orozco-Pineda*, 2024 WL4729878 at *3 (M.D. Pa. Nov. 8, 2024); *Firmani v. Zipnock*, 2021 WL1312918 at *4 (W.D. Pa. Apr. 8, 2021). "To determine the timeliness of a claim, the statute of limitations for loss of consortium 'begins to run on the same date that the physically injured party's personal injury claim begins to run." *Firmani*, 2021 WL1213918 at *4 (quoting *Thomas v. Univ. of Pennsylvania School of Dental Medicine*, 1986 WL12806, at *3 (E.D. Pa. Nov. 6, 1986)).

As previously discussed, Plaintiffs admit in their Complaint that "[t]he claims here are brought against Krasner and Tripp based on their conduct before the initiation of the judicial process." Complaint, ¶322. That conduct, according to the Complaint, was "investigative, pre-probable cause activities outside of court and prior the initiation of any judicial phase of the prosecution." *Id.,* ¶5. The judicial phase of the prosecution began (and the pre-prosecution period

ended) no later than January 15, 2021, when Mr. Bologna appeared for his preliminary hearing. Accordingly, any claim for intentional infliction of emotional distress or loss of consortium must have been filed before two years after January 15, 2021.

Plaintiffs failed to file their intentional infliction of emotional distress and loss of consortium claims within the two-year statute of limitations. Even assuming that Plaintiffs' claims could be traced back to the first preliminary hearing before Judge Lewandowski on January 15, 2021, they were still required to file their two common law claims before January 15, 2023 – which they unequivocally failed to do. Plaintiffs' failure to file within the statute of limitations is fatal to their intentional infliction of emotional distress and loss of consortium claims. *See, Ormsby v. Luzerne*, 149 Fed. Appx. 60 (Third Circuit dismissed appeal and upheld district court's finding that emotional distress claim was filed outside of statute of limitations and time-barred); *Williams v. Wexford Health Sources, Inc.*, 199 F. Supp. 3d 917 (E.D. Pa. 2016) (court dismissed emotional distress claim as untimely when filed outside of statute of limitations); *Deily v. Waste Management of Allentown*, 118 F. Supp. 2d 539 (E.D. Pa. 2000) (dismissing emotional distress claim where plaintiff filed outside of statute of limitations); *Firmani v. Zipnock* (court dismissed loss of consortium claim filed outside the statute of limitations).

Because Plaintiffs' intentional infliction of emotional distress and loss of consortium claims were filed outside the statute of limitations, Count III for intentional infliction of emotional distress and Count IV for loss of consortium should be dismissed with prejudice as to the DAO Defendants.

#124547904v3

### D.  The DAO Defendants are Absolutely Immune from Mr. Bologna's Section 1983 Claims.

Mr. Bologna's Section 1983 claims must be dismissed for the additional reason that, if and to the extent his claims are premised on conduct after the initiation of the judicial process, the conduct is protected by absolute immunity. The judicial process began no later than January 15, 2021, when Mr. Bologna appeared before Judge Lewandowski for his preliminary hearing. Accordingly, any conduct within the two-year statute of limitations must be protected by absolute immunity.

In the seminal case of *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), the Supreme Court held that the determination of whether a prosecutor is entitled to absolute immunity for his/her conduct depends on the function the prosecutor was performing. *See also, Burns v. Reed*, 500 U.S. 478, 486 (1991). "Prosecutors are absolutely immune from §1983 liability for acts performed in the course of their function as advocates for the state." *Segers v. Williams*, 12 F. Supp. 3d. 734, 738 (E.D. Pa. 2014) (quoting *Yarris v. Cnty. of Delaware*, 465 F.3d 129, 135-36 (3d Cir. 2006)). "Absolute immunity thus attaches to acts 'intimately associated with the judicial phase of the criminal process,' including 'initiating a prosecution and…presenting the State's case.'" *Id.* citing *Imbler*, 424 U.S. at 409. "Actions relating to a prosecutor's handling and presentation of evidence are squarely within a prosecutor's advocacy function – and thus entitled to absolute immunity." *Id.* at 739; *see also, Henderson v. Fischer*, 631 F.2d 1115, 1120 (3d Cir. 1980).

Plaintiffs, by their own admission, state unequivocally that "[t]he claims here are brought against Krasner and Tripp based on their conduct before the initiation of the judicial process." Complaint, ¶322. However, to the extent Plaintiffs base their claims on any of those prosecutorial functions performed by the DAO Defendants following the initiation of the judicial process against Mr. Bologna, any such actions taken by the DAO Defendants are protected by absolute immunity.

#124547904v3

The DAO Defendants are immune from suit with respect to Plaintiffs' Section 1983 claims for any actions taken once the judicial process commenced.

> ### E. For Conduct Prior to Commencement of Judicial Proceedings, the DAO Defendants are Immune from Mr. Bologna's Section 1983 Claims Under Qualified Immunity.

