IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH BOLOGNA** | : | |
| **and DIANA BOLOGNA** | : | CIVIL ACTION |
| | : | |
| *Plaintiffs,* | : | |
| | : | NO.  2:24-cv-03185-KNS |
| v. | : | |
| | : | |
| **LAWRENCE S. KRASNER,** *et al.* | : | **JURY TRIAL DEMANDED** |
| | : | |
| *Defendants.* | : | |
| | : | |

## <u>ORDER</u>

**AND NOW**, on this _____day of _____, 2024, upon consideration of

Defendants, Lawrence Krasner, Tracy Tripp and Sgt. Gerald Rocks' Second Motion for Extension

of Time to Respond to Complaint, and Plaintiffs' Opposition thereto, and the record as a whole, it

is hereby **ORDERED** and **DECREED**, that Defendants' Motion is **DENIED.**

BY THE COURT:

_____,
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH BOLOGNA** | : | |
| **and DIANA BOLOGNA** | : | CIVIL ACTION |
| | : | |
| *Plaintiffs,* | : | |
| | : | NO.   2:24-cv-03185-KNS |
| v. | : | |
| | : | |
| **LAWRENCE S. KRASNER,** *et al.* | : | **ORAL ARGUMENT REQUESTED** |
| | : | |
| *Defendants.* | : | |
| | : | |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS, LAWRENCE KRASNER, TRACY TRIPP AND SGT. GERALD ROCKS' SECOND MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Plaintiffs by and through undersigned counsel, Bochetto & Lentz, P.C., hereby file their Response in Opposition to Defendants, Lawrence Krasner, Tracy Tripp and Sgt. Gerald Rocks' Second Motion for Extension of Time to Respond to Complaint and in support thereof aver as follows:

### INTRODUCTION

Plaintiff strongly opposes the DAO Defendants' **second** Motion for Extension of Time – which is based on the same grounds as their first request and is now demonstrably false.

Plaintiff filed the instant Complaint nearly a year ago on July 19, 2024. Defendants Lawrence Krasner ("Krasner"), Tracy Tripp ("Tripp"), and Gerald Rocks ("Rocks") (Collectively, the "DAO Defendants") filed their first Motion for Extension of Time on August 8, 2024, claiming "Plaintiffs' 70-page Complaint includes 428 paragraphs, including multiple paragraphs with detailed factual averments and narratives that require significant investigation in order for the DAO Defendants to respond." (ECF. 11 at ¶8). After Plaintiff raised concerns about the DAO

Defendants' concurrent conflict of interest, the DAO Defendants were Ordered to meet with counsel and review the facts alleged against each DAO Defendant with independent ethics counsel. On December 16, 2024, the DAO Defendants represented to this Court in a filing that they thoroughly reviewed the factual allegations of the Complaint. (ECF. 36) at Pg. 5. ("The DAO Defendants' informed consent letters are replete with information concerning both Mr. Byrne's and Ms. Mathewson's discussions with their respective clients regarding the allegations in Plaintiffs' complaint."). Thereafter, this Court granted the DAO Defendant's first request for extension of time and Ordered the response be filed by January 15, 2025.

On January 15, 2025 – having had an additional 6 months to prepare a response – the DAO Defendants then filed a lengthy Motion to Dismiss Plaintiff's Complaint. After several more months of briefings and hearings, this Court resolved the Motion to Dismiss and Ordered the DAO Defendants to respond to the Complaint by July 16, 2025. Despite having a full year to prepare a response and admitting on the record that the DAO Defendants reviewed the factual allegations, the DAO Defendants now seek a second extension. Interestingly, in the instant Motion, the DAO Defendants cite the exact same grounds for requesting additional time. *See* DAO Defendants' second Motion for Extension of Time at ¶10 (again claiming "Plaintiffs' 70-page Complaint includes 488 paragraphs, including multiple paragraphs with detailed factual averments and narratives spanning several years that require significant investigation in order for the DAO Defendants to respond.") Clearly the DAO Defendants' reasoning is made in bad faith, as it is repetitive and directly contradicts the DAO Defendants' December 16, 2024, representations to this Court.

