## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH BOLOGNA** and **DIANA BOLOGNA,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | |
| **LAWRENCE KRASNER,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **TRACY TRIPP,** | : | **Case No. 2:24-cv-03185-JHS** |
| | : | |
| **and** | : | |
| | : | |
| **SGT. GERALD ROCKS,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **THE CITY OF PHILADELPHIA,** | : | |
| | : | |
| **Defendants.** | : | |

### DEFENDANTS LAWRENCE KRASNER, TRACY TRIPP, AND SGT. GERALD ROCKS'S ANSWER TO PLAINTIFF[1] JOSEPH BOLOGNA'S COMPLAINT

Defendants Lawrence Krasner, Tracy Tripp, and Sgt. Gerald Rocks (the "**DAO Defendants**"), answer the Complaint as follows:

### I.    FACT SUMMARY

1.    Denied.

2.    Denied.

---

[1] Following this Court's June 25, 2025 Order [ECF 55] granting in part and denying in part the DAO Defendant's Motion to Dismiss, Count III and Count IV were dismissed against the DAO Defendants. Given that Plaintiff Diana Bologna's sole claim was for loss of consortium under Count IV, the sole remaining Plaintiff in this action is Joseph Bologna.

3.      Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 3 and they are therefore denied. By way of further response, the allegations in Paragraph 3 contain conclusions of law to which no responsive pleading is required, and they are therefore denied.

4.      Denied.

5.      Denied. The allegations in Paragraph 5 contain conclusions of law to which no responsive pleading is required, and they are therefore denied.

6.      Denied. The allegations in Paragraph 6 contain conclusions of law to which no responsive pleading is required, and they are therefore denied. By way of further response, it is specifically denied that the Krasner and Tripp falsified any evidence or manipulated any witness testimony.

7.      Denied. The allegations in Paragraph 7 contain conclusions of law to which no responsive pleading is required, and they are therefore denied. By way of further response, it is specifically denied that Krasner and Tripp carried out investigative, pre-probable cause tasks before the initiation of judicial process.

8.      Denied. The allegations in Paragraph 8 contain conclusions of law to which no responsive pleading is required, and they are therefore denied.

9.      Admitted in part, denied in part. It is admitted only upon information and belief that at some point, Internal Affairs Division personnel attempted to interview Gorski about the incident. The DAO Defendants are without sufficient knowledge and information as to whether Gorski was interviewed or the reason why Gorski was not interviewed by Internal Affairs and these allegations are therefore denied. By way of further response, the allegations in Paragraph 9 also contain

2

conclusions of law to which no responsive pleading is required and they are therefore denied. It is specifically denied that Krasner engaged in any malicious efforts to prosecute Bologna.

10.    Admitted in part, denied in part. It is admitted only that on or about June 5, 2020, Tripp and Rocks spoke to Gorski concerning the incident in furtherance of the preparation of the Affidavit of Probable Cause. The allegations in Paragraph 10 contain conclusions of law to which no responsive pleading is required, and they are therefore denied. By way of further response, it is specifically denied that Tripp solicited false testimony from Gorski.

11.    Denied. The allegations in Paragraph 11 contain conclusions of law to which no responsive pleading is required, and they are therefore denied. By way of further response, it is specifically denied that Krasner and Tripp believed Gorski was lying or saw any incontrovertible video evidence proving Gorski's statements were false. Additionally, it is specifically denied that Krasner and Tripp were advised by an investigator from IAD that the use of force by Bologna was legally justified.

12.    Denied. The allegations in Paragraph 12 contain conclusions of law to which no responsive pleading is required, and they are therefore denied. By way of further response, it is specifically denied that any established policy of violating the constitutional rights of police officers existed, that Krasner advised Tripp and Rocks to include any false testimony in the Affidavit of Probable Cause, or that any of the DAO Defendants knew Gorski's statements were false.

13.    Denied. The allegations in Paragraph 13 contain conclusions of law to which no responsive pleading is required, and they are therefore denied. By way of further response, the allegations in Paragraph 13 refer to a statute, which is a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

#125091493v2

14.     Denied. The allegations in Paragraph 14 contain conclusions of law to which no responsive pleading is required, and they are therefore denied. By way of further response, the allegations in Paragraph 14 refer to a statute, which is a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

15.     Denied. The allegations in Paragraph 15 contain conclusions of law to which no responsive pleading is required, and they are therefore denied. By way of further response, it is specifically denied that Krasner or Tripp directed Rocks to prepare or that Rocks prepared a false Affidavit of Probable Cause.

16.     Denied. The allegations in Paragraph 16 contain conclusions of law to which no responsive pleading is required, and they are therefore denied. By way of further response, the allegations in Paragraph 16 refer to a statute, which is a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied. Furthermore, it is specifically denied that Krasner or Tripp directed and assisted Rocks in drafting a false or misleading Affidavit of Probable Cause or that the Affidavit of Probable Cause was based on false testimony, material omissions, or any intentionally malicious advice.

17.     Denied. The allegations in Paragraph 17 contain conclusions of law to which no responsive pleading is required, and they are therefore denied.

18.     Denied.

19.     Denied. The allegations in Paragraph 19 refer to a writing, that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

20.     Denied. The allegations in Paragraph 20 refer to a writing, that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

#125091493v2

21.     Denied. It is specifically denied that there were any intentionally false statements or material omissions. By way of further response, the allegations in Paragraph 21 contain conclusions of law to which no responsive pleading is required, and they are therefore denied.

22.     Denied. The efforts undertaken by the DAO Defendants constituted the initiation of judicial proceedings rather than an investigation.

23.     Admitted other than the allegation that Tripp signed the Affidavit of Probable Cause, which is denied as stated.  Tripp's approval is noted in the left-hand margin of the Affidavit of Probable Cause.

24.     Denied. The allegations in Paragraph 24 contain conclusions of law to which no responsive pleading is required, and they are therefore denied. By way of further response, the allegations in Paragraph 24 refer to the press release, a hearsay writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

25.     Denied. The allegations in Paragraph 25 refer to the press release, a hearsay writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

26.     Denied. The allegations in Paragraph 26 contain conclusions of law to which no responsive pleading is required, and they are therefore denied. By way of further response, it is admitted only that the Internal Affairs Division investigation continued for a period of time following the approval of the Affidavit of Probable Cause. The DAO Defendants are without sufficient knowledge and information regarding the extent and substance of the Internal Affairs Division investigation to ascertain the truth of those allegations and they are therefore denied.

27.     Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 27 and they are therefore denied.

#125091493v2

28.    Denied as stated. The Complaint mischaracterizes the initiation of judicial proceedings as "the Krasner lead investigation."

29.    Denied. The allegations in Paragraph 29 refer to an alleged expert opinion, a hearsay writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

30.    Denied. The allegations in Paragraph 30 refer to a written opinion, a hearsay writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied. By way of further response, it is specifically denied that the DAO Defendants attempted to have Dr. Gulino alter his opinion.

31.    Denied as stated. It is admitted that the Internal Affairs Division personnel opined that there was not an unjustified use of force. By way of further response, the DAO Defendants are without sufficient knowledge and information to ascertain the truth of the remaining allegations in Paragraph 31 and they are therefore denied.

32.    Denied. The allegations in Paragraph 32 contain conclusions of law to which no responsive pleading is required, and they are therefore denied.

33.    Denied. The allegations in Paragraph 33 contain conclusions of law to which no responsive pleading is required, and they are therefore denied.

34.    Denied, other than that Joseph Bologna was found not guilty.

35.    Admitted in part, denied in part. It is admitted only that Joseph Bologna and Diana Bologna filed this lawsuit. The remaining allegations in Paragraph 35 are denied.

## II.    PARTIES

36.    Admitted, upon information and belief.

37.    Admitted, upon information and belief.

#125091493v2

38.     Admitted in part, denied in part. The allegations in Paragraph 38 relating to Krasner's acting under color of state law and as a policy maker are conclusions of law to which no responsive pleading is required, and they are therefore denied. The remaining allegations in Paragraph 38 are admitted.

39.     Admitted in part, denied in part. The allegations in Paragraph 39 relating to Tripp acting under color of state law are conclusions of law to which no responsive pleading is required, and they are therefore denied.

40.     Denied. The allegations in Paragraph 40 are directed to another defendant in this action, to which no responsive pleading is required of the DAO Defendants and the allegations are therefore denied.

41.     Admitted in part, denied in part. The allegations in Paragraph 41 relating to Rocks acting under color of sate law are conclusions of law to which no responsive pleading is required, and they are therefore denied.

42.     Denied. The allegations in Paragraph 42 contain conclusions of law to which no responsive pleading is required, and they are therefore denied.

43.     Denied. The allegations in Paragraph 43 are directed to another defendant in this action, to which no responsive pleading is required of the DAO Defendants and the allegations are therefore denied.

### III.     JURISDICTION, VENUE, AND DEMAND FOR JURY TRIAL

44.     Denied. The allegations in Paragraph 44 contain conclusions of law to which no responsive is required and they are therefore denied.

45.     Denied. The allegations in Paragraph 45 contain conclusions of law to which no responsive is required and they are therefore denied.

46.     Denied. The allegations in Paragraph 46 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

## IV.     FACTS COMMON TO ALL COUNTS

47.     Admitted.

48.     Admitted.

49.     Denied as stated. It is admitted only that there were protestors in Philadelphia and that some were violent and destructive.

50.     Denied as stated. It is admitted only that at some point following the murder of George Floyd, the City of Philadelphia experienced violence and looting.

51.     Admitted.

52.     Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in this Paragraph and they are therefore denied.

53.     Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in this Paragraph and they are therefore denied. By way of further response, the allegations in Paragraph 53 refer to an article, a hearsay writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

54.     Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in this Paragraph and they are therefore denied.

55.     Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in this Paragraph and they are therefore denied.

56.     Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in this Paragraph and they are therefore denied.

57.     Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in this Paragraph and they are therefore denied.

58.    Admitted upon information and belief.

59.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in this Paragraph and they are therefore denied.

60.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in this Paragraph and they are therefore denied.

61.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in this Paragraph and they are therefore denied.

**Krasner's Established Policy of Depriving Police Officers of their Constitutional Rights**

62.    Admitted.

63.    Admitted.

64.    Denied as irrelevant to any issue in this case.

65.    Denied as irrelevant to any issue in this case. Subject to that denial, the allegations in Paragraph 65 refer to an article, a hearsay writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

66.    Denied as irrelevant to any issue in this case. Subject to that denial, the DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in this Paragraph and they are therefore denied.

67.    Denied as irrelevant to any issue in this case.

68.    Denied as irrelevant to any issue in this case.

69.    Denied as irrelevant to any issue in this case. Subject to that denial, the allegations in Paragraph 69 refer to an article, a hearsay writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied. By way of further response, the allegations in this Paragraph refer to supposed beliefs of a third party and not to the DAO Defendants and the

#125091493v2

DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in this Paragraph and they are therefore denied.

70.     Denied as irrelevant to any issue in this case. Subject to that denial, the DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in this Paragraph and they are therefore denied.

71.     Denied as irrelevant to any issue in this case. Subject to that denial, the DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in this Paragraph and they are therefore denied.

72.     Denied as irrelevant to any issue in this case.  Subject to that denial, the allegations in Paragraph 72 refer to an article, a hearsay writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied. Additionally, the DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in this Paragraph and they are therefore denied.

73.     Denied as irrelevant to any issue in this litigation. Subject to that denial, the DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in this Paragraph and they are therefore denied.

74.     Denied.

75.     Denied.

76.     Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in this Paragraph and they are therefore denied.

77.     Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in this Paragraph and they are therefore denied.

78.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in this Paragraph and they are therefore denied.

79.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in this Paragraph and they are therefore denied.

80.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in this Paragraph and they are therefore denied.

81.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in this Paragraph and they are therefore denied.

82.    Denied. The allegations in Paragraph 82 refer to an article, a  hearsay writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

83.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied as stated.  The allegations in Paragraph 83 refer to a hearsay writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied. Subject to that denial, the

#125091493v2

allegations in this Paragraph are denied as stated as the DAO Defendants do not know what is meant by "close" and therefore deny the allegation.

91.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied.

92.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied.

93.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied.

94.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied.

95.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied. By way of further response, the DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in this Paragraph and they are therefore denied.

96.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied. By way of further response, the allegations in Paragraph 96 refer to an article, a written hearsay writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied. Additionally, the DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in this Paragraph and they are therefore denied.

97.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied.

#125091493v2

98.     It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied. By way of further response, the allegations in this Paragraph are denied as stated. The allegations in Paragraph 98 refer to an article, a hearsay writing that is irrelevant to any issue in this case and speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied. Additionally, the DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in this Paragraph and they are therefore denied.

99.     It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied. By way of further response, the allegations in Paragraph 99 refer to an article, a hearsay writing that is irrelevant to any issue in this case and speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

100.     It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied.

101.     It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied.

102.     It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied.

103.     It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied.

104.     It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied. By way of further response, the allegations in Paragraph 104 refer a hearsay writing that is irrelevant to any issue in

this case and speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing, is denied.

105.     It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied. By way of further response, the allegations in Paragraph 105 refer a hearsay writing that is irrelevant to any issues in this case and speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing, is denied.

106.     It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied.

107.     It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied.

108.     It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied. By way of further response, the allegations in Paragraph 108 refer to a transcript, a hearsay writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

109.     It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied. It is admitted only that Saxton was charged and acquitted. The remaining allegations in this Paragraph are denied.

110.     It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied. It is admitted only that the prosecution was partially based on inconsistencies between Saxton's testimony and other evidence.

#125091493v2

111.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied. It is admitted only that Internal Affairs purported to investigate charges against Saxton.

112.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied. By way of further response, the DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 112 and they are therefore denied.

113.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied. By way of further response, the DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 113 and they are therefore denied.

114.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied other than that DeBlasis expressed his opinion to Tripp.

115.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied. By way of further response, the DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 115 and they are therefore denied.

116.    Denied. The allegations in Paragraph 116 contain conclusions of law to which no responsive pleading is required, and they are therefore denied.

117.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied.

#125091493v2

118.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied. By way of further response, the allegations in Paragraph 118 contain conclusions of law to which no responsive pleading is required, and they are therefore denied.

119.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied.

120.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied. By way of further response, the allegations in Paragraph 120 contain conclusions of law to which no responsive pleading is required, and they are therefore denied.

121.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are admitted.

122.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied as stated. The court's order is a writing that speaks for itself and any attempt on behalf of Plaintiff to characterize the order is denied.

123.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied.

124.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied.

125.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied.

#125091493v2

126.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied.

127.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied.

128.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are admitted.

129.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied as stated. Nicoletti was charged with crimes for, among other things, spraying the faces of peaceful protestors with a chemical irritant at close range while they were seated in the roadway.

130.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied as stated. Nicoletti was charged with crimes for, among other things, spraying the faces of peaceful protestors with a chemical irritant at close range while they were seated in the roadway. The court orders are writings that speak for themselves and any attempt on behalf of Plaintiff to characterize them is denied.

131.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied as stated. Nicoletti was charged with crimes for, among other things, spraying the faces of peaceful protestors with a chemical irritant at close range while they were seated in the roadway. By way of further response, the allegations in Paragraph 131 refer to the trial court's rulings, writings that speak for themselves, and any attempt on behalf of Plaintiff to characterize them is denied.

#125091493v2

132.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied as stated. Nicoletti was charged with crimes for, among other things, spraying the faces of peaceful protestors with a chemical irritant at close range while they were seated in the roadway. By way of further response, the allegations in Paragraph 132 refer to a trial court decision, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize it is denied.

133.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied as stated.  The media guidance was released on the first day of trial for the education of the media, not to influence the jury.

134.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied as stated. Nicoletti was charged with crimes for, among other things, spraying the faces of peaceful protestors with a chemical irritant at close range while they were seated in the roadway. By way of further response, the allegations in Paragraph 134 refer to a hearsay writing, that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

135.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied as stated. Nicoletti was charged with crimes for, among other things, spraying the faces of peaceful protestors with a chemical irritant at close range while they were seated in the roadway.

136.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied as stated. Nicoletti was

#125091493v2

charged with crimes for, among other things, spraying the faces of peaceful protestors with a chemical irritant at close range while they were seated in the roadway.

137.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied as stated. Nicoletti was charged with crimes for, among other things, spraying the faces of peaceful protestors with a chemical irritant at close range while they were seated in the roadway. By way of further response, Nicoletti's violent and unprovoked attacks against peaceful protestors were unique in that his conduct was video recorded and he was identifiable.

138.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied as stated. Nicoletti was charged with crimes for, among other things, spraying the faces of peaceful protestors with a chemical irritant at close range while they were seated in the roadway.

139.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied. By way of further response, Nicoletti was charged with crimes for, among other things, spraying the faces of peaceful protestors with a chemical irritant at close range while they were seated in the roadway.

140.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied as stated. To the contrary, the prosecution sought to try the case according to the rules of evidence, including the exclusion of irrelevant or otherwise inadmissible evidence.

141.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied as stated. To the contrary,

the prosecution sought to try the case according to the rules of evidence, including the exclusion of irrelevant or otherwise inadmissible evidence.

142.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied as stated. To the contrary, the prosecution sought to try the case according to the rules of evidence, including the exclusion of irrelevant or otherwise inadmissible evidence.

143.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied as stated. To the contrary, the prosecution sought to try the case according to the rules of evidence, including the exclusion of irrelevant or otherwise inadmissible evidence.

144.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied as stated. To the contrary, the prosecution sought to try the case according to the rules of evidence, including the exclusion of irrelevant or otherwise inadmissible evidence.

145.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied as stated. The allegations in Paragraph 145 refer to a transcript of a trial, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize that writing is denied.  Nicoletti was charged with crimes for, among other things, spraying the faces of peaceful protestors with a chemical irritant at close range while they were seated in the roadway.

146.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied as stated. The allegations in Paragraph 146 refer to a transcript of a trial, a writing that speaks for itself, and any attempt on

20

#125091493v2

behalf of Plaintiff to characterize the writing is denied. Nicoletti was charged with crimes for, among other things, spraying the faces of peaceful protestors with a chemical irritant at close range while they were seated in the roadway.

147.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied as stated. To the contrary, the prosecution sought to try the case according to the rules of evidence, including the exclusion of irrelevant or otherwise inadmissible evidence.

148.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied.

149.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are admitted. By way of further response, Dial was charged and convicted of voluntary manslaughter, recklessly endangering another person, and possessing an instrument of a crime.

150.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are admitted. By way of further response, Dial was charged and convicted of voluntary manslaughter, recklessly endangering another person, and possessing an instrument of a crime.

151.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied as stated. By way of further response, Dial was convicted of voluntary manslaughter, recklessly endangering another person, and possessing an instrument of a crime. It is admitted that the videos were released. It is denied that the videos were released without explanation.

152.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied as stated. By way of further response, Dial was convicted of voluntary manslaughter, recklessly endangering another person, and possessing an instrument of a crime.

153.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied as stated. By way of further response, Dial was convicted of voluntary manslaughter, recklessly endangering another person, and possessing an instrument of a crime. It is specifically denied Krasner's comments suggested that Judge Pew's decision was corrupt and not based on the evidence.

154.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied.

155.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the allegations in this Paragraph are denied.

156.    Denied. The allegations in Paragraph 156, including subparagraphs a through g, are denied.

157.    Denied.

### The Blockade of Interstate 676 ("I-676")

158.    Denied. The number of protestors at an earlier time is irrelevant to the issue of whether probable cause existed to charge Bologna with a crime for striking Gorski with his baton.

159.    Denied. The chants of protestors at an earlier time are irrelevant to the issue of whether probable cause existed to charge Bologna with a crime for striking Gorski with his baton.

160.    Denied. Efforts by protestors to enter and block I-676 on May 31, 2020 are irrelevant to the issue of whether probable cause existed to charge Bologna with a crime.

161.    Denied as stated. The description of the highway and the alleged responsibility to keep it open are irrelevant to the issue of whether probable cause existed to charge Bologna with a crime.

162.    Denied as stated. The routes followed by protestors at an earlier time are irrelevant to the issue of whether probable cause existed to charge Bologna with a crime.

163.    Denied as stated. The allegation that a group of protestors attempted to enter the highway at an earlier time is irrelevant to the issue of whether probable cause existed to charge Bologna with a crime.

164.    Denied as stated. The description of how protestors entered the highway at an earlier time is irrelevant to the issue of whether probable cause existed to charge Bologna with a crime.

165.    Denied as stated. The description of how the highway was cleared at an earlier time is irrelevant to the issue of whether probable cause existed to charge Bologna with a crime.

166.    Denied as stated. Bologna's earlier responsibilities are irrelevant to the issue of whether probable cause existed to charge Bologna with a crime.

167.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 167 and they are therefore denied.

168.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 168 and they are therefore denied.

169.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 169 and they are therefore denied.

170.    Denied as stated. The relative number of protestors and police officers is irrelevant to the issue of whether probable cause existed to charge Bologna with a crime.

#125091493v2

171.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 171 and they are therefore denied.

172.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 172 and they are therefore denied.

173.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 172 and they are therefore denied.

174.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 172 and they are therefore denied.

175.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 175 and they are therefore denied.

176.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 176 and they are therefore denied.

177.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 177 and they are therefore denied.

178.    It is denied that the allegations in this Paragraph are relevant to any issue in this case. Subject to that denial, the DAO Defendants are without sufficient knowledge and information regarding the allegations in Paragraph 178 and they are therefore denied.

179.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 179 and they are therefore denied. By way of further response, the allegations in this Paragraph refer to a video that speaks for itself, and any attempt on behalf of Plaintiff to characterize that video is denied.

180.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 180 and they are therefore denied.

#125091493v2

181.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 181 and they are therefore denied.

182.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 182 and they are therefore denied.

183.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 183 and they are therefore denied.

184.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 184 and they are therefore denied.

185.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 185 and they are therefore denied.

186.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 186 and they are therefore denied.

187.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 187 and they are therefore denied.

188.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 188 and they are therefore denied.

189.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 189 and they are therefore denied.

190.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 190 and they are therefore denied.

191.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 191 and they are therefore denied.

#125091493v2

192.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 192 and they are therefore denied.

193.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 193 and they are therefore denied.

194.    Denied. It is specifically denied that Plaintiff only hit Gorski one time on his upper back with his ASP baton.

195.    Admitted in part, denied in part. It is admitted only that Plaintiff attempted to grab Gorski. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the remaining allegations in Paragraph 195 and they are therefore denied.

196.    Denied. By way of further response, the allegations in Paragraph 196 contain conclusions of law to which no responsive pleading is required, and they are therefore denied.

197.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 197 and they are therefore denied.

198.    Denied.

199.    Admitted.

200.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 200 and they are therefore denied.

201.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 201 and they are therefore denied.

202.    Admitted, upon information and belief.

### **The Video**

203.    Denied as stated. Upon information and belief, multiple videos were circulated.

204.    Denied as stated. Upon information and belief, multiple videos of multiple lengths were circulated.

26

205.    Denied. Upon information and belief, the assertion that Bologna's use of the baton caused Gorski's head injury was not false.

206.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 206 and they are therefore denied.

207.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 207 and they are therefore denied.

208.    Denied as stated.  Krasner viewed one or more videos.

209.    Admitted.

210.    Denied. The allegations in Paragraph 210 refer to statements, which presumably are writings that speak for themselves, and any attempt on behalf of Plaintiff to characterize the writings are denied.

211.    Denied.

212.    Denied.

213.    Denied that IAD conducted an objective, neutral investigation.

214.    Denied that IAD "specialized" in objective, neutral investigations.

215.    Denied.

216.    Denied.

217.    Denied.

218.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 218 and they are therefore denied.

219.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 219 and they are therefore denied.

220.    Denied as stated. Feinberg spoke with Krasner before Gorski was interviewed to prepare the Affidavit of Probable Cause.

221.    Denied.

222.    Denied as stated. Krasner decided to charge Bologna upon viewing video of Bologna striking Gorski.

223.    Denied. Rocks was assigned to prepare the Affidavit of Probable Cause and Criminal Complaint because that was his job and he was qualified to do so. Furthermore, Rocks was the assigned Special Investigation Unit and District Attorney Detective prior to the preparation of the Affidavit of Probable Cause.

224.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 224 and they are therefore denied.

225.    Denied. The allegations in Paragraph 225 refer to a website, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

226.    Admitted in part, denied in part. It is admitted only that as of June 5th, the District Attorney's Office had declined to charge Gorski. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the remaining allegations in Paragraph 226 and they are therefore denied.

227.    Admitted in part, denied in part. It is admitted only that Krasner had concluded that Gorski would not be prosecuted and the charges against Gorski were declined. The remaining allegations in this Paragraph are denied.

228.    Admitted in part, denied in part. It is admitted only that Gorski did not receive Miranda warnings. The remaining allegations in this Paragraph are denied.

229.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 229 and they are therefore denied.

230.    Denied.

231.    Denied. By way of further response, Tripp and Rocks conducted the Gorski interview in order to prepare the Affidavit of Probable Cause and obtain facts for the Criminal Complaint, as is customary.

232.    Denied.

233.    Denied.

### *The Krasner Investigation Interview*

234.    Admitted that Gorski was interviewed by video for the purpose of preparing the Affidavit of Probable Cause and Criminal Complaint.

235.    Denied as stated. Tripp's participation was recorded on the video of the interview, that speaks for itself, and any attempt on behalf of Plaintiff to characterize the video is denied.

236.    Denied as stated. It is admitted that Krasner arranged for the interview of Gorski for the purpose of preparing the Affidavit of Probable Cause and Criminal Complaint by connecting Gorski's attorney with Tripp.

237.    Denied as stated. Krasner was in communication with Tripp during the investigation in their respective official capacities with respect to a number of ongoing investigations.

238.    Denied.

239.    Denied. The allegations in Paragraph 239 contain conclusions of law to which no responsive pleading is required, and they are therefore denied.

240.    Denied. The allegations in Paragraph 240 refer to the Gorski interview, that speaks for itself, and any attempt on behalf of Plaintiff to characterize the interview is denied.

#125091493v2

241.    Denied.

242.    Denied.

243.    Denied. The allegations in Paragraph 243 refer to the Gorski interview, that speaks for itself, and any attempt on behalf of Plaintiff to characterize the interview is denied.

244.    Denied. The allegations in Paragraph 244 refer to the Gorski interview, that speaks for itself, and any attempt on behalf of Plaintiff to characterize the interview is denied.

245.    Denied. The allegations in Paragraph 245 refer to the Gorski interview, that speaks for itself, Feinberg did not testify, and any attempt on behalf of Plaintiff to characterize the interview is denied.

246.    Denied. The allegations in Paragraph 246 refer to the Gorski interview, that speaks for itself, Feinberg did not testify, and any attempt on behalf of Plaintiff to characterize the interview is denied.

247.    Denied as stated. Feinberg did not testify. The remaining allegations in this Paragraph are admitted.

248.    Denied.

249.    Denied. The allegations in Paragraph 249 refer to the Gorski interview, that speaks for itself, Feinberg did not testify, and any attempt on behalf of Plaintiff to characterize the interview is denied.

250.    Denied.

251.    Denied.

252.    Denied. The allegations in Paragraph 252 refer to a video, that speaks for itself, and any attempt on behalf of Plaintiff to characterize the video is denied.

#125091493v2

253.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 253 and they are therefore denied.

254.    Denied. The allegations in Paragraph 254 contain conclusions of law to which no responsive pleading is required, and they are therefore denied.

255.    Denied.

256.    Denied. By way of further response, the Gorski interview was conducted for the purpose of preparing the Affidavit of Probable Cause and Criminal Complaint.

257.    Denied. By way of further response, the allegations in Paragraph 257 contain conclusions of law to which no responsive pleading is required, and they are therefore denied.

258.    Denied. The allegations in Paragraph 258 refer to the Gorski interview, that speaks for itself, and any attempt on behalf of Plaintiff to characterize the interview is denied.

259.    Denied. The allegations in Paragraph 259 refer to the Gorski interview, that speaks for itself, and any attempt on behalf of Plaintiff to characterize the interview is denied.

260.    Denied. The allegations in Paragraph 260 refer to the Gorski interview, that speaks for itself, and any attempt on behalf of Plaintiff to characterize the interview is denied.

261.    Denied. The allegations in Paragraph 261 refer to the Gorski interview, that speaks for itself, and any attempt on behalf of Plaintiff to characterize the interview is denied.

262.    Denied.

263.    Denied. The allegations in Paragraph 263 refer to the Gorski interview, that speaks for itself, and any attempt on behalf of Plaintiff to characterize the interview is denied.

264.    Denied. The allegations in Paragraph 264 refer to the Gorski interview, that speaks for itself, and any attempt on behalf of Plaintiff to characterize the interview is denied.

265.    Denied.

#125091493v2

266.    Denied.

267.    Denied.

268.    Denied.

269.    Denied. The allegations in Paragraph 269 refer to the Gorski interview, that speaks for itself, and any attempt on behalf of Plaintiff to characterize the interview is denied.

270.    Denied.

271.    Denied.

272.    Denied. The allegations in Paragraph 272 refer to the Gorski interview, that speaks for itself, and any attempt on behalf of Plaintiff to characterize the interview is denied.

273.    Denied. The allegations in Paragraph 273 refer to the Gorski interview, that speaks for itself, and any attempt on behalf of Plaintiff to characterize the interview is denied.

274.    Denied other than that a representative of the police department notified the District Attorney's office that IAD would conduct an investigation of Bologna's conduct for administrative violations. It is specifically denied that the work done in furtherance of the Affidavit of Probable Cause and Criminal Complaint was an investigation outside the scope of their prosecutorial duties.

275.    Denied. The allegations in Paragraph 275 refer to statements made by IAD, that speak for themselves, and any attempt on behalf of Plaintiff to characterize the statements is denied.

276.    Denied. The allegations in Paragraph 276 refer to Philadelphia officer training and protocol, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

#125091493v2

277.    Denied. The allegations in Paragraph 277 refer to statements made by IAD, that speak for themselves, and any attempt on behalf of Plaintiff to characterize the statements is denied.

278.    Denied. By way of further response, Internal Affairs did not share the so-called investigation with the DAO Defendants.

279.    Denied. The allegations in Paragraph 279 refer to the so-called IAD investigation, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

### *The Affidavit of Probable Cause*

280.    Denied. The allegations in Paragraph 280 refer to the Affidavit of Probable Cause, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

281.    Denied. The allegations in Paragraph 281 refer to the Affidavit of Probable Cause, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

282.    Denied. The allegations in Paragraph 282 refer to the Affidavit of Probable Cause, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.  By way of further response, the Affidavit was prepared by Rocks based on the videos, still shots and information provided by the complainant.  There was no direction from Krasner or Tripp as alleged in the complaint.

283.    Denied.

284.    Denied.

285.    Denied.

286.    Denied. The allegations in Paragraph 286 refer a statute, that speaks for itself, and any attempt on behalf of Plaintiff to characterize it is denied. By way of further response, the allegations in Paragraph 286 contain conclusions of law to which no responsive pleading is required, and they are therefore denied.

287.    Denied. By way of further response, the allegations in Paragraph 287 contain conclusions of law to which no responsive pleading is required and they are therefore denied. It is also specifically denied that Krasner and Tripp withheld anything from the grand jury.

288.    Denied. By way of further response, the allegations in Paragraph 288 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

289.    Denied. The allegations in Paragraph 289 contain conclusions of law to which no responsive pleading is required and they are therefore denied. By way of further response, the allegations in Paragraph 289 refer to case law, writings that speak for themselves, and any attempt on behalf of Plaintiff to characterize the writings is denied.

290.    Denied.

291.    Denied.

292.    Denied. The allegations in Paragraph 292 refer to the Affidavit of Probable Cause, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

293.    Admitted in part, denied in part. It is admitted only that Tripp approved the Affidavit of Probable Cause at approximately 5:30PM and about two hours after the Gorski interview was conducted for the purpose of preparing the Affidavit of Probable Cause and Criminal Complaint. The remaining allegations in this Paragraph are denied.

294.    Admitted.

#125091493v2

295.     Denied. By way of further response, the Affidavit of Probable Cause and Criminal Complaint were prepared within 72 hours after Bologna hit Gorski on the head with his baton.

296.     Denied.

297.     Admitted.

298.     Denied. The allegations in Paragraph 298 refer to a press release, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

299.     Denied. The allegations in Paragraph 299 refer to a press release, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

300.     Denied. The allegations in Paragraph 300 refer to a press release, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

301.     Denied. The allegations in Paragraph 301 refer to a press release, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

302.     Denied. The allegations in Paragraph 302 refer to a press release, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

303.     Denied. The allegations in Paragraph 303 refer to a video of testimony, that speaks for itself, and any attempt on behalf of Plaintiff to characterize the video of testimony is denied.

304.     Denied.

305.     Denied. By way of further response, the allegations in Paragraph 305 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

306.     Denied.

307.     Denied. The allegations in Paragraph 307 refer to public statements, that speak for themselves, and any attempt on behalf of Plaintiff to characterize the public statements is denied.

#125091493v2

308.    Denied. The allegations in Paragraph 308 refer to public statements, that speak for themselves, and any attempt on behalf of Plaintiff to characterize the public statements is denied.

309.    Denied.

310.    Denied.

### The Criminal Complaint

311.    Denied. The allegations in Paragraph 311 refer to a Criminal Complaint, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

312.    Denied. The allegations in Paragraph 312 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

313.    Denied. The allegations in Paragraph 313 refer to a criminal complaint, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied. By way of further response, it is denied that the criminal complaint contained a "knowingly false claim."

314.    Denied. The allegations in Paragraph 314 refer to a criminal complaint, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied. By way of further response, it is denied that "Krasner, Rocks and Tripp all knew the complaint was false."

315.    Denied.

316.    Denied. The allegations in Paragraph 316 refer to a criminal complaint, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

317.    Admitted in part, denied in part. It is admitted that Krasner and Tripp had access to police directives. The remaining allegations in this Paragraph are denied.

#125091493v2

318.     Denied. The allegations in Paragraph 318 refer to department directives, writings that speak for themselves, and any attempt on behalf of Plaintiff to characterize the writings is denied.

319.     Denied as stated. It is admitted only that Feinberg filed a civil lawsuit on behalf of his client, Gorski. The DAO Defendants are without sufficient knowledge and information as to Feinberg's timing or plans surrounding the filing of the civil lawsuit on behalf of Gorski and those allegations are therefore denied.

320.     Denied. The allegations in Paragraph 320 refer to a complaint, a writing that speak for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

321.     Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 321 and they are therefore denied. By way of further response, it is specifically denied that any settlement with the City was premised on any alleged false testimony solicited during the criminal prosecution of Plaintiff, as no such false testimony was solicited.

### *The Prosecution of Joseph Bologna*

322.     Denied. The allegations in Paragraph 322 contain conclusions of law to which no responsive pleading is required, and they are therefore denied.

323.     Denied. The allegations in Paragraph 323 contain conclusions of law to which no responsive pleading is required, and they are therefore denied.

324.     Admitted, upon information and belief.

325.     Admitted, upon information and belief.

326.     Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 326 and they are therefore denied.

327.     Admitted.

#125091493v2

328.    Admitted that a report was prepared. To the extent the allegations in this Paragraph are intended to establish the admissibility of Dr. Gulino's report, the allegations are conclusions of law to which no responsive pleading is required and they are therefore denied.

329.    Denied as stated. To the extent the allegations in this Paragraph are intended to establish the admissibility of Dr. Gulino's report, the allegations are conclusions of law to which no responsive pleading is required and they are therefore denied.

330.    Denied. The allegations in Paragraph 330 refer to a report, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied. By way of further response, the allegations in Paragraph 330 contain conclusions of law to which no responsive pleading is required, and they are therefore denied.

331.    Denied.

332.    Denied. By way of further response, the allegations in Paragraph 332 contain conclusions of law to which no responsive pleading is required, and they are therefore denied. By way of further response, the DAO does have a published policy requiring ADAs to disclose potentially exculpatory information in all cases

333.    Denied. The allegations in Paragraph 333 refer to a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

334.    Denied.

335.    Denied.

336.    Denied. The allegations in Paragraph 336 refer to notes of testimony, writings that speak for themselves, and any attempt on behalf of Plaintiff to characterize the writings is denied.

337.    Denied. The allegations in Paragraph 337 refer to notes of testimony, writings that speak for themselves, and any attempt on behalf of Plaintiff to characterize the writings is denied.

#125091493v2

338.    Denied. The allegations in Paragraph 338 refer to notes of testimony, writings that speak for themselves, and any attempt on behalf of Plaintiff to characterize the writings is denied.

339.    Denied. The allegations in Paragraph 339 refer to notes of testimony, writings that speak for themselves, and any attempt on behalf of Plaintiff to characterize the writings is denied.

340.    Denied.

341.    Denied.

342.    Denied. The allegations in Paragraph 342 refer to notes of testimony, writings that speak for themselves, and any attempt on behalf of Plaintiff to characterize the writings is denied.

343.    Denied. The allegations in Paragraph 343 refer to notes of testimony, writings that speak for themselves, and any attempt on behalf of Plaintiff to characterize the writings is denied.

344.    Admitted only that Gorski was not charged with perjury. The remaining allegations are denied.  By way of further response, the DAO Defendants incorporate by reference their response to Paragraphs 109-120.

345.    Denied as stated. The allegations in this Paragraph refer to the transcript of the hearing, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

346.    Denied.

347.    Denied. The allegations in Paragraph 347 refer to notes of testimony, writings that speak for themselves, and any attempt on behalf of Plaintiff to characterize the writings is denied.

348.    Denied.

349.    Denied. The allegations in Paragraph 349 refer to notes of testimony, writings that speak for themselves, and any attempt on behalf of Plaintiff to characterize the writings is denied.

350.    Admitted.

351.    Admitted.

352.    Admitted.

353.    Denied. The allegations in Paragraph 353 refer to a continuance request, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

354.    Denied.

355.    Denied. The allegations in Paragraph 355 refer to a continuance request, a writing or statement that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

356.    Denied as stated. The assigned prosecutor sent Dr. Gulino materials he apparently had not previously reviewed in an effort to make certain that he had considered all relevant facts in forming an opinion.

357.    Denied. The allegations in Paragraph 357 refer to a continuance request, a writing or statement that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

358.    Denied. The allegations in Paragraph 358 refer to a continuance request, a writing or statement that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

359.    Denied.

360.    Admitted, upon information and belief.

361.    Denied. The allegations in Paragraph 361 refer to a report, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

362.    Denied. The allegations in Paragraph 362 refer to a report, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

#125091493v2

363.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 363 and they are therefore denied.

364.    Admitted, upon information and belief.

365.    Denied. The allegations in Paragraph 365 refer to an addendum, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

366.    Admitted.

367.    Admitted, upon information and belief.

368.    Denied. The allegations in Paragraph 368 refer to notes of testimony, writings that speak for themselves, and any attempt on behalf of Plaintiff to characterize the writing is denied.

369.    Denied. The allegations in Paragraph 369 refer to notes of testimony, writings that speak for themselves, and any attempt on behalf of Plaintiff to characterize the writing is denied.

370.    Denied as stated. Judge Bryant-Powell's holding is a writing that speaks for itself and any attempt on behalf of Plaintiff to characterize the writing is denied.

371.    Denied.

372.    Denied.

373.    Denied. The allegations in Paragraph 373 refer to notes of testimony, writings that speak for themselves, and any attempt on behalf of Plaintiff to characterize the writing is denied.

374.    Denied.

375.    Admitted.

376.    Denied. The allegations in Paragraph 376 refer to an opinion, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

377.    Denied. The allegations in Paragraph 377 refer to an opinion, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

378.    Admitted.

379.    Denied. The allegations in Paragraph 379 refer to an appeal and application, writings that speak for themselves, and any attempt on behalf of Plaintiff to characterize the writings is denied.

380.    Denied. The allegations in Paragraph 380 refer to brief, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

381.    Denied as stated. The prosecution continued based on the evidence and the law.

382.    Denied as stated. The prosecution was commenced because the facts warranted it. All contrary allegations are denied.

383.    Denied.

384.    Admitted that the trial was in February 2024.

385.    Denied. The allegations in Paragraph 385 refer to a motion to preclude, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

386.    Denied as stated. The prosecution opposed the motion. It is denied that Krasner's assistants wanted Gorski to claim against all video and physical evidence that he was hit in the head with the ASP baton.

387.    Admitted.

388.    Denied. The allegations in Paragraph 388 refer to in court statements, writings that speak for themselves, and any attempt on behalf of Plaintiff to characterize said statements is denied.

389.    Denied as stated. The prosecution stipulated in writing to Dr. Gulino's testimony, which writing speaks for itself.

#125091493v2

390.    Denied. The allegations in Paragraph 390 refer to a stipulation, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

391.    Denied.

392.    Denied as stated. The allegations in Paragraph 392 refer to notes of testimony, writings that speaks for themselves, and any attempt on behalf of Plaintiff to characterize the writings is denied.

393.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 393 and they are therefore denied.

394.    Denied as stated. The written record of the trial is a writing that speaks for itself and any attempt on behalf of Plaintiff to characterize the writing is denied.

395.    Denied.

## DAMAGES

396.    Denied.

397.    Denied as stated.  The statement speaks for itself and any attempt on behalf of Plaintiff to characterize it is denied.

398.    Denied. The allegations in Paragraph 398 refer to a press release, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

399.    Denied. The allegations in Paragraph 399 refer to a press release, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

400.    Denied as stated. Krasner's statements were reported by some news organizations.

401.    Denied.

402.    Denied.

403.    Denied. The allegations in Paragraph 403 refer to headlines and writings by others not controlled by the DAO Defendants that speak for themselves and any attempt on behalf of Plaintiff to characterize them is denied.

404.    Denied. The allegations in Paragraph 404 refer to statements and writings by others not controlled by the DAO Defendants that speak for themselves, and any attempt on behalf of Plaintiff to characterize them is denied.

405.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 405 and they are therefore denied.

406.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 406 and they are therefore denied.

407.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 407 and they are therefore denied.

408.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 408 and they are therefore denied.

409.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 409 and they are therefore denied.

410.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 410 and they are therefore denied.

411.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 411 and they are therefore denied.

412.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 412 and they are therefore denied.

413.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 413 and they are therefore denied.

414.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 414 and they are therefore denied.

415.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 415 and they are therefore denied.

416.    Denied.

417.    Denied.

418.    Denied.

419.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 419 and they are therefore denied.

420.    Admitted, upon information and belief.

421.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 421 and they are therefore denied.

422.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 422 and they are therefore denied.

423.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 423 and they are therefore denied.

424.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 424 and they are therefore denied.

425.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 425 and they are therefore denied.

#125091493v2

426.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 426 and they are therefore denied.

427.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 427 and they are therefore denied.

428.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 428 and they are therefore denied.

429.    Denied. The DAO Defendants are without sufficient knowledge and information to ascertain the truth of the allegations in Paragraph 429 and they are therefore denied.

430.    Denied.

### COUNT I
**(False Arrest and Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments – 42 U.S.C. §1983)**
**BOLOGNA v. KRASNER, TRIPP, ROCKS AND THE CITY OF PHILADELPHIA[2]**

431.    This is an incorporation paragraph to which no responsive pleading is required.

432.    Denied as stated. The allegations in Paragraph 432 refer to a statute, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

433.    Denied. The allegations in Paragraph 433 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

434.    Denied. By way of further response, the allegations in Paragraph 434 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

435.    Denied. The allegations in Paragraph 435 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

---

[2] Pursuant to this Court's June 25, 2025 Order, Plaintiff's claim for False Arrest was dismissed as time-barred. The DAO Defendants' responses to the Paragraphs in Count I relate only to Plaintiff's claim for Malicious Prosecution.

#125091493v2

436.    Denied. The allegations in Paragraph 436 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

437.    Denied. The allegations in Paragraph 437 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

438.    Denied. By way of further response, the allegations in Paragraph 438 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

439.    Denied. By way of further response, the allegations in Paragraph 439 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

440.    Denied. By way of further response, the allegations in Paragraph 440 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

441.    Denied. By way of further response, the allegations in Paragraph 441 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

442.    Denied. By way of further response, the allegations in Paragraph 442 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

443.    Denied. By way of further response, the allegations in Paragraph 443 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

444.    Denied. By way of further response, the allegations in Paragraph 444 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

445.    Denied. By way of further response, the allegations in Paragraph 445 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

446.    Denied. By way of further response, the allegations in Paragraph 446 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

#125091493v2

447.    Denied. By way of further response, the allegations in Paragraph 447 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

448.    Denied.

449.    Denied. By way of further response, the allegations in Paragraph 449 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

450.    Denied. By way of further response, the allegations in Paragraph 450 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

451.    Denied. The allegations in Paragraph 451 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

452.    Denied. By way of further response, the allegations in Paragraph 452 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

## COUNT II
### (Established Policies, Practices, Customs, in Violation of the Fourth, Fourteenth, and First Amendments – 42 U.S.C. §1983)
### BOLOGNA V. KRASNER AND CITY OF PHILADELPHIA

453.    This is an incorporation paragraph to which no responsive pleading is required.

454.    Denied. The allegations in Paragraph 454 refer to a statute, a writing that speaks for itself, and any attempt on behalf of Plaintiff to characterize the writing is denied.

455.    Denied. The allegations in Paragraph 455 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

456.    Denied. The allegations in Paragraph 456 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

457.    Denied. The allegations in Paragraph 457 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

#125091493v2

458.    Denied. By way of further response, the allegations in Paragraph 458 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

459.    Denied. By way of further response, the allegations in Paragraph 459 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

460.    Denied. By way of further response, the allegations in Paragraph 460 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

461.    Denied. The allegations in Paragraph 461 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

462.    Denied. The allegations in Paragraph 462 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

463.    Denied. By way of further response, the allegations in Paragraph 463 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

464.    Denied. By way of further response, the allegations in Paragraph 464 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

465.    Denied. By way of further response, the allegations in Paragraph 465 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

466.    Denied. By way of further response, the allegations in Paragraph 466 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

467.    Denied. By way of further response, the allegations in Paragraph 467 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

468.    Denied. By way of further response, the allegations in Paragraph 468 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

#125091493v2

469.    Denied. By way of further response, the allegations in Paragraph 469 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

470.    Denied. By way of further response, the allegations in Paragraph 470 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

471.    Denied. By way of further response, the allegations in Paragraph 471 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

472.    Denied. By way of further response, the allegations in Paragraph 472 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

473.    Denied. By way of further response, the allegations in Paragraph 473 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

474.    Denied. By way of further response, the allegations in Paragraph 474 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

475.    Denied. By way of further response, the allegations in Paragraph 475 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

**COUNT III**
**(Intentional Infliction of Emotional Distress)**
**BOLOGNA v. KRASNER, TRIPP, AND ROCKS**

476-482.    Pursuant to this Court's June 25, 2025 Order, Count III of the Complaint for Intentional Infliction of Emotional Distress was dismissed as time-barred. Accordingly, no responsive pleading is required regarding these Paragraphs.

#125091493v2

**COUNT IV**
**(Loss of Consortium)**
**DIANA BOLOGNA v. ALL DEFENDANTS**[3]

483-485.   Pursuant to this Court's June 25, 2025 Order, Count III of the Complaint for Intentional Infliction of Emotional Distress was dismissed as time-barred. Accordingly, no responsive pleading is required regarding these Paragraphs.

## AFFIRMATIVE DEFENSES

486.   The Complaint fails to state a claim on which relief can be granted.

487.   Some of all of Plaintiff's claims are barred by the applicable statute of limitations.

488.   Some or all of Plaintiff's claims are barred by the doctrine of immunity.

489.   Some or all of the harm claimed by Plaintiff was caused by non-parties over whom the DAO Defendants do not exercise control.

490.   Some or all of the harm claimed by Plaintiff was caused by the publication of video recordings of Plaintiff's conduct by non-parties over whom the DAO Defendants do not exercise control.

491.   Some or all of the harm claimed by Plaintiff was caused by Plaintiff's own conduct which became known to the public before and/or independent of any conduct by the DAO Defendants.

## V.      PRAYER FOR RELIEF

492.   The DAO Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, Joseph Bologna, as to the remaining counts in the Complaint (Count I and Count II), including any and all additional relief this Court deems just and proper.

---

[3] In Plaintiff's Complaint, Paragraphs "483-488" are erroneously labeled as Paragraphs "423-428."

## <u>NOTICE OF PRESERVATION OF EVIDENCE</u>

493.    The DAO Defendants demand and request that Plaintiffs take any and all necessary action to ensure the preservation of all documents, communications, whether electronic or otherwise, items and things in the possession or control of any party to this action, or any entity over which any party to this action has control, or from whom any party to this action has access to, any documents, items, or things which may in any manner be relevant to or relate to the subject matter of the causes of action and/or the allegations of this complaint.

## <u>DEMAND FOR JURY TRIAL</u>

494.    The DAO Defendants demand a jury trial in this matter.


Dated:  August 1, 2025

*/s/ David Smith*
David Smith (ID: 21480)
Theresa E. Loscalzo (ID: 52031)
Christopher Nana-Sinkam (ID: 320189)
**DILWORTH PAXSON LLP**
1650 Market Street, Suite 1200
Philadelphia, PA 19103
(215) 575-7000
Counsel for Defendants *Lawrence Krasner, Tracy Tripp, and Sgt. Gerald Rocks*

52

#125091493v2

## <u>CERTIFICATE OF SERVICE</u>

I, David Smith, hereby certify that on August 1, 2025, a true and correct copy of the foregoing *Answer of Defendants Lawrence Krasner, Tracy Tripp, and Sgt. Gerald Rocks to Plaintiff Joseph Bologna's Complaint* was served upon all counsel of record via the Court's electronic filing system, as follows:

Gavin P. Lentz, Esq.
Kean C. Maynard, Esq.
George Bochetto, Esq.
BOCHETTO & LENTZ PC
1524 Locust Street
Philadelphia, PA 19102
*Counsel for Plaintiffs*

Benjamin T. Jackal, Esq.
Daniel Cerone, Esq.
CITY OF PHILADELPHIA LAW DEPARTMENT
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
*Counsel for Defendant, the City of Philadelphia*

DATED: August 1, 2025

/s/ David Smith
David Smith (ID: 21480)
**DILWORTH PAXSON LLP**
*Counsel for Defendants, Lawrence Krasner, Tracy Tripp, and  Gerald Rocks*