

George Bochetto†^
Gavin P. Lentz*
Jeffrey W. Ogren*
David P. Heim*
Vincent van Laar*
Bryan R. Lentz*
John A. O'Connell*
Kiersty DeGroote·*
Kean C. Maynard*
Matthew L. Minsky†**
Ryan T. Kirk
Brett Stander

1524 Locust Street
Philadelphia, PA 19102
215-735-3900
Fax: 215-735-2455

203 High Street
Mt. Holly, NJ 08060
856-722-9595
Fax: 856-722-5511

10 Beatty Road
Suite 202
Media, PA 19063
484-443-8232
Fax: 484-442-8238

* Admitted to the New Jersey Bar
† Admitted to the New York Bar
· Admitted to the the Virginia Bar
^ Admitted to the D.C. Bar
· Admitted to the Florida Bar

PRACTICE DEDICATED
TO LITIGATION AND
NEGOTIATION MATTERS

bochettoandlentz.com

***Please send all Mail to the Philadelphia Office***

George Bochetto
Attorney at Law
gbochetto@bochettoandlentz.com

Albert M. Belmont, III*
Michael J. McCarrie
of Counsel

August 18, 2025

<u>VIA CM/ECF</u>

The Honorable Joel H. Slomsky
United States District Judge for the
Eastern District of Pennsylvania
5614 U.S. Courthouse
601 Market Street,
Philadelphia, PA 19106

Re: <u><b>Bologna v. Krasner, <i>et al.</i>, Civil Action No. 24-cv-3185</b></u>

Dear Judge Slomsky:

As you know, we represent the Plaintiff in the above referenced matter. I write to request a telephone conference to address the commencement of discovery under Fed. R. Civ. P. 16 and 26. Enclosed please find the Rule 26(f) report of Plaintiff, which sets forth the efforts, beginning on August 7, 2024—more than a year ago—to conduct the Rule 26(f) conference with the Defendants.

Although this Court has not issued its order setting a date for the Rule 16 conference, it is the policy of this Court that "[p]ending motions do not excuse counsel from proceeding with discovery[,]" and that counsel has a duty to conduct the Rule 26(f) meeting in good faith.[1] Pursuant to Fed. R. Civ. P. 26(d)(1), "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]" Rule 26(f) itself states that "the parties must confer as soon as practicable[.]"

---

[1] Judge Slomsky's Scheduling and Motion Policies and Procedures at 3, 4.

**BOCHETTO & LENTZ, P.C.**
August 18, 2025
Page **2** of **2**

In an effort to advance discovery after the refusal of Defendants to confer under Rule 26(f), Plaintiff sought the deposition of a representative of the City of Philadelphia concerning the original answer filed by the City in this matter. The City declined to advance the case by producing a witness, and still takes the position that discovery is premature, despite the fact that discovery is only premature because the Defendants will not confer under Rule 26(f) after repeated invitations to do so over a year.

The appeal taken by the Individual Defendants did not divest this Court of jurisdiction over this entire action, as the City of Philadelphia cannot assert an immunity defense. "Unlike individual government officials, municipalities are not entitled to qualified immunity under § 1983."[2] Furthermore, the automatic stay under Fed. R. Civ. P. 62(a) does not apply in this matter, and no party has moved for a stay in this Court; in fact, they have filed answers, continuing this litigation in the face of the pending appeal.[3] Therefore, Plaintiff respectfully requests that this Court set a date for all parties to appear at a Rule 16 conference to discuss setting a discovery schedule and to address the issue of the prejudice to Plaintiff for the failure of the Defendants to comply with their obligations under Rule 26.

Thank you in advance for the Court's attention to this matter.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

By:     */s/ George Bochetto*
George Bochetto

GB:mt
Enclosure

cc:     All parties of record. (Via ECF Notification)

---

[2] *Crosland v. City of Philadelphia*, 676 F. Supp. 3d 364, 381 (E.D. Pa. 2023).
[3] Fed. R. App. P. 8(a) generally requires a motion in the District Court as a predicate to relief in the Court of Appeals.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH BOLOGNA**<br>and **DIANA BOLOGNA** | : | CIVIL ACTION |
| | : | |
| *Plaintiffs,* | : | |
| | : | NO.  2:24-cv-03185-KNS |
| v. | : | |
| | : | |
| **LAWRENCE S. KRASNER,** *et al.* | : | |
| | : | |
| *Defendants.* | : | |

### REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for Plaintiff has repeatedly attempted to confer with Defense counsel since August of 2024, but Defense counsel has repeatedly refused to do so.  Plaintiff is thus compelled to submit the following report, without Defendants' input, for the Court's consideration:

### INTRODUCTORY STATEMENT REGARDING
### DEFENDANTS' NONCOMPLIANCE WITH RULE 26

For over a year Defendants have refused to cooperate in Plaintiff's efforts to conduct a Rule 26(f) conference. Accordingly, and consistent with this Court's policy, Plaintiff submits the instant Rule 26 Report in the absence of Defendants' input, which is precluded due to their noncompliance. Below is a brief summary of Plaintiff's efforts to engage Defendants, and Defendants' impermissible refusal to comply with Rule 26 or this Court's express policies and procedures.

On August 7, 2024, Plaintiff requested a Rule 26(f) conference, at which time counsel for Defendants confirmed availability. *See* the August 2024 Rule 26 Correspondences among counsel attached hereto as Exhibit "A." However, counsel for the City quickly about-faced and claimed

that the Rule 26(f) conference was premature because a Rule 16 Conference had not yet been scheduled. *Id.* Counsel for Plaintiff immediately informed all Parties of the Federal Rules do not permit delay due to a Rule 16 Conference and instead instruct that "the parties must confer as soon as practicable."(Fed. Rules Civ. Proc., rule 26(f)(1).). Despite this guidance, defense counsel continued to ignore Plaintiff's efforts and refused to engage in a Rule 26(f) conference. Shortly thereafter, defendants filed two Motions to Dismiss Plaintiff's Complaint.

After several months of motion practice and oral arguments, on June 25, 2025, this Court ruled on the Motions to Dismiss and Ordered that Plaintiff's claims survived. On July 30, 2025, Plaintiff's counsel again engaged counsel for Defendants regarding a Rule 26(f) conference. *See* the July 2025 Rule 26 Correspondences among counsel attached hereto as Exhibit "B". After ignoring the request for over a week and in response to several follow ups, counsel for the City finally responded by again refusing to cooperate on the basis that a Rule 16 Conference had not been scheduled. *See* Ex. B at July 8, 2025, email from Daniel Cerone. Counsel for Plaintiff again explained that Rule 16 does not suspend the Parties' duty to meet for the Rule 26 conference. Plaintiff referenced not only Rule 26(f)(1), but also emphasized Judge Slomsky's express policies that provide "The Rule 26(f) meeting shall take place **as soon as possible**." Defense counsel was also informed of Judge Slomsky's policy regarding noncompliance with Rule 26, which states "Outstanding motions will not excuse the requirements of holding the meeting and submitting the plan. **Compliance is mandatory**. Parties who do not comply will have no voice at the scheduling conference and may be subject to additional sanctions." (emphasis added). *See* Ex. B at July 8, 2025, email from Kean Maynard.

2

Despite Plaintiffs many attempts spanning over a year, and Defense counsel's notice of this Court's policies and procedures, counsel for the City again refused to engage in a Rule 26(f) conference, this time claiming intent to file a Motion for Reconsideration of Judge Slomksy's ruling on the City's Motion to Dismiss – another impermissible excuse. *See* Ex. A at July 8, 2025, email from Daniel Cerone. Counsel for the DAO Defendants then used the City's noncompliance as an excuse to also not cooperate in the Rule 26(f) Conference. *See* Ex. B at July 10, 2025, email from David Smith. Collectively, Defendants have refused to cooperate with Plaintiff in the Rule 26(f) Conference and have intentionally blocked Plaintiff from moving forward with prosecution of his claims for over a year.

Accordingly, Plaintiff submits the instant Rule 26(f) Report only after a year of efforts to engage the Defendants in a Rule 26(f) Conference. With no further remedy available, and a reluctance to allow further impermissible delay, Plaintiff submits this Rule 26 Report to ensure compliance with the Federal Rules and this Court's policy. As Defendants maintain a refusal to cooperate with Rule 26, Plaintiff takes the position that Defendants "have no voice" regarding the scheduling and should be subject to further sanctions as this Court deems fit. Therefore, please accept this Rule 26 Report on behalf of all Parties. Plaintiff intends to immediately proceed with discovery pursuant to the Federal Rules of Civil Procedure and this Court's policy.

## RULE 26 REPORT

### 1. Discussion of Claims, Defenses and Relevant Issues

This action arises from the arrest and prosecution of Plaintiff Joseph Bologna, a Staff Inspector with the Philadelphia Police Department, following an incident on June 1, 2020, during civil unrest in Philadelphia. While on duty, Bologna and another officer attempted to arrest a

protester when a bystander, Evan Gorski, intervened. Bologna struck Gorski once in the upper back with a baton to prevent further interference. A short video of the encounter circulated on social media, generating public outcry and allegations that Bologna struck Gorski in the head without cause.

However, as clearly understood by a careful view of the recording, Inspector Bologna did not strike Gorski in the head, but rather on his upper back – which is consistent with his training. Indeed, this fact was confirmed by the conclusions of an Internal Affairs investigation and the Philadelphia Medical Examiner.

Despite these unequivocal findings, the Philadelphia District Attorney's Office charged Bologna with multiple offenses based on the knowingly false assertion that Inspector Bologna struck Gorski in the head. In order to bring such false charges, the DAO elicited knowingly false testimony and omitted material evidence to draft a knowingly false affidavit of probable cause against Inspector Bologna. After 4 years of prosecuting Inspector Bologna on these false charges, a jury acquitted him of all charges after less than 22 minutes of deliberation—a result that underscores Plaintiff's position that the charges were unfounded and politically motivated. As a result of Defendants' actions, Inspector Bologna suffered severe reputational harm, emotional distress, and career disruption, while his wife, Diana Bologna, asserts a derivative claim for loss of consortium.

Plaintiff's claims, which survived Defendants' Motion to Dismiss, arise under 42 U.S.C. § 1983 for malicious prosecution (Count I), and a Monell Claim for Established Policies, Practices, and Customs in violation of the Fourth, Fourteenth, and First Amendments.

Plaintiff alleges that Defendants—District Attorney Lawrence Krasner, Assistant District Attorney Tripp, and Investigator Rocks—solicited false testimony, suppressed exculpatory

4

evidence, and filed charges without probable cause, all as part of a broader policy of unconstitutionally targeting law enforcement officers.

Defendants assert that the claims are barred by the statute of limitations, that the § 1983 claims fail to state a claim upon which relief can be granted, and that they are entitled to absolute and qualified immunity. Discovery will be needed on multiple factual issues, including the Defendants' investigation, preparation of the affidavit of probable cause, the extent of the Internal Affairs investigation, communications among defendants, and policies governing prosecutorial discretion and use of force.

### 2. Informal Disclosures

Plaintiff has served its Initial Disclosures to all Parties. Defendants have refused to cooperate with Rule 26 and have not served Initial Disclosures.

### 3. Formal Discovery

Pursuant to the Federal Rules of Civil Procedure and this Court's policy, the Parties are to engage in discovery immediately. Plaintiff proposes discovery should conclude 120 days from the Rule 16 Conference. Plaintiff intends to begin with written discovery and conduct depositions only after the Defendants have fully complied with the discovery requests. Plaintiff anticipates taking up to 10 depositions depending on the responses to written discovery.

### 4. Electronic Discovery

As the Defendants refuse to cooperate with Rule 26, Plaintiff proposes that the Court enter an order incorporating default standards as provided by the Honorable Judge Slomsky's policies.

### 5. Expert Witness Disclosures

Plaintiff proposes expert witness disclosures and expert reports are exchanged simultaneously thirty (30) days after the close of discovery, with rebuttal reports being exchanged fourteen (14) days after the service of the opposing party's expert reports.

### 6. Early Settlement or Resolution

Plaintiff has discussed Local Rule 53.3 with counsel and the availability of ADR and mediation. However, Defendants have refused to cooperate with Rule 26 and have otherwise taken the position of attempting to dismiss Plaintiff's Complaint based on an invocation of immunity. Accordingly, at this stage, it does not appear that early resolution is plausible.

### 7. Trial

Plaintiff requests a date certain for a jury trial to be scheduled after the Parties have completed discovery and the Court has ruled on Dispositive Motions. Plaintiff anticipates an estimated fourteen (14) days of trial.

### 8. Other Matters

Plaintiff incorporates the discussion of Defendants' non-compliance with their obligations under Rule 26.    Plaintiff anticipates continued noncompliance and delay tactics from Defendants, who have already engaged in such practices during the first year since initiation of these proceedings. Plaintiff requests this Court issue appropriate sanctions for Defendants' noncompliance with Rule 26 and further instruct that continued delay tactics will not be tolerated.

Date: August 18, 2025                         Respectfully submitted,

      /s/ Kean C. Maynard
Kean C. Maynard, Esquire
BOCHETTO AND LENTZ, P.C.
*Attorneys for Plaintiff*

6

# EXHIBIT A

From: **Kean Maynard** <kmaynard@bochettoandlentz.com>
Date: Wed, Aug 7, 2024 at 2:51 PM
Subject: Re: Bologna v. Krasner, et al - Rule 26 Conference
To: Ben Jackal <Ben.Jackal@phila.gov>
Cc: George Bochetto <gbochetto@bochettoandlentz.com>, Gavin Lentz
<glentz@bochettoandlentz.com>

Ben,

The Judge's procedures say "at least" 14 days before the Rule 16 conference. There is no
instruction requiring a delay pending the Rule 16 Conference. Rather, the actual Federal Rule
states that "the parties must confer as soon as practicable"(Fed. Rules Civ. Proc., rule 26(f)
(1).). Given the complexity of this matter and that all Defendants are now represented, we are
looking to confer as soon as practicable to outline potential issues, disclosures, discovery, etc.

As you indicated, you are available next week Tues - Friday. My office is as well. So we are
hopeful to schedule the Rule 26 Conference in that timeframe. I am following up with David
Smith regarding the same and will be in touch once we have a time that works for all of us.

Thanks,
Kean

On Wed, Aug 7, 2024 at 2:43 PM Ben Jackal <Ben.Jackal@phila.gov> wrote:

Kean,

On second thought, I think it is premature to schedule a Rule 26(f) conference. Judge Scott's
Policies and Procedures contemplate the parties meeting in advance of a Rule 16
conference, which has not yet been scheduled:
https://www.paed.uscourts.gov/sites/paed/files/documents/procedures/scopol.pdf.

If you think there's something I'm missing, please feel free to reach out.

Thanks,

Ben Jackal
Deputy City Solicitor
Civil Rights Unit
1515 Arch Street, 14th Floor

Philadelphia, PA 19102-1595
ben.jackal@phila.gov
215-683-5434 (office)

---

**From:** Ben Jackal <Ben.Jackal@phila.gov>
**Sent:** Wednesday, August 7, 2024 1:57 PM
**To:** Kean Maynard <kmaynard@bochettoandlentz.com>
**Cc:** George Bochetto <gbochetto@bochettoandlentz.com>; Gavin Lentz
<glentz@bochettoandlentz.com>
**Subject:** Re: Bologna v. Krasner, et al - Rule 26 Conference

Good afternoon, Kean.

I am generally available Tuesday through Friday of next week (8/13 to 8/16). Please let me
know what time works best to meet.

Sincerely,

Ben Jackal
Deputy City Solicitor
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595
ben.jackal@phila.gov
215-683-5434 (office)

---

**From:** Kean Maynard <kmaynard@bochettoandlentz.com>
**Sent:** Friday, August 2, 2024 4:06 PM
**To:** Ben Jackal <Ben.Jackal@phila.gov>
**Cc:** George Bochetto <gbochetto@bochettoandlentz.com>; Gavin Lentz
<glentz@bochettoandlentz.com>
**Subject:** Bologna v. Krasner, et al - Rule 26 Conference

**External Email Notice. This email comes from outside of City government. Do not click on
links or open attachments unless you recognize the sender.**

Benjamin,

My firm represents Plaintiff in the above referenced matter. I see that you entered your
appearance on behalf of the City of Philadelphia. Today counsel for the remaining
Defendants entered their appearance.

Accordingly, I am reaching out to schedule the Rule 26(F) conference.

My office can be available at your convenience over the next two weeks. Can you let us know some dates/times you are available in that date range?

Thanks,

Kean

--

**Kean C. Maynard, Esquire**

*Attorney at Law*

1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
kmaynard@bochettoandlentz.com

--

**Kean C. Maynard, Esquire**

*Attorney at Law*

1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
kmaynard@bochettoandlentz.com

--

**Kean C. Maynard, Esquire**

*Attorney at Law*

1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
kmaynard@bochettoandlentz.com

# **EXHIBIT B**

From: **Smith, David** <dsmith@dilworthlaw.com>
Date: Thu, Jul 10, 2025 at 6:55 PM
Subject: RE: Bologna vs. Krasner, et al., 2:24-cv-03185-KNS
To: Kean Maynard <kmaynard@bochettoandlentz.com>, Daniel Cerone
<Daniel.Cerone@phila.gov>
Cc: George Bochetto <gbochetto@bochettoandlentz.com>, Ben Jackal
<Ben.Jackal@phila.gov>, Nana-Sinkam, Christopher C. <cns@dilworthlaw.com>,
Loscalzo,Theresa E. <tloscalzo@dilworthlaw.com>, David Heim
<dheim@bochettoandlentz.com>, Bryan Lentz <blentz@bochettoandlentz.com>


    Kean, when you asked last week to schedule a Rule 26(f) conference, I
responded promptly with my availability and we reserved 3:00 Tuesday afternoon for
the conference.  Shortly before the time scheduled for the conference, I received an
e-mail from you canceling the conference because the City had not confirmed its
attendance.  You recognized then that we could not have a Rule 26(f) conference
without the City's participation.  Nothing has changed.  Indeed, Judge Slomsky's form
of Rule 26 Report, which you attached to your e-mail, plainly requires the City's
participation.  You and I do not have authority to bind the City on the issues to be
addressed in the Rule 26 Report.


DAVID SMITH | DILWORTH PAXSON LLP
1650 Market Street | Suite 1200 | Philadelphia, PA 19103
Tel: 215-575-7062 | Fax: (215) 754-4603
dsmith@dilworthlaw.com | www.dilworthlaw.com


*Please make note of my new contact information above*


**From:** Kean Maynard <kmaynard@bochettoandlentz.com>
**Sent:** Wednesday, July 9, 2025 11:02 AM
**To:** Daniel Cerone <Daniel.Cerone@phila.gov>
**Cc:** Smith, David <dsmith@dilworthlaw.com>; George Bochetto

<gbochetto@bochettoandlentz.com>; Ben Jackal <Ben.Jackal@phila.gov>; Nana-Sinkam, Christopher C. <cns@dilworthlaw.com>; Loscalzo,Theresa E. <tloscalzo@dilworthlaw.com>; David Heim <dheim@bochettoandlentz.com>; Bryan Lentz <blentz@bochettoandlentz.com>
**Subject:** Re: Bologna vs. Krasner, et al., 2:24-cv-03185-KNS

**This message is from an external sender.**

Dan,

We disagree with the City's position and as stated yesterday and last August, it is in direct violation of the Judge's policies. As we have been attempting to schedule this Rule 26 for a year, we will not delay any further.

David/Theresa, we will hold the Rule 26 conference this week. Our team is available tomorrow afternoon and any time Friday. Please confirm a time that you are available and we will schedule the Rule 26 conference accordingly. Attached is a copy of Judge Slomsky's Rule 26 report for reference on what will be discussed during the conference.

Thanks,

Kean

On Wed, Jul 9, 2025 at 7:00 AM Daniel Cerone <Daniel.Cerone@phila.gov> wrote:

Good morning Kean,

While I should let you know I appreciate and share your position on wanting to move this case along, it is my understanding that our office is filing a motion to reconsider Judge Slomsky's recent opinion. With that, there is the possibility (and we can agree to disagree on the level) that the City is dismissed from this litigation. My limited understanding of this case is that we have no say over the decisions of the DAO/DA Kranser.

Anyway, with the possibility that Judge Slomsky reconsiders his ruling (however slim you may believe), it would not be practical for the City to participate in a rule 26f conference at this time (separate from there being no rule 16 order). Also, waiting to schedule the 26f

conference is not delaying the matter at all because we do not have a rule 16 conference order yet. Should a rule 26 conference order drop on the docket with a conference date, I will ensure that someone from our unit confers with you as soon as possible. I do appreciate your team working with our availability, but I do not currently have the bandwidth to pick this case up and run with it as I am in the middle of prepping/bringing myself up to speed on a case with 11 clients that is going to trial in a few weeks that has dozens of witnesses and tens of thousands pages of documents I need to familiarize myself with...and I'm in witness/client preps all this week. I understand that this is not what you wish to hear, but I hope that you appreciate my current position.


Thanks,

-Dan

---

**From:** Kean Maynard <kmaynard@bochettoandlentz.com>
**Sent:** Tuesday, July 8, 2025 2:47 PM
**To:** Daniel Cerone <Daniel.Cerone@Phila.gov>
**Cc:** Smith, David <dsmith@dilworthlaw.com>; George Bochetto <gbochetto@bochettoandlentz.com>; Ben Jackal <Ben.Jackal@phila.gov>; Nana-Sinkam, Christopher C. <cns@dilworthlaw.com>; Loscalzo,Theresa E. <tloscalzo@dilworthlaw.com>; David Heim <dheim@bochettoandlentz.com>; Bryan Lentz <blentz@bochettoandlentz.com>
**Subject:** Re: Bologna vs. Krasner, et al., 2:24-cv-03185-KNS

---

> **External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

---

Dan, thanks for the response. And although we certainly respect Ben's parental leave, under no circumstances can we wait until mid-August to schedule this conference.


Though the Rule 16 has not yet been scheduled (and we will request that it is shortly) this does not suspend our duty to meet for the Rule 26 conference. The Federal Rule states that **"the parties must confer as soon as practicable"**(Fed. Rules Civ. Proc., rule 26(f)(1).).


More importantly, Judge Slomsky's policies are clear that **"The Rule 26(f) meeting shall take place <u>as soon as possible</u>."** Further, Judge Slomksy's policy also states **"Outstanding motions will not excuse the requirements of holding the meeting and submitting the plan. Compliance is mandatory. Parties who do not comply will have no voice at the scheduling conference and may be subject to additional sanctions."**

We filed this lawsuit a full year ago.

Last August, we attempted to schedule our Rule 26 after the Complaint was filed and our efforts were thwarted by non-compliance from Defendants due to the Motions to Dismiss, which should not have delayed the Rule 26 conference. See the attached email thread with Ben from August. Clearly these delay tactics violate the Judge's policies. Regardless, we laid off the issue while the Motions to Dismiss went forward. They have not been resolved. We are already a year behind schedule and have to schedule the Rule 26 this week.

I understand this is not your case, but there is a lot of history here. And put simply, we cannot allow further delay at the expense of prejudice to the Plaintiff and further violation of the Judge's instructions.

Accordingly, we are requesting that someone from your office make themself available this week for the Rule 26 conference. Our team will work with your availability, but we need this scheduled ASAP.

Thanks,

Kean

On Tue, Jul 8, 2025 at 1:53 PM Daniel Cerone <Daniel.Cerone@phila.gov> wrote:

> My apologies for not answering. This is not my matter. Ben is out on parental leave until mid-August. If I am understanding the docket correctly, a rule 16 conference has not yet been scheduled. With that, I would respectfully request that we aim to confer at a later time. If there is anything urgent, please let me know and I will be happy to try to accommodate.
>
> Thanks,

-Dan

---

**From:** Kean Maynard <kmaynard@bochettoandlentz.com>
**Sent:** Tuesday, July 8, 2025 12:46 PM
**To:** Smith, David <dsmith@dilworthlaw.com>
**Cc:** George Bochetto <gbochetto@bochettoandlentz.com>; Ben Jackal <Ben.Jackal@phila.gov>; Daniel Cerone <Daniel.Cerone@Phila.gov>; Nana-Sinkam, Christopher C. <cns@dilworthlaw.com>; Loscalzo,Theresa E. <tloscalzo@dilworthlaw.com>; David Heim <dheim@bochettoandlentz.com>; Bryan Lentz <blentz@bochettoandlentz.com>
**Subject:** Re: Bologna vs. Krasner, et al., 2:24-cv-03185-KNS

---

> **External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

All, having not heard from the City regarding the Rule 26 I am canceling this afternoon's proposed conference.

Ben, please provide some dates and times this week that you can commit to so we can schedule this ASAP and comply with the judges policy and procedures.

**Kean C. Maynard, Esquire**

***Attorney at Law***

1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
kmaynard@bochettoandlentz.com

On Mon, Jul 7, 2025 at 4:48 PM Kean Maynard <kmaynard@bochettoandlentz.com> wrote:

> Ben, I am following up again. We are scheduled for this conference tomorrow at 3 PM. Please confirm you will attend and I will send out a Zoom link.

**Kean C. Maynard, Esquire**

*Attorney at Law*

1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
kmaynard@bochettoandlentz.com

On Wed, Jul 2, 2025 at 1:30 PM Kean Maynard <kmaynard@bochettoandlentz.com> wrote:

> Ben, I am just confirming Tuesday at 3PM also works for you?

On Tue, Jul 1, 2025 at 6:42 PM Smith, David <dsmith@dilworthlaw.com> wrote:

> That works.
>
> David Smith | Dilworth Paxson LLP
> 1650 Market Street | Suite 1200 | Philadelphia, PA 19103
> Tel: 215-575-7062 | Fax: (215) 754-4603
> dsmith@dilworthlaw.com | www.dilworthlaw.com
>
> *Please make note of my new contact information above*
>
> ---
>
> **From:** Kean Maynard <kmaynard@bochettoandlentz.com>
> **Sent:** Tuesday, July 1, 2025 5:33:29 PM
> **To:** Smith, David <dsmith@dilworthlaw.com>
> **Cc:** George Bochetto <gbochetto@bochettoandlentz.com>; Ben Jackal
> <ben.jackal@phila.gov>; daniel.cerone@phila.gov <Daniel.Cerone@phila.gov>; Nana-
> Sinkam, Christopher C. <cns@dilworthlaw.com>; Loscalzo,Theresa E.

<tloscalzo@dilworthlaw.com>; David Heim <dheim@bochettoandlentz.com>; Bryan
Lentz <blentz@bochettoandlentz.com>
**Subject:** Re: Bologna vs. Krasner, et al., 2:24-cv-03185-KNS

**This message is from an external sender.**

David,

Our team can be available Tuesday, 7/8, at 3PM. Please confirm and I'll send a
calendar invite.

Thanks,

Kean

**Kean C. Maynard, Esquire**

***Attorney at Law***

1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
kmaynard@bochettoandlentz.com

On Tue, Jul 1, 2025 at 9:49 AM Smith, David <dsmith@dilworthlaw.com> wrote:

> I will be available for a Rule 26(f) conference on July 8, after 2:00. Please let
> me know what time works for you.
>
>
> David Smith | Dilworth Paxson LLP
> 1650 Market Street | Suite 1200 | Philadelphia, PA 19103
> Tel: 215-575-7062 | Fax: (215) 754-4603
> dsmith@dilworthlaw.com | www.dilworthlaw.com

*Please make note of my new contact information above*

---

**From:** mtrout@bochettoandlentz.com <mtrout@bochettoandlentz.com> on behalf of George Bochetto <gbochetto@bochettoandlentz.com>
**Sent:** Monday, June 30, 2025 3:43:15 PM
**To:** Ben Jackal <ben.jackal@phila.gov>; daniel.cerone@phila.gov <daniel.cerone@phila.gov>; Smith, David <dsmith@dilworthlaw.com>; Nana-Sinkam, Christopher C. <cns@dilworthlaw.com>; Loscalzo,Theresa E. <tloscalzo@dilworthlaw.com>
**Cc:** Kean Maynard <kmaynard@bochettoandlentz.com>; David Heim <dheim@bochettoandlentz.com>
**Subject:** Bologna vs. Krasner, et al., 2:24-cv-03185-KNS

---

**This message is from an external sender.**

---

Counsel,

In light of the Court's ruling denying the motions to dismiss in Bologna v. Krasner, et al., we are requesting that the parties proceed with a Rule 26(f) conference at the earliest possible date in order to develop a discovery schedule and initiate the discovery process.

Please respond with your availability as soon as possible so that we may coordinate a mutually agreeable time. If we are unable to reach agreement promptly, we will have no choice but to seek court intervention to move the matter forward.

Best regards,



**George Bochetto**

*Attorney At Law*

1524 Locust Street

Philadelphia, PA 19102

(215) 735-3900

gbochetto@bochettoandlentz.com


--


**Kean C. Maynard, Esquire**

*Attorney at Law*

1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
kmaynard@bochettoandlentz.com


--

**Kean C. Maynard, Esquire**

*Attorney at Law*

1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
kmaynard@bochettoandlentz.com

--

**Kean C. Maynard, Esquire**

***Attorney at Law***

1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
kmaynard@bochettoandlentz.com

--

**Kean C. Maynard, Esquire**

***Attorney at Law***

1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
kmaynard@bochettoandlentz.com