IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH BOLOGNA, et al., : | |
| : | |
| Plaintiffs, : | |
| : | CIVIL ACTION |
| v. : | No. 24-cv-3185 |
| : | |
| TRACY TRIPP, et al., : | |
| : | |
| Defendants. : | |
| : | |

## ORDER

AND NOW, this _____ day of _____, 2025, upon consideration of the Motion to Stay Proceedings Pending Appeal filed by the City of Philadelphia, and any response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED** and that this matter shall be **STAYED** until the Third Circuit's resolution of the appeal filed by Defendants, Lawrence S. Krasner, Tracy Tripp, and Sgt. Gerald Rocks. It is **FURTHER ORDERED** that all pending deadlines shall be **STAYED** until the Court decides this Motion.

BY THE COURT:

_____
SLOMSKY, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH BOLOGNA, et al.,** : | |
| : | |
| **Plaintiffs,** : | |
| : | **CIVIL ACTION** |
| v. : | **No. 24-cv-3185** |
| : | |
| **TRACY TRIPP, et al.,** : | |
| : | |
| **Defendants.** : | |
| : | |

## MOTION TO STAY PROCEEDINGS PENDING APPEAL

Defendant, the City of Philadelphia ("City"), hereby files this Motion to Stay Proceedings pending the resolution of the appeal filed by Defendants, Lawrence S. Krasner, Tracy Tripp, and Sgt. Gerald Rocks, in the Third Circuit. In support of this Motion, the City incorporates the attached Memorandum of Law.

Respectfully submitted:

Date: September 12, 2025

/s/ *Benjamin T. Jackal*
Benjamin T. Jackal
Deputy City Solicitor
Attorney Identification No. 319274
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102-1595
(215) 683-5434
ben.jackal@phila.gov

*Attorney for Defendant, the City of Philadelphia*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **JOSEPH BOLOGNA, et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 24-cv-3185 |
| | : | |
| **TRACY TRIPP, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PROCEEDINGS**

On July 21, 2025, Defendants, Lawrence S. Krasner, Tracy Tripp, and Sgt. Gerald Rocks ("DA Defendants"), filed notice of appeal to the Third Circuit. ECF 61. DAO Defendants challenge this Court's denial of their motion to dismiss, which asserted Plaintiff's claims against them were barred by absolute and qualified immunity. ECF 55-1, 20–45. On September 4, 2025, the DA Defendants filed a motion to stay proceedings pending the resolution of their appeal in the Third Circuit. ECF 68. Because successful resolution of the DA Defendants' appeal would necessarily resolve Plaintiff's claims against the City, the City joins the DA Defendant's motion to stay.

**I.     ARGUMENT**

The City joins the reasoning used by the DA Defendants in their motion to stay proceedings and incorporates it as though set forth at length herein. ECF 68-1, 2–5. It adds that if the Third Circuit finds in favor of the DA Defendants and concludes they are entitled to absolute or qualified immunity, Plaintiff's Monell claim against the City would also fail.

The City moved to dismiss Plaintiff's Complaint for failing to allege sufficient facts to

establish municipal liability pursuant to Monell. ECF 20, 9–13. The Court denied the City's motion. In so doing, it reasoned the claim against the City could proceed because DA Krasner was not engaging in his prosecutorial functions when he engaged in the conduct alleged in Plaintiff's Complaint:

> But, as described above, ***DA Krasner was not engaging in his prosecutorial functions, but rather his administrative ones, when conducting a pre-probable cause investigation***. The relevant events at issue here relate to Defendants' conduct in investigating the incident between Plaintiff and Gorski before probable cause was established, including reviewing the video footage, setting up an interview with Gorski and his attorney and obtaining a statement from Gorski. Moreover, the allegations in the Complaint establish a policy of targeting police officers regardless of the need to have probable cause. For example, Plaintiff alleges that DA Krasner created a transition committee and purposefully appointed people that were anti-police in order to create policies that showed antipathy towards police. (Doc. No. 1 at ¶¶ 68-74.) He further submits that DA Krasner uses the Special Investigations Unit in the District Attorney's Office to investigate officers before probable cause is established. (Id. at ¶¶ 85-88.) As mentioned supra, a prosecutor, and now a municipality, cannot shield themselves from liability while performing investigative tasks. See Buckley, 509 U.S. at 274 ("[A] prosecutor neither is, nor should consider himself to be, an advocate before he has probable cause to have anyone arrested."); see also Carter, 181 F.3d at 351 (holding that the district attorney's office is not entitled to Eleventh Amendment immunity when performing administrative functions).

ECF 55-1, 58.

However, if the DA Defendants prevail in their appeal, the Third Circuit would necessarily conclude that DA Krasner *was* fulfilling his prosecutorial functions when he engaged in the conduct alleged in his Complaint and is, therefore, entitled to absolute immunity. See, e.g., Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009) (prosecutors are entitled to absolute immunity when fulfilling their prosecutorial functions, *i.e.*, those that are "intimately associated with the judicial phase of the criminal process."). That conclusion would also dispose of Plaintiff's municipal liability claim against the City. The City cannot be liable under Monell for the prosecutorial conduct and policies of the District Attorney. See, e.g., Pownall v. Krasner, 675 F.

2

Supp. 3d 517, 530 (E.D. Pa. 2023) (the District Attorney is not a municipal policymaker when enacting customs relating to prosecutions); Harris v. Krasner, No. CV 22-839, 2023 WL 3431233, at *9 (E.D. Pa. May 12, 2023) (Slomsky, J.) (dismissing municipal liability claims against the City because this Court concluded the alleged conduct of the DA "is a prosecutorial task, not an administrative one," which entitled the DA to absolute prosecutorial immunity).

Accordingly, if the DA Defendants prevail in their appeal, the Third Circuit's ruling would likewise dispose of Plaintiff's claim against the City. Stay of these proceedings pending appeal is warranted for this additional reason.

## II.  CONCLUSION

For the foregoing reasons, the Court should grant this motion and stay this litigation.

Respectfully submitted:

Date:  September 12, 2025

/s/ *Benjamin T. Jackal*
Benjamin T. Jackal
Deputy City Solicitor
Attorney Identification No. 319274
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102-1595
(215) 683-5434
*ben.jackal@phila.gov*

*Attorney for Defendant, the City of Philadelphia*

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH BOLOGNA, et al., | : |
| **Plaintiffs,** | : |
| v. | : **CIVIL ACTION** |
| | : No. 24-cv-3185 |
| TRACY TRIPP, et al., | : |
| **Defendants.** | : |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the City's Motion to Stay Proceedings Pending Appeal was filed via the Court's electronic filing system and is available for downloading.

Respectfully submitted:

Date:  September 12, 2025

/s/ *Benjamin T. Jackal*
Benjamin T. Jackal
Deputy City Solicitor
Attorney Identification No. 319274
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102-1595
(215) 683-5434
ben.jackal@phila.gov

*Attorney for Defendant, the City of Philadelphia*