IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH BOLOGNA, et al., | : |
| Plaintiffs, | : |
| | : CIVIL ACTION |
| v. | : No. 24-cv-3185 |
| TRACY TRIPP, et al., | : |
| Defendants. | : |

## REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for Defendants requested a meeting with counsel for Plaintiff. Counsel for Plaintiff declined to meet, stating "we already filed the Rule 26 F report and Plaintiff intends to stand by that report. The Defendants' report does not take any positions adverse to Plaintiff's Rule 26 proposals other than the disputed Motion to Stay. So there does not appear to be anything to meet about." Accordingly, counsel for the Defendants conferred on September 11, 2025 and submit the following report for the court's consideration:

1. **Discussion of Claims, Defenses and Relevant Issues**

**THE CITY:** While on duty as a Philadelphia Police Staff Inspector, Plaintiff struck a protestor with an asp. The Philadelphia District Attorney's Office investigated, arrested Plaintiff, and charged him with criminal offenses. Plaintiff claims the DA's Office lacked probable cause. Plaintiff brings a Monell claim against the City, asserting the City is liable for the criminal investigative policies of the DA's Office, which he alleges violate the constitutional rights of police officers.

The City denies liability. Monell liability cannot attach because the City has no lawful control over the policies or conduct alleged in Plaintiff's Complaint. On the contrary, the District

1

Attorney has sole discretion in the conduct of pre-probable cause criminal investigation.

The City has filed a motion to stay proceedings pending the resolution of the DA Defendant's appeal in the Third Circuit. If the DA Defendants succeed in their assertion that Plaintiff's claims against them are barred by absolute and/or qualified immunity, such a determination would also preclude municipal liability against the City.

If the case proceeds to fact discovery, the City anticipates developing its defenses. The City expects to file a motion for summary judgment pursuant to Rule 56(a) following the close of fact discovery.

**DAO DEFENDANTS:** During the summer of 2020, Plaintiff engaged with protestors and struck a protestor, Evan Gorski, on his head and back with his police baton/asp. As a result of striking Mr. Gorski on his head, the Philadelphia District Attorney's Office prepared an affidavit of probable cause and criminal complaint and charged Plaintiff with criminal offenses. Plaintiff was arrested and the District Attorney's office proceeded with its case against Plaintiff and Plaintiff was ultimately found not guilty by a jury in early 2024. Thereafter, as a result of his trial, Plaintiff filed a complaint against the DAO Defendants and the City of Philadelphia.

Following the adjudication of the DAO Defendants' Motion to Dismiss, Plaintiff's remaining claims against the DAO Defendants are for (I) malicious prosecution and (II) Monell Claim. The DAO Defendants have appealed the denial of their Motion to Dismiss based upon absolute immunity and qualified immunity and the appeal is awaiting adjudication by the Third Circuit Court of Appeals. The DAO Defendants also filed a Motion for Stay pending the Third Circuit's adjudication of their appeal, which is pending before this Court.

The DAO Defendants contend that they are immune from suit based upon absolute immunity for those actions taken in their official, prosecutorial capacities and/or based upon qualified immunity for those actions taken outside of their official, prosecutorial capacities. In the event the Third Circuit denies the DAO Defendants' appeal, they anticipate developing these defenses through fact discovery and further anticipate filing a motion for summary judgment at the close of fact discovery.

2

**2.        Informal Disclosures**

**THE CITY:**          On September 3, 2025, the City produced its initial disclosures and all of the documents and videos in its possession relating to the July 1, 2020 incident between Plaintiff and Evan Gorski.

**DAO DEFENDANTS:**    The DAO Defendants produced their Initial Disclosures to all counsel of record on September 4, 2025.

**3.        Formal Discovery**

**THE CITY:**          The City takes no position as to the parameters of formal discovery.

**DAO DEFENDANTS:**    Discovery should be deferred until after the Third Circuit Court of Appeals decides the DAO Defendants' appeal of absolute immunity and qualified immunity. Apart from that, the DAO Defendants take no position as to the parameters of formal discovery and will proceed in accordance with both the Federal Rules of Civil Procedure and this Court's policies and procedures.

**4.        Electronic Discovery**

**THE CITY:**          The City is not aware of any e-discovery to be conducted in this matter.

**DAO DEFENDANTS:**    The DAO Defendants are not aware of any e-discovery to be conducted in this action.

**5.        Expert Witness Disclosures**

**THE CITY:**          The City takes no position as to expert discovery. It does not anticipate using an expert witness at this time but reserves the right to do so consistent with the Federal Rules of Civil Procedure and this Court's policies and procedures.

**DAO DEFENDANTS:**    The DAO Defendants take no position as to expert discovery and has not yet engaged the services of an expert witness at this juncture in the action. The DAO Defendants do, however, reserve the right to do so consistent with both the Federal Rules of Civil Procedure and this Court's policies and procedures.

**6. Early Settlement or Resolution**

**THE CITY:** The City is open to discussing ADR with Plaintiffs. However, proceeding to ADR before the close of fact discovery appears premature.

**DAO DEFENDANTS:** The DAO Defendants are amenable to discussing early resolution through ADR with Plaintiffs. Similar to the City, however, DAO Defendants do not believe proceeding through ADR prior to the close of discovery will be productive.

**7. Trial**

**THE CITY:** The City takes no position as to a request for date certain. The City is amenable to referral to a U.S. Magistrate Judge for trial.

**DAO DEFENDANTS:** The DAO Defendants take no formal position as to a request for a date certain for trial. Furthermore, the DAO Defendants are willing to consider referral to a U.S. Magistrate Judge for trial.

**8. Other Matters**

**THE CITY:** None.

**DAO DEFENDANTS:** None.

*/s/ Benjamin T. Jackal*
Benjamin T. Jackal
Deputy City Solicitor

*Attorney for Defendant, the City of Philadelphia*

*/s/ David Smith*
David Smith (ID: 21480)
**DILWORTH PAXSON LLP**

*Attorneys for Defendants Lawrence Krasner, Tracy Tripp, and Sgt. Gerald Rocks*

## CERTIFICATE OF SERVICE

I, David Smith, hereby certify that on September 12, 2025, a true and correct copy of the foregoing Report of the Rule 26(f) Meeting was served upon all counsel of record via the Court's electronic filing system, as follows:

Gavin P. Lentz, Esq.
Kean C. Maynard, Esq.
George Bochetto, Esq.
BOCHETTO & LENTZ PC
1524 Locust Street
Philadelphia, PA 19102
*Counsel for Plaintiffs*

Benjamin T. Jackal, Esq.
CITY OF PHILADELPHIA LAW DEPARTMENT
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
*Counsel for Defendant, the City of Philadelphia*

/s/ David Smith
David Smith (ID: 21480)
**DILWORTH PAXSON LLP**
*Counsel for Defendants Lawrence Krasner, Tracy Tripp, and Sgt. Gerald Rocks*