IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSPEH BOLOGNA,<br><br>                Plaintiff,<br><br>v.<br><br>LAWRENCE KRASNER, et al.<br><br>                Defendants. | CIVIL ACTION<br>NO. 24-03185 |

**ORDER**

**AND NOW**, this 1st day of October 2025, upon consideration of Defendants Lawrence Krasner, Gerald Rocks and Tracy Tripp's Motion to Stay Pending Appeal (Doc. No. 68), Defendant City of Philadelphia's Motion to Stay Pending Appeal (Doc. No. 69), Plaintiff Joseph Bologna's Responses in Opposition (Doc. Nos. 72, 74), and Defendants Lawrence Krasner, Gerald Rocks and Tracy Tripp's Reply (Doc. No 73.) it is **ORDERED** that the Motions to Stay (Doc. Nos. 68, 69) are **GRANTED**.[1]

---

[1] This case arises out of Plaintiff Joseph Bologna's ("Plaintiff") suit against Defendants Lawrence Krasner, Gerald Rocks, Tracy Tripp (collectively, the "DAO Defendants") and Defendant City of Philadelphia (the "City Defendant") after Plaintiff's acquittal for two misdemeanor charges following an altercation with a protestor during the Summer of 2020. (Doc. No. 1.) In the Complaint, Plaintiff alleges civil rights violations for subjecting him to false arrest and malicious prosecution. (Id.) Plaintiff also brought a Monell claim against the City Defendant and Defendant Krasner, alleging that each had an unconstitutional policy and/or custom of arresting and pursuing criminal prosecution of police officers without probable cause. (Id.) In response, DAO Defendants filed a Motion to Dismiss (Doc. No. 41), and the City Defendant also filed a Motion to Dismiss. (Doc. No. 20.) On June 25, 2025, this Court issued an Opinion and Order denying the City Defendant's Motion to Dismiss and granting and denying in part DAO Defendants' Motion to Dismiss. (Doc. No. 55.) On July 21, 2025, DAO Defendants appealed this Court's decision. (Doc. No. 61.) The appeal is pending before the Third Circuit Court of Appeals. See Bologna v. Krasner, et al., Case No. 25-2371 (3d. Cir.).

Before the Court now are DAO Defendants' Motion to Stay this case pending a decision on the appeal to the Third Circuit (Doc. No. 68), the City Defendant's Motion to Stay (Doc. No.

69), Plaintiff's Responses in Opposition (Doc. Nos. 72, 74), and DAO Defendants' Reply. (Doc. No. 73). For the foregoing reasons the Court will grant the Motions to Stay.

"In general, the power to temporarily stay proceedings lies within the informed, sound discretion of the district courts." Nicholas v. Wyndham Intern., Inc., 149 Fed. App'x 79, 81 (3d Cir. 2005) (citing Landis v. North American, Co., 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of action on its docket.")).

Ordinarily, the party requesting a stay pending appeal "bears the burden of proving that the circumstances justify one." Nken v. Holder, 556 U.S. 418, 433–34 (2009). To demonstrate that circumstances justify a stay pending appeal, the moving party must show that: (1) they are likely to succeed on the merits in their appeal; (2) they would suffer irreparable injury absent a stay; (3) the issuance of the stay would not substantially injure the other parties interested in the proceeding; and (4) issuance of the stay is in the public interest. Hilton v. Braunskill, 481 U.S. 770, 770–71 (1987).

However, with respect to qualified and absolute immunity, which this Court found DAO Defendants are not entitled to at the Motion to Dismiss stage and are the basis of the appeal, "the entitlement is an immunity from suit rather than a mere defense to liability," and that entitlement "is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (emphasis in original). It follows, then, that pending an appeal after a denial of either qualified or absolute immunity, the party claiming immunity is entitled to a stay pending the appeal. See Mitchell, 472 U.S. at 527 ("the denial of qualified immunity…is effectively unreviewable on appeal from a final judgment"); Forsyth v. Kleindienst, 700 F.2d 104, 105 (3d Cir. 1983) (clarifying that after appealing a denial of absolute immunity a stay must be granted "or the defendant will be deprived of the benefits of adjudication before trial.").

Plaintiff avers that a blanket stay is unnecessary and that the Court should permit limited discovery to proceed against Defendant Rocks and the City Defendant. Plaintiff contends granting a stay would be inappropriate as to Defendant Rocks because he is not entitled to absolute immunity. More specifically, Plaintiff asserts that "officers…enjoy qualified immunity." (Doc. No. 72 at 11.) However, questions of qualified immunity, like absolute immunity, should be resolved at the earliest possible stages of litigation. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ("until the threshold immunity question is resolved, discovery should not be allowed."); Curley v. Klem, 298 F.3d 271, 277 (2002) (noting the importance of resolving questions of immunity as early as possible); Salaam v. Trump, 2025 WL 2375397, at *1 (E.D. Pa. Aug. 15, 2025) ("[W]hen a court determines that a party is not entitled to [absolute or qualified] immunit[y] as a matter of law, and the party claiming the immunity appeals, it is entitled to a stay pending the outcome of the appeal.") Thus, even if Defendant Rocks is only entitled to qualified immunity, granting a stay is nonetheless warranted.

Similarly, Plaintiff contends that the pending Monell claim against the City Defendant "is not automatically disposed of by the immunity appeal." (Doc. No. 72 at 9.) However, should DAO Defendants prevail in their appeal, it may necessarily mean that the Third Circuit determined DAO Defendants were acting within their prosecutorial roles. Such a determination may

BY THE COURT:

/s/ Joel H. Slomsky
_____
JOEL H. SLOMSKY, J.

---

obviate any <u>Monell</u> liability on behalf of the City Defendant.  <u>Harris v. Krasner</u>, 2023 WL 3431233, at * 9 (E.D. Pa. May 12, 2023) ("A municipality is not liable under <u>Monell</u> for the actions of its District Attorney undertaken in his or her 'role as a prosecutor.'") Thus, even the <u>Monell</u> claim may be affected by the outcome of the appeal.

Here, DAO Defendants appealed this Court's denial of qualified and absolute immunity. (Doc. No. 61.)  Because the questions of qualified and absolute immunity are material to whether DAO Defendants can be subjected to trial, as well as to <u>Monell</u> liability on behalf of the City Defendant, the Motions to Stay (Doc. Nos. 68, 69) will be granted pending a decision on DAO Defendants' appeal to the Third Circuit.