Plaintiffs' Section 1983 claims based on alleged conduct during the investigative stage of the prosecution are barred by the statute of limitations. However, even if that were not the case, the conduct would be protected by qualified immunity. Plaintiffs' Section 1983 claims should also be dismissed with prejudice for this reason as well.

Qualified immunity is a powerful shield that is designed to protect public officials from "undue interference with their duties and from potentially disabling threats of liability." *Wright v. City of Phila.,* 409 F.3d 595, 599 (3d Cir. 2005) (internal quotation marks and citation omitted). "The doctrine of qualified immunity 'insulates government officials who are performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Kane v. Chester Cnty. Dept. of Children, Youth and Families,* 10 F. Supp. 3d 671, 695 (E.D. Pa. 2014) (quoting *James v. City of Wilks-Barre,* 700 F.3d 675, 679 (3d Cir. 2012)). When it applies, "[q]ualified immunity is an immunity from suit, not a mere defense to liability." *Sullivan v. Warminster Twp.,* 765 F. Supp. 2d 687, 709 (E.D. Pa. 2011) (internal quotation marks and citation omitted). Public officials are protected unless their actions "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Wright,* 409 F.3d at 599–600 (internal quotation marks and citation omitted). Qualified immunity is, therefore, a two-step inquiry: 1) has there been a violation of a constitutional right; and 2) was that right clearly established at the time of the alleged violation. *Cicchiello v. Beard,* 726 F. Supp. 2d 522, 531–32 (M.D. Pa. 2010), *aff'd sub nom. Cicchiello v. Sec'y Pennsylvania Dep't of Corr.,* 458 F.

App'x 117 (3d Cir. 2012). Importantly, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Here, Plaintiffs state that their claims are based on the DAO Defendants' "conduct before the initiation of the judicial process." Complaint, ¶322. Plaintiffs' claims are therefore based on the DAO Defendants' investigation into the video of the events which occurred on June 1, 2020, the pre-probable cause investigation, the interview of Evan Gorski, and the ultimate decision to draft the affidavit of probable cause and charge Mr. Bologna. Although Plaintiffs generally allege that the DAO Defendants violated Mr. Bologna's civil rights by eliciting allegedly false testimony and including that allegedly false testimony in the affidavit of probable cause, the DAO Defendants were, at all times, performing discretionary functions related to their prosecutorial duties. Indeed, interviewing a witness is a discretionary function. There is no support in the law for Plaintiffs' assertion that an interview that does not last longer than 13 minutes violates their civil rights. Similarly, there is no support for Plaintiffs' assertion that the DAO Defendants' decision to proceed with the prosecution of Mr. Bologna without regard to the IAD's initial comments concerning its nascent investigation and before the IAD concluded its investigation amounts to a violation of Mr. Bologna's civil rights. To the contrary, the DAO Defendants' decision to commence the prosecution of Mr. Bologna before the IAD had completed its investigation based on the evidence they had obtained is a discretionary act protected by qualified immunity. While a jury ultimately found in Mr. Bologna's favor under the beyond a reasonable doubt standard, that does not render the DAO Defendants' initial decision to prosecute Mr. Bologna as malicious or in violation of his civil rights.

Accordingly, because the DAO Defendants' alleged actions were discretionary functions of their jobs and Plaintiffs fail to allege facts demonstrating that those actions amounted to

11

violations of clearly established rights, the conduct of the DAO Defendants prior to the initiation of prosecution is protected by qualified immunity. Mr. Bologna's Section 1983 claims should, therefore, be dismissed with prejudice for this reason as well.

### F. Mr. Bologna Fails to State a Claim for Section 1983 Malicious Prosecution.

Mr. Bologna's effort to state a claim for Section 1983 malicious prosecution fails for the additional reason that he did not suffer a deprivation of liberty sufficient to satisfy the requirement of a seizure.

It is well established that to prevail in a Section 1983 malicious prosecution action, a plaintiff must show:

"(1) the defendants initiated a criminal proceeding;

(2) the criminal proceeding ended in the plaintiff's favor;

(3) the proceeding was initiated without probable cause;

(4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and

(5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."

*DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005); *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003); *Basile v. Township of Smith,* 752 F. Supp. 2d 643, 658 (W.D. Pa. 2010).

Even assuming, arguendo, that Plaintiffs could satisfy elements 3 and 4, Plaintiffs do not – and cannot – satisfy the essential fifth element of a Section 1983 claim for malicious prosecution. They did not suffer "a 'deprivation of liberty consistent with the concept of seizure' within the meaning of the Fourth Amendment as a result of the malicious legal proceedings." *Basile*, 752 F. Supp. 2d at 659 (*quoting DiBella*, 407 F.3d at 601). Importantly, courts in this Circuit have

12

dismissed Section 1983 malicious prosecution claims where the plaintiff was not subject to pretrial custody or onerous, non-custodial restrictions and did not endure any post-indictment deprivations of liberty. *See*, *Wiltz v. Middlesex County Office of Prosecutor*, 249 Fed. Appx. 944 (3d Cir. 2007) (affirming district court's dismissal of Section 1983 claim where plaintiff did not allege they were incarcerated, required to post bond, maintain contact with pretrial services, refrain from traveling, or endured any other post-indictment deprivation of liberty); *DiBella*, 407 F.3d 599 (finding no seizure significant enough to support malicious prosecution where plaintiffs were never incarcerated, never posted bail, were free to travel, and did not have to report to pre-trial services); *Basile*, 752 F. Supp. 2d 643 (dismissing Section 1983 claim where plaintiffs weren't subject to actions constituting a "seizure" following arrest and filing of charges). "The arrest alone is not enough in this circuit to constitute a seizure." *Basile*, 752 F. Supp. 2d at 660.

Mr. Bologna *cannot* satisfy the essential requirement of a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Here, the only claimed deprivation of liberty is that Mr. Bologna "turned himself in at the Northeast Detective Division at the 15th Police District, where his arrest was processed," that he was "fingerprinted, photographed, and had conditions for pretrial release set by a Magistrate," and that he "spent seven hours in custody at the police district before he was released on his own recognizance." Complaint, ¶¶324-326. That is insufficient to constitute a seizure. Mr. Bologna does not allege that he was jailed, required to post bail, that his travel within or outside of the Commonwealth was limited, that he was required to maintain contact with any pretrial services, or that he suffered any other onerous, post-indictment deprivations of liberty. While Mr. Bologna alleges he was required to attend preliminary hearings and ultimately appear for his criminal trial, the Third Circuit has held

13

that attending court proceedings does not constitute a seizure for purposes of the Fourth Amendment. *See*, *Dibella*, 407 F.3d 599; *Basile*, 752 F. Supp. 2d 643.

No amount of discovery will alter the fact that Mr. Bologna was not subject to "onerous, non-custodial restrictions" and "post-indictment deprivations of liberty" sufficient to constitute a seizure. Mr. Bologna's Section 1983 malicious prosecution claim should be dismissed with prejudice as to the DAO Defendants.

### G.  Mrs. Bologna Fails to State a Claim for Loss of Consortium.

Plaintiffs also fail to set forth a valid claim for Loss of Consortium (Count IV) and this claim should also be dismissed, with prejudice. "Under Pennsylvania law, a wife's consortium claim derives only from the injured husband's right to recover in tort." *Wakshul v. City of Philadelphia,* 998 F. Supp. 585, 590 (E.D. Pa. 1998) (citing *Little v. Jarvis*, 280 A.2d 617, 620 (Pa. Super. 1971). Moreover, this Circuit has repeatedly held that "there is no authority to permit spousal recovery for loss of consortium on violations of the other spouse's civil rights." *See, Quitmeyer v. SEPTA*, 740 F. Supp. 363, 370 (E.D. Pa. 1990); *Wakshul v. City of Philadelphia*, 998 F. Supp. 585; *Thomas v. Shutika*, 2012 WL4050005 at *1 (M.D. Pa. Aug. 24, 2012); *Dunshee v. McGurk*, 1987 WL18418 at *1 (E.D. Pa. Oct. 8, 1987); *Touchstone v. Upper Gwynedd Township*, No. 78-2112, slip op. at 2, 4 (E.D. Pa. July 29, 1980). "In particular, there is no authority to consider a loss of consortium claim deriving from a claim of injury by an injured spouse pursuant to 42 U.S.C. §1983." *Occhipinti v. Bauer*, 2016 WL5845196 at *14 (M.D. Pa. Mar. 23, 2016).

In accordance with well-established case law in this Circuit, Mrs. Bologna's loss of consortium claim cannot be premised upon her husband's civil rights claims under Section 1983 (Count I and Count II), as no such authority supports such a derivative attachment. Therefore, the loss of consortium claim must be premised upon Mr. Bologna's intentional infliction of emotional distress claim. However, as discussed above, Mr. Bologna's intentional infliction of emotional

distress claim is stale, as it was filed outside of the two-year statute of limitations. Without a valid, underlying claim, Mrs. Bologna's loss of consortium claim cannot survive and must be dismissed with prejudice pursuant to Rule 12(b)(6).

## IV.    **CONCLUSION**

For the foregoing reasons, Plaintiffs' Section 1983 claims, intentional infliction of emotional distress claim, and loss of consortium claim as to defendants Lawrence Krasner, Tracy Tripp and Sgt. Gerlad Rocks should be dismissed with prejudice.


DATED:  January 15, 2025                  */s/ David Smith*
                                          David Smith (ID: 21480)
                                          Theresa E. Loscalzo (ID: 52031)
                                          Christopher Nana-Sinkam (ID: 320189)
                                          **DILWORTH PAXSON LLP**
                                          1650 Market Street, Suite 1200
                                          Philadelphia, PA 19103
                                          (215) 575-7000
                                          *Counsel for Defendants Lawrence Krasner,*
                                          *Tracy Tripp, and Sgt. Gerald Rocks*

15