Finally, the DAO Defendants' second Motion for Extension of Time is accompanied by their year-long refusal to cooperate in a Rule 26(f) conference, despite Plaintiff's good faith efforts

to work with all counsel. Indeed, the Defendants have acted in concert to thwart Plaintiff's repeat efforts to schedule the Rule 26(f) in accordance with this Court's policies since August 2, 2024, and still to this day. As demonstrated in Plaintiff's Response and accompanying exhibits, the Defendants' second Motion for Extension of Time is part of their collective misconduct made in a bad faith effort to further delay the prosecution of Plaintiff's meritorious claims. Plaintiff opposes this Motion as he has been seeking justice for this malicious prosecution for over 5 years and has already suffered through a full year of delay tactics brought by the Defendants. For these reasons, Plaintiff respectfully requests this Court deny the DAO Defendants second Motion for Extension of Time.

## **RESPONSE**

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.      Denied. Plaintiff's Complaint was served upon Defendants, Lawrence Krasner, Tracy Tripp, and Sgt. Gerald Rocks (hereinafter, the "DAO Defendants") on July 24, 2024. Therefore, the DAO Defendants have had nearly a year to investigate the facts in the Complaint and prepare a response. Similarly, the DAO Defendants have filed extensive briefs in their Motion

to Dismiss the Complaint and have familiarized themselves with the facts over the span of several months. Therefore, the DAO Defendants' attempt to characterize the lengthy Complaint as a basis for an extension is disingenuous. Indeed, the DAO Defendants made this same argument in August of 2024 in support of their first Motion for Extension of Time filed on August 8, 2024. (ECF. 11) (See ¶8, stating "Plaintiffs' 70-page Complaint includes 428 paragraphs, including multiple paragraphs with detailed factual averments and narratives that require significant investigation in order for the DAO Defendants to respond.") The DAO Defendants' first Motion for Extension of Time, based on the very same grounds, was ultimately granted and the DAO Defendants have now had nearly a year to investigate the facts and prepare their response – which they have.

Indeed, the DAO Defendants have already represented to this Court that they have fully reviewed the allegations in the Complaint with counsel as early as at least December 16, 2024. On that date, following an Order from this Court compelling the DAO Defendants to consult with ethics counsel regarding a concurrent conflict of interests, the DAO Defendants filed a Reply in which they stated that "**The DAO Defendants' informed consent letters are replete with information concerning both Mr. Byrne's and Ms. Mathewson's discussions with their respective clients regarding the allegations in Plaintiffs' complaint**." *See* Bench Memorandum Of Law Of Defendants Lawrence Krasner, Tracy Tripp, and Sgt. Gerald Rocks In Advance Of The December 18, 2024 Hearing (ECF. 36) at Pg. 5. Accordingly, the DAO Defendants are on record admitting that they have reviewed the specific factual allegations against them over 7 months prior to filing the instant request for an extension. For these reasons, Plaintiff respectfully requests this Court deny the DAO Defendants second request for an extension, which is supported by demonstrably false statements and is simply another attempt to delay these proceedings.

Similarly, the Defendants have also been refusing to cooperate in a Rule 26(f) conference since August of 2024, despite Plaintiff's ample good faith efforts to conduct the conference, which is required by the Federal Rules of Civil Procedure and this Court's policies. On August 2, 2024, Plaintiff engaged counsel for all Defendants in attempting to schedule a Rule 26(f) conference. *See* Plaintiff's August 2 email attached hereto as Ex. A. Counsel for the City responded with his availability, before shortly following up "on second thought" and refusing to participate until the Court ordered a Rule 16 Conference. *Id*. Plaintiff's counsel respectfully informed Defense counsel that "There is no instruction requiring a delay pending the Rule 16 Conference. Rather, the actual Federal Rule states that "the parties must confer as soon as practicable"(Fed. Rules Civ. Proc., rule 26(f)(1).). Given the complexity of this matter and that all Defendants are now represented, we are looking to confer as soon as practicable to outline potential issues, disclosures, discovery, etc." *Id*. Despite these efforts, Defendants all refused to further cooperate in a Rule 26(f) conference. Instead, the DAO Defendants filed their first Motion for Extension of Time, which was granted and subsequently filed a Motion to Dismiss on January 15, 2025.

After months of briefings and hearings, this Court disposed of Defendants Motions to Dismiss by Order dated June 25, 2025 (ECF. 56). On Monday, June 30, 2025, Plaintiff's counsel again engaged Defense counsel seeking to schedule a Rule 26(f) conference. Counsel for the City was again unresponsive and uncooperative in Plaintiff's efforts to engage in the mandatory Rule 26(f) conference. After several follow up attempts at scheduling, counsel for the City finally responded on July 8, 2025, again citing the absence of a Rule 16 scheduling Order as a basis to not cooperate in the Rule 26(f) conference. Plaintiff's counsel again followed up and respectfully advised defense counsel the following regarding the Federal Rules and this Court's policy:

"Though the Rule 16 has not yet been scheduled (and we will request that it is shortly) this does not suspend our duty to meet for the Rule 26 conference. The Federal Rule states that **"the parties must confer as soon as practicable"**(Fed. Rules Civ. Proc., rule 26(f)(1).).

More importantly, Judge Slomsky's policies are clear that **"The Rule 26(f) meeting shall take place <u>as soon as possible</u>."** Further, Judge Slomksy's policy also states **"Outstanding motions will not excuse the requirements of holding the meeting and submitting the plan. Compliance is mandatory. Parties who do not comply will have no voice at the scheduling conference and may be subject to additional sanctions."**

We filed this lawsuit a full year ago.

Last August, we attempted to schedule our Rule 26 after the Complaint was filed and our efforts were thwarted by non-compliance from Defendants due to the Motions to Dismiss, which should not have delayed the Rule 26 conference. See the attached email thread with Ben from August. Clearly these delay tactics violate the Judge's policies. Regardless, we laid off the issue while the Motions to Dismiss went forward. They have no[w] been resolved. We are already a year behind schedule and have to schedule the Rule 26 this week.

I understand this is not your case, but there is a lot of history here. And put simply, we cannot allow further delay at the expense of prejudice to the Plaintiff and further violation of the Judge's instructions.

Accordingly, we are requesting that someone from your office make themself available this week for the Rule 26 conference. Our team will work with your availability,

but we need this scheduled ASAP." *See* the full Rule 26(f) scheduling email thread attached hereto as Ex. B.

Counsel for the City then responded advising that the City will be moving for reconsideration of the Court's June 25 Order denying the City's Motion to Dismiss, and on those grounds again refused to cooperate in the Rule 26(f) conference. *Id.* Plaintiff's counsel then attempted to schedule the Rule 26(f) conference with counsel for the DAO Defendants, pursuant to this Court's instruction. However, on July 10, 2025, counsel for DAO Defendants advised that they, too, would not cooperate in a Rule 26(f), citing the City's refusal to cooperate as grounds to avoid the conference altogether. *Id.*

As demonstrated in the above discussion, the Defendants have been refusing to cooperate in a Rule 26(f) conference for nearly a year – in violation of the Federal Rules and this Court's policies. [1] Accordingly, Defendants' collective efforts are intended to further delay proceedings and prejudice Plaintiff. Therefore, Plaintiff strongly oppose the DAO Defendants' second Motion for Extension of Time, which Plaintiff views as just the latest of a year's long series of delay tactics.

11.     Denied. Plaintiff incorporates its response to ¶10 above. As discussed, the DAO Defendants have had nearly a year to investigate the facts alleged in the Complaint and review the 488 paragraphs with counsel. Moreover, the DAO Defendants are on record admitting that they have reviewed the specific factual allegations against them nearly 8 months prior to filing the instant request for an extension of time. Finally, as demonstrated above, all Defendants have been refusing to cooperate in a Rule 26(f) conference since August of 2024, in violation of the Federal

---

[1] *See*, Polices and Procedures of the Honorable Judge Joel H. Slomsky, Section II (chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.paed.uscourts.gov/sites/paed/files/documents/procedures/slopol2.pdf)

Rules and this Court's policies. For these reasons, Plaintiff respectfully requests this Court deny the DAO Defendants' **<u>second</u>** Motion for Extension of Time, which is supported by demonstrably false statements and is simply another attempt to delay these proceedings.

12.    Denied. Plaintiff incorporates its response to ¶10 above. As discussed, the DAO Defendants have had nearly a year to investigate the facts alleged in the Complaint and review the 488 paragraphs with counsel. Moreover, the DAO Defendants are on record admitting that they have reviewed the specific factual allegations against them nearly 8 months prior to filing the instant request for an extension. Finally, as demonstrated above, all Defendants have been refusing to cooperate in a Rule 26(f) conference since August of 2024, in violation of the Federal Rules and this Court's policies. For these reasons, Plaintiff respectfully requests this Court deny the DAO Defendants' **<u>second</u>** Motion for Extension of Time, which is supported by demonstrably false statements and is simply another attempt to delay these proceedings.

13.    Denied. Plaintiff incorporates its response to ¶10 above. As discussed, the DAO Defendants have had nearly a year to investigate the facts alleged in the Complaint and review the 488 paragraphs with counsel. Moreover, the DAO Defendants are on record admitting that they have reviewed the specific factual allegations against them nearly 8 months prior to filing the instant request for an extension. Finally, as demonstrated above, all Defendants have been refusing to cooperate in a Rule 26(f) conference since August of 2024, in violation of the Federal Rules and this Court's policies. For these reasons, Plaintiff respectfully requests this Court deny the DAO Defendants' **<u>second</u>** Motion for Extension of Time, which is supported by demonstrably false statements and is simply another attempt to delay these proceedings.

14.    Denied. This Paragraph contains a legal conclusion to which no response is required. By way of further response, Plaintiff incorporates its response to ¶10 above.

15.     Denied. This Paragraph contains a legal conclusion to which no response is required. By way of further response, Plaintiff incorporates its response to ¶10 above.

16.     Denied. As demonstrated in Plaintiff's to ¶10 above, Defendants' reasoning for requesting this second extension is contradicted by their own statements on the record before this Court. Moreover, Plaintiff has demonstrated the Defendants' ongoing refusal to cooperate in a Rule 26(f) since August of 2024. Collectively, Defendants' second request for an extension of time is clearly made in bad faith and just a continuation of their delay tactics.

17.     Denied. Plaintiff has already suffered substantial prejudice by Defendants' ongoing motion practice and refusal to cooperate in a Rule 26(f) conference for nearly a year. The plaintiff has now endured months of delay due to Defendants' bad faith conduct and will suffer more if Defendants are granted yet another extension.

18.     Denied. This Paragraph contains a legal conclusion to which no response is required. By way of further response, Plaintiff incorporates its response to ¶10 above.

19.     Admitted.

20.     Denied. This Paragraph contains a legal conclusion to which no response is required. By way of further response, Plaintiff incorporates its response to ¶10 above. Plaintiff has been seeking justice for this malicious prosecution for over 5 years and has been made to endure a year of bad faith delay tactics by Defendants. Accordingly, Plaintiff respectfully requests this Court deny the DAO Defendants' second Motion for Extension of Time, which is based on repetitive and demonstrably false grounds.

WHEREFORE, Plaintiffs respectfully request this Court deny Defendants' Second Motion for Extension of Time.

Respectfully Submitted,

**BOCHETTO & LENTZ, P.C.**

Date: July 14, 2025     By:  */s/ George Bochetto*
                                  GEORGE BOCHETTO, ESQUIRE
                                  PA ID No. 27783
                                  gbochetto@bochettoandlentz.com
                                  GAVIN P. LENTZ, ESQUIRE
                                  PA ID No. 53609
                                  glentz@bochettoandlentz.com
                                  KEAN C. MAYNARD, ESQUIRE
                                  PA ID No. 327794
                                  kmaynard@bochettoandlentz.com
                                  1524 Locust Street
                                  Philadelphia, PA 19102
                                  215-735-3900
                                  215-735-2455 fax
                                  *Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH BOLOGNA** | : | |
| **and DIANA BOLOGNA** | : | CIVIL ACTION |
| | : | |
| *Plaintiffs,* | : | |
| | : | NO.   2:24-cv-03185-KNS |
| v. | : | |
| | : | |
| **LAWRENCE S. KRASNER,** *et al.* | : | **JURY TRIAL DEMANDED** |
| | : | |
| *Defendants.* | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, *George Bochetto, Esquire,* hereby certify that a true and correct copy of the forgoing was filed electronically through this Court's ECF System and is available for viewing and downloading from this Court's ECF System. I further certify that an electronic copy of the foregoing was served upon the following through this Court's ECF System:

Benjamin T. Jackal
Deputy City Solicitor
City of Philadelphia –
Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
ben.jackal@phila.gov
**Attorney for Defendant, The City of Philadelphia**

David Smith, Esquire
Christopher Charles Nana-Sinkam, Esquire
Theresa E. Loscalzo, Esquire
DILWORTH PAXSON, LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102-2101
dsmith@dilworthlaw.com
cns@dilworthlaw.com
tloscalzo@dilworthlaw.com
**Attorneys for Defendants, Lawrence S. Krasner, Tracy Tripp and Sgt. Gerald Rocks**

**BOCHETTO & LENTZ, P.C.**

Dated:  July 14, 2025

By:   */s/ George Bochetto*
George Bochetto, Esquire

**Exhibit "A"**



**Kean Maynard <kmaynard@bochettoandlentz.com>**

---

## Bologna v. Krasner, et al - Rule 26 Conference

**Kean Maynard** <kmaynard@bochettoandlentz.com>                                           Wed, Aug 7, 2024 at 2:51 PM
To: Ben Jackal <Ben.Jackal@phila.gov>
Cc: George Bochetto <gbochetto@bochettoandlentz.com>, Gavin Lentz <glentz@bochettoandlentz.com>

Ben,

The Judge's procedures say "at least" 14 days before the Rule 16 conference. There is no instruction requiring a delay pending the Rule 16 Conference. Rather, the actual Federal Rule states that "the parties must confer as soon as practicable"(Fed. Rules Civ. Proc., rule 26(f)(1).). Given the complexity of this matter and that all Defendants are now represented, we are looking to confer as soon as practicable to outline potential issues, disclosures, discovery, etc.

As you indicated, you are available next week Tues - Friday. My office is as well. So we are hopeful to schedule the Rule 26 Conference in that timeframe. I am following up with David Smith regarding the same and will be in touch once we have a time that works for all of us.

Thanks,
Kean

On Wed, Aug 7, 2024 at 2:43 PM Ben Jackal <Ben.Jackal@phila.gov> wrote:

Kean,

On second thought, I think it is premature to schedule a Rule 26(f) conference. Judge Scott's Policies and Procedures contemplate the parties meeting in advance of a Rule 16 conference, which has not yet been scheduled: https://www.paed.uscourts.gov/sites/paed/files/documents/procedures/scopol.pdf.

If you think there's something I'm missing, please feel free to reach out.

Thanks,

Ben Jackal
Deputy City Solicitor
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595
ben.jackal@phila.gov
215-683-5434 (office)

---

**From:** Ben Jackal <Ben.Jackal@phila.gov>
**Sent:** Wednesday, August 7, 2024 1:57 PM
**To:** Kean Maynard <kmaynard@bochettoandlentz.com>
**Cc:** George Bochetto <gbochetto@bochettoandlentz.com>; Gavin Lentz <glentz@bochettoandlentz.com>
**Subject:** Re: Bologna v. Krasner, et al - Rule 26 Conference

Good afternoon, Kean.

I am generally available Tuesday through Friday of next week (8/13 to 8/16). Please let me know what time works best to meet.

Sincerely,

Ben Jackal
Deputy City Solicitor
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595
ben.jackal@phila.gov
215-683-5434 (office)

---

**From:** Kean Maynard <kmaynard@bochettoandlentz.com>
**Sent:** Friday, August 2, 2024 4:06 PM
**To:** Ben Jackal <Ben.Jackal@phila.gov>
**Cc:** George Bochetto <gbochetto@bochettoandlentz.com>; Gavin Lentz <glentz@bochettoandlentz.com>
**Subject:** Bologna v. Krasner, et al - Rule 26 Conference

    **External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

---

Benjamin,

My firm represents Plaintiff in the above referenced matter. I see that you entered your appearance on behalf of the City of Philadelphia. Today counsel for the remaining Defendants entered their appearance.

Accordingly, I am reaching out to schedule the Rule 26(F) conference.

My office can be available at your convenience over the next two weeks. Can you let us know some dates/times you are available in that date range?

Thanks,

Kean


--


**Kean C. Maynard, Esquire**

***Attorney at Law***

1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
kmaynard@bochettoandlentz.com


--


**Kean C. Maynard, Esquire**

***Attorney at Law***

1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
kmaynard@bochettoandlentz.com

# Exhibit "B"



Kean Maynard <kmaynard@bochettoandlentz.com>

## Bologna vs. Krasner, et al., 2:24-cv-03185-KNS

**Smith, David** <dsmith@dilworthlaw.com>                                        Thu, Jul 10, 2025 at 6:54 PM
To: Kean Maynard <kmaynard@bochettoandlentz.com>, Daniel Cerone <Daniel.Cerone@phila.gov>
Cc: George Bochetto <gbochetto@bochettoandlentz.com>, Ben Jackal <Ben.Jackal@phila.gov>, "Nana-Sinkam, Christopher C." <cns@dilworthlaw.com>, "Loscalzo,Theresa E." <tloscalzo@dilworthlaw.com>, David Heim <dheim@bochettoandlentz.com>, Bryan Lentz <blentz@bochettoandlentz.com>

     Kean, when you asked last week to schedule a Rule 26(f) conference, I responded promptly with my availability and we reserved 3:00 Tuesday afternoon for the conference.  Shortly before the time scheduled for the conference, I received an e-mail from you canceling the conference because the City had not confirmed its attendance.  You recognized then that we could not have a Rule 26(f) conference without the City's participation.  Nothing has changed.  Indeed, Judge Slomsky's form of Rule 26 Report, which you attached to your e-mail, plainly requires the City's participation.  You and I do not have authority to bind the City on the issues to be addressed in the Rule 26 Report.

David Smith | Dilworth Paxson LLP
1650 Market Street | Suite 1200 | Philadelphia, PA 19103
Tel: 215-575-7062 | Fax: (215) 754-4603
dsmith@dilworthlaw.com | www.dilworthlaw.com

*Please make note of my new contact information above*

**From:** Kean Maynard <kmaynard@bochettoandlentz.com>
**Sent:** Wednesday, July 9, 2025 11:02 AM
**To:** Daniel Cerone <Daniel.Cerone@phila.gov>
**Cc:** Smith, David <dsmith@dilworthlaw.com>; George Bochetto <gbochetto@bochettoandlentz.com>; Ben Jackal <Ben.Jackal@phila.gov>; Nana-Sinkam, Christopher C. <cns@dilworthlaw.com>; Loscalzo,Theresa E. <tloscalzo@dilworthlaw.com>; David Heim <dheim@bochettoandlentz.com>; Bryan Lentz <blentz@bochettoandlentz.com>
**Subject:** Re: Bologna vs. Krasner, et al., 2:24-cv-03185-KNS

**This message is from an external sender.**

Dan,

We disagree with the City's position and as stated yesterday and last August, it is in direct violation of the Judge's policies. As we have been attempting to schedule this Rule 26 for a year, we will not delay any further.

7/13/25, 8:08 PM      Bochetto & Lentz Mail - Bologna vs. Krasner, et al., 2:24-cv-03185-KNS

Case 2:24-cv-03185-JHS   Document 58   Filed 07/14/25   Page 18 of 24

David/Theresa, we will hold the Rule 26 conference this week. Our team is available tomorrow afternoon and any time Friday. Please confirm a time that you are available and we will schedule the Rule 26 conference accordingly. Attached is a copy of Judge Slomsky's Rule 26 report for reference on what will be discussed during the conference.


Thanks,

Kean


On Wed, Jul 9, 2025 at 7:00 AM Daniel Cerone <Daniel.Cerone@phila.gov> wrote:

Good morning Kean,


While I should let you know I appreciate and share your position on wanting to move this case along, it is my understanding that our office is filing a motion to reconsider Judge Slomsky's recent opinion. With that, there is the possibility (and we can agree to disagree on the level) that the City is dismissed from this litigation. My limited understanding of this case is that we have no say over the decisions of the DAO/DA Kranser.


Anyway, with the possibility that Judge Slomsky reconsiders his ruling (however slim you may believe), it would not be practical for the City to participate in a rule 26f conference at this time (separate from there being no rule 16 order). Also, waiting to schedule the 26f conference is not delaying the matter at all because we do not have a rule 16 conference order yet. Should a rule 26 conference order drop on the docket with a conference date, I will ensure that someone from our unit confers with you as soon as possible. I do appreciate your team working with our availability, but I do not currently have the bandwidth to pick this case up and run with it as I am in the middle of prepping/bringing myself up to speed on a case with 11 clients that is going to trial in a few weeks that has dozens of witnesses and tens of thousands pages of documents I need to familiarize myself with...and I'm in witness/client preps all this week. I understand that this is not what you wish to hear, but I hope that you appreciate my current position.


Thanks,

-Dan

---

**From:** Kean Maynard <kmaynard@bochettoandlentz.com>
**Sent:** Tuesday, July 8, 2025 2:47 PM
**To:** Daniel Cerone <Daniel.Cerone@Phila.gov>
**Cc:** Smith, David <dsmith@dilworthlaw.com>; George Bochetto <gbochetto@bochettoandlentz.com>; Ben Jackal <Ben.Jackal@phila.gov>; Nana-Sinkam, Christopher C. <cns@dilworthlaw.com>; Loscalzo,Theresa E. <tloscalzo@dilworthlaw.com>; David Heim <dheim@bochettoandlentz.com>; Bryan Lentz <blentz@bochettoandlentz.com>
**Subject:** Re: Bologna vs. Krasner, et al., 2:24-cv-03185-KNS


---

> **External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

---

Dan, thanks for the response. And although we certainly respect Ben's parental leave, under no circumstances can we wait until mid-August to schedule this conference.

Though the Rule 16 has not yet been scheduled (and we will request that it is shortly) this does not suspend our duty to meet for the Rule 26 conference. The Federal Rule states that **"the parties must confer as soon as practicable"**

(Fed. Rules Civ. Proc., rule 26(f)(1).).

More importantly, Judge Slomsky's policies are clear that "**The Rule 26(f) meeting shall take place <u>as soon as possible</u>.**" Further, Judge Slomksy's policy also states "**Outstanding motions will not excuse the requirements of holding the meeting and submitting the plan. Compliance is mandatory. Parties who do not comply will have no voice at the scheduling conference and may be subject to additional sanctions.**"

We filed this lawsuit a full year ago.

Last August, we attempted to schedule our Rule 26 after the Complaint was filed and our efforts were thwarted by non-compliance from Defendants due to the Motions to Dismiss, which should not have delayed the Rule 26 conference. See the attached email thread with Ben from August. Clearly these delay tactics violate the Judge's policies. Regardless, we laid off the issue while the Motions to Dismiss went forward. They have not been resolved. We are already a year behind schedule and have to schedule the Rule 26 this week.

I understand this is not your case, but there is a lot of history here. And put simply, we cannot allow further delay at the expense of prejudice to the Plaintiff and further violation of the Judge's instructions.

Accordingly, we are requesting that someone from your office make themself available this week for the Rule 26 conference. Our team will work with your availability, but we need this scheduled ASAP.

Thanks,

Kean

On Tue, Jul 8, 2025 at 1:53 PM Daniel Cerone <Daniel.Cerone@phila.gov> wrote:

> My apologies for not answering. This is not my matter. Ben is out on parental leave until mid-August. If I am understanding the docket correctly, a rule 16 conference has not yet been scheduled. With that, I would respectfully request that we aim to confer at a later time. If there is anything urgent, please let me know and I will be happy to try to accommodate.
>
> Thanks,
>
> -Dan
>
> ---
>
> **From:** Kean Maynard <kmaynard@bochettoandlentz.com>
> **Sent:** Tuesday, July 8, 2025 12:46 PM
> **To:** Smith, David <dsmith@dilworthlaw.com>
> **Cc:** George Bochetto <gbochetto@bochettoandlentz.com>; Ben Jackal <Ben.Jackal@phila.gov>; Daniel Cerone <Daniel.Cerone@Phila.gov>; Nana-Sinkam, Christopher C. <cns@dilworthlaw.com>; Loscalzo,Theresa E. <tloscalzo@dilworthlaw.com>; David Heim <dheim@bochettoandlentz.com>; Bryan

Lentz <blentz@bochettoandlentz.com>
**Subject:** Re: Bologna vs. Krasner, et al., 2:24-cv-03185-KNS

---

**External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

---

All, having not heard from the City regarding the Rule 26 I am canceling this afternoon's proposed conference.

Ben, please provide some dates and times this week that you can commit to so we can schedule this ASAP and comply with the judges policy and procedures.

**Kean C. Maynard, Esquire**

*Attorney at Law*

1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
kmaynard@bochettoandlentz.com

On Mon, Jul 7, 2025 at 4:48 PM Kean Maynard <kmaynard@bochettoandlentz.com> wrote:

Ben, I am following up again. We are scheduled for this conference tomorrow at 3 PM. Please confirm you will attend and I will send out a Zoom link.

**Kean C. Maynard, Esquire**

*Attorney at Law*

1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
kmaynard@bochettoandlentz.com

On Wed, Jul 2, 2025 at 1:30 PM Kean Maynard <kmaynard@bochettoandlentz.com> wrote:

Ben, I am just confirming Tuesday at 3PM also works for you?

On Tue, Jul 1, 2025 at 6:42 PM Smith, David <dsmith@dilworthlaw.com> wrote:

> That works.
>
> **David Smith | Dilworth Paxson LLP**
> 1650 Market Street | Suite 1200 | Philadelphia, PA 19103
> Tel: 215-575-7062 | Fax: (215) 754-4603
> dsmith@dilworthlaw.com | www.dilworthlaw.com
>
> *Please make note of my new contact information above*
>
> _____
>
> **From:** Kean Maynard <kmaynard@bochettoandlentz.com>
> **Sent:** Tuesday, July 1, 2025 5:33:29 PM
> **To:** Smith, David <dsmith@dilworthlaw.com>
> **Cc:** George Bochetto <gbochetto@bochettoandlentz.com>; Ben Jackal <ben.jackal@phila.gov>;
> daniel.cerone@phila.gov <Daniel.Cerone@phila.gov>; Nana-Sinkam, Christopher C.
> <cns@dilworthlaw.com>; Loscalzo,Theresa E. <tloscalzo@dilworthlaw.com>; David Heim
> <dheim@bochettoandlentz.com>; Bryan Lentz <blentz@bochettoandlentz.com>
> **Subject:** Re: Bologna vs. Krasner, et al., 2:24-cv-03185-KNS
>
> _____
>
> **This message is from an external sender.**
>
> _____
>
> David,
>
> Our team can be available Tuesday, 7/8, at 3PM. Please confirm and I'll send a calendar invite.
>
> Thanks,
>
> Kean
>
> **Kean C. Maynard, Esquire**
>
> ***Attorney at Law***
>
> 1524 Locust Street
> Philadelphia, PA 19102
> (215) 735-3900
> kmaynard@bochettoandlentz.com
>
> On Tue, Jul 1, 2025 at 9:49 AM Smith, David <dsmith@dilworthlaw.com> wrote:

I will be available for a Rule 26(f) conference on July 8, after 2:00.  Please let me know what time works for you.


**David Smith | Dilworth Paxson LLP**
1650 Market Street | Suite 1200 | Philadelphia, PA 19103
Tel: 215-575-7062 | Fax: (215) 754-4603
dsmith@dilworthlaw.com | www.dilworthlaw.com

*Please make note of my new contact information above*

---

**From:** mtrout@bochettoandlentz.com <mtrout@bochettoandlentz.com> on behalf of George Bochetto <gbochetto@bochettoandlentz.com>
**Sent:** Monday, June 30, 2025 3:43:15 PM
**To:** Ben Jackal <ben.jackal@phila.gov>; daniel.cerone@phila.gov <daniel.cerone@phila.gov>; Smith, David <dsmith@dilworthlaw.com>; Nana-Sinkam, Christopher C. <cns@dilworthlaw.com>; Loscalzo,Theresa E. <tloscalzo@dilworthlaw.com>
**Cc:** Kean Maynard <kmaynard@bochettoandlentz.com>; David Heim <dheim@bochettoandlentz.com>
**Subject:** Bologna vs. Krasner, et al., 2:24-cv-03185-KNS


**This message is from an external sender.**

---

Counsel,

In light of the Court's ruling denying the motions to dismiss in Bologna v. Krasner, et al., we are requesting that the parties proceed with a Rule 26(f) conference at the earliest possible date in order to develop a discovery schedule and initiate the discovery process.

Please respond with your availability as soon as possible so that we may coordinate a mutually agreeable time. If we are unable to reach agreement promptly, we will have no choice but to seek court intervention to move the matter forward.

Best regards,



**George Bochetto**

*Attorney At Law*

1524 Locust Street

Philadelphia, PA 19102

(215) 735-3900

gbochetto@bochettoandlentz.com


\--


**Kean C. Maynard, Esquire**

*Attorney at Law*

1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
kmaynard@bochettoandlentz.com


\--


**Kean C. Maynard, Esquire**

*Attorney at Law*

1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
kmaynard@bochettoandlentz.com


\--

**Kean C. Maynard, Esquire**

*Attorney at Law*

1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
kmaynard@bochettoandlentz